UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

**NOV 0 6 2025**

Case No.: **C   25   09580**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

**LEE DRONE**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff*

NC

v.

**JUDGE RYAN D. NILSESTUEN** *(official capacity)*;
**RYAN D. NILSESTUEN** *(individual capacity)*;
**PAULA GOODMAN;**
**ATTORNEY JOSEPH J. KLEIN; AND**
**ATTORNEY ALLEN S. PORTER.**
*Defendants*

---

### COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF
(42 U.S.C. § 1983; U.S. Const. amend. XIV)

**TABLE OF CONTENTS**

I. NATURE OF ACTION ...........................................................................................6
II. JURISDICTION AND VENUE .............................................................................8
III. PARTIES ..............................................................................................................10
IV. FACTUAL BACKGROUND ..............................................................................12
    EXHIBIT A – RESPONDENT INFORMATION FOR SERVICE BY SHERIFF ..........................12
    EXHIBIT B – YES ENERGY UTILITY BILL ............................................................13
    EXHIBIT C – DECISION AND ORDER GRANTING MOTION TO REOPEN AND VACATE ........13
    EXHIBIT D – MOTION TO VACATE INJUNCTION, ENSURE DISMISSAL, AND FOR PERJURY
    SANCTIONS AGAINST PAULA GOODMAN ..............................................................14
    EXHIBIT E – PAULA GOODMAN'S APRIL 22, 2025 REPLY BRIEF ...............................15
    EXHIBIT F — CONTEXT: ATTORNEY ALLEN S. PORTER'S SERVICE-CONDITION EMAIL
    ESTABLISHING LATER CHANNEL FOR FILINGS IN THE 2928 CASE (NO INDEPENDENT COUNT) ......16
    EXHIBIT G – PLAINTIFF'S MOTION TO STRIKE FILINGS FOR FAILURE TO SERVE.......................17
    EXHIBIT H – DECISION AND ORDER ON MOTIONS AND SUBSEQUENT HEARING NOTICES ..........17
    EXHIBIT I – MOTION FOR CLARIFICATION AND RECONSIDERATION OF PERSONAL JURISDICTION
    DETERMINATION ..............................................................................................18
    EXHIBIT J-1 – PETITION FOR SUPERVISORY WRIT......................................................19
    EXHIBIT J-2 – EMERGENCY MOTION TO STAY CIRCUIT COURT PROCEEDINGS PENDING
    DETERMINATION OF SUPERVISORY WRIT ...............................................................19

EXHIBIT J-3 – SUPPLEMENTAL NOTICE OF IMMINENT IRREPARABLE HARM AND REQUEST FOR CLARIFICATION .................................................................................................................20
EXHIBIT K – EMERGENCY OBJECTION TO IN-PERSON HEARING SCHEDULING AND REQUEST FOR REMOTE APPEARANCE .......................................................................................................20
EXHIBIT L – JURISDICTIONAL CLARIFICATION NOTICE.................................................................21
EXHIBIT M-1 – EMAIL FROM ATTORNEY ALLEN S. PORTER TRANSMITTING PETITIONS .............22
EXHIBIT M-2 – PETITIONER'S HEARING EXHIBITS.....................................................................22
EXHIBIT N – NOTICE OF SPECIAL APPEARANCE AND OBJECTION TO PERSONAL JURISDICTION..23
EXHIBIT O – POST-HEARING PRESERVATION STATEMENT ..........................................................24
EXHIBIT P – MOTION FOR JUDICIAL RECUSAL ............................................................................24
EXHIBIT Q – AMENDED PETITION FOR SUPERVISORY WRIT ........................................................25
EXHIBIT R – EMERGENCY MOTION TO VACATE VOID INJUNCTION ORDERS ...............................25
EXHIBIT S – OBJECTION TO INFORMAL EMAIL SERVICE AND PRESERVATION OF JURISDICTIONAL OBJECTION ........................................................................................................................26
EXHIBIT T – SUPERVISORY WRIT DENIAL ..................................................................................26
EXHIBIT U – DANE COUNTY CIRCUIT COURT BRANCH 10 RECORD ...........................................27
**V. IN CAMERA STATEMENT OF GOOD FAITH ...................................................................28**
**VI. JUDICIAL IMMUNITY IS NOT A BAR TO RELIEF ......................................................28**
**VII. ATTORNEY IMMUNITY IS NOT A BAR TO RELIEF ..................................................31**
**VIII. CAUSES OF ACTION ...........................................................................................................32**
EXHIBIT A – RESPONDENT INFORMATION FOR SERVICE BY SHERIFF ...........................................32
*Count 1 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983 ...............32*
Listing an obsolete Wisconsin parental address as the service address. ............................32
*Count 2 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983 ...............32*
Failure to pursue service at a known California work address.........................................33
*Count 3 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983 ...............33*
Omission of Plaintiff's owned Madison property address to conceal the property dispute.
....................................................................................................................................33
*Count 4 – Defamation Under Color of State Law under 42 U.S.C. § 1983.........................34*
Insertion of a "found guilty and charged" statement into a court-filed instrument...........34
*Count 5 – Fabrication of Process under 42 U.S.C. § 1983.................................................35*
Transmission of materially false address and background data to law enforcement. .......35
EXHIBIT C – DECISION AND ORDER GRANTING MOTION TO REOPEN AND VACATE ...................35
*Count 6 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983 ...............35*
Failure to vacate a void injunction after finding no personal jurisdiction.........................35
*Count 7 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983 ...............36*
Issuance of a contradictory "vacate / dismiss" order without jurisdiction. .......................36
*Count 8 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983 ...............36*
Failure to remedy acknowledged defective service and jurisdictional error. ....................36
EXHIBIT E – PAULA GOODMAN'S APRIL 22, 2025 REPLY BRIEF ...............................................37
*Count 9 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983 ...............37*
Attempt to reinstate a void injunction through a reconsideration filing............................37
*Count 10 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983 .............38*
Misrepresentation of residence and service knowledge to justify publication..................38
*Count 11 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983 .............39*
Attempt to manufacture jurisdiction through defensive filings.........................................39

*Count 12 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* ..............39
Continued use of state judicial machinery to revive dismissed proceedings. ...................39
*Count 13 – Conspiracy to Reinstate Void Judicial Process under 42 U.S.C. § 1983* ...........40
Attorney-assisted filing seeking enforcement of a void injunction. ...................................40
EXHIBIT H – DECISION AND ORDER ON MOTIONS AND SUBSEQUENT HEARING NOTICES ..........40
*Count 14 – Judicial Reactivation of Void Case under 42 U.S.C. § 1983* ...............................40
Reopening a case previously dismissed for lack of jurisdiction......................................40
*Count 15 – Misapplication of State Authority to Reopen Void Judgment under 42 U.S.C. §
1983* ......................................................................................................................................41
Sua sponte citation of Wis. Stat. § 805.17(3) and KoepSell's Olde Popcorn Wagons .....41
*Count 16 – Issuance of Scheduling Orders Without Jurisdiction under 42 U.S.C. § 1983*...42
Setting hearings after prior jurisdictional dismissal .......................................................42
*Count 17 – Attorney Participation in Void Proceeding under 42 U.S.C. § 1983* .................42
Continued representation after reopening of void case ....................................................43
*Count 18 – Delegation of Service to Adverse Party Under 42 U.S.C. § 1983* .....................43
Ordering private litigants to perform official service duties without lawful procedure....43
EXHIBIT M-1 – EMAIL FROM ATTORNEY ALLEN S. PORTER TRANSMITTING PETITIONS ............44
*Count 19 – Improper Delegation of Service under 42 U.S.C. § 1983*...................................44
Evasion of lawful service requirements through unauthorized delegation........................44
*Count 20 – Misrepresentation of Judicial Authority under 42 U.S.C. § 1983* .....................44
Falsely invoking a court order to justify improper service................................................44
*Count 21 – Attempted Constructive Service by Litigant under 42 U.S.C. § 1983*.................45
Bypassing clerk and statutory service channels ...............................................................45
*Count 22 – Continuing Litigation Activity After Jurisdictional Void Determination under 42
U.S.C. § 1983*.......................................................................................................................45
Advancing a void case after loss of jurisdiction...............................................................45
*Count 23 – Off-Record Transmission of Process under 42 U.S.C. § 1983* ...........................46
Using private email to circulate petitions outside court-record channels..........................46
*Count 24 – Interference with Pending Supervisory-Writ Review under 42 U.S.C. § 1983*...47
Transmission of new petitions while supervisory review was pending .............................47
EXHIBIT M-2 – PETITIONER'S HEARING EXHIBITS........................................................................48
*Count 25 – Improper Delegation of Service under 42 U.S.C. § 1983*...................................48
Evasion of lawful service requirements through unauthorized delegation........................48
*Count 26 – Misrepresentation of Judicial Authority under 42 U.S.C. § 1983* .....................48
Falsely invoking judicial authorization for electronic service..........................................48
*Count 27 – Attempted Constructive Service by Litigant under 42 U.S.C. § 1983*.................49
Bypassing clerk and statutory service channels ...............................................................49
*Count 28 – Continuing Litigation Activity After Jurisdictional Void Determination under 42
U.S.C. § 1983*.......................................................................................................................50
Advancing a void case after loss of jurisdiction...............................................................50
*Count 29 – Off-Record Transmission of Evidence under 42 U.S.C. § 1983* .........................50
Using private email to circulate proposed exhibits outside court-record channels ...........50
*Count 30 – Interference with Pending Supervisory-Writ Review under 42 U.S.C. § 1983*...51
Transmission of new evidence while supervisory review was pending.............................51
*Count 31 – Last-Minute Email Service of Exhibits under 42 U.S.C. § 1983* .........................52
Improper timing and electronic delivery of hearing evidence without adequate notice ...52

*Count 32 – Submission of Time-Barred Exhibit under 42 U.S.C. § 1983* .............................. 53
  Introducing evidence outside the statutory look-back window ......................................... 53
EXHIBIT U – DANE COUNTY CIRCUIT COURT BRANCH 10 RECORD ............................................ 53
*Count 33 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 53
  Filing motion after jurisdiction was dismissed .................................................................... 53
*Count 34 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 54
  False or ineffective certificate of service for void motion ................................................. 54
*Count 35 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 55
  Failure to remedy known defective address ........................................................................ 55
*Count 36 – Violation of Procedural and Substantive Due-Process Rights under 42 U.S.C. §
1983* ................................................................................................................................................ 55
  Failure to expunge void injunction after jurisdictional dismissal ..................................... 55
*Count 37 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 56
  Revival of void case after jurisdictional dismissal (clear absence of authority) ............... 56
*Count 38 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 57
  Same-Day Docket Sequence: dismiss → vacate → reopen without jurisdiction (May 12–
  13, 2025) .................................................................................................................................... 57
*Count 39 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 58
  Acceptance and use of unserved filings to advance proceedings ...................................... 58
*Count 40 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 58
  Judicial continuation despite known service defects .......................................................... 58
*Count 41 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 59
  Mischaracterization of defensive filings as consent to jurisdiction .................................. 59
*Count 42 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 60
  Proceeding to merits before resolving personal jurisdiction ............................................. 60
*Count 43 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 61
  Consideration of late, unserved, and time-barred evidence .............................................. 61
*Count 44 – Violation of Procedural and Substantive Due-Process Rights under 42 U.S.C. §
1983* ................................................................................................................................................ 61
  Issuance of injunction after dismissal and vacatur entries (clear absence of jurisdiction) 61
*Count 45 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 62
  Judicial acceptance and scheduling despite known non-service ....................................... 62
*Count 46 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983* .............. 63
  Unlawful consolidation of hearings without jurisdiction ................................................... 63
*Count 47 – Violation of Procedural and Substantive Due-Process Rights under 42 U.S.C. §
1983* ................................................................................................................................................ 63
  Denial of recusal after reasonable questions of impartiality ............................................. 64
*Count 48 – Violation of Equal-Protection and Procedural Due-Process Rights under 42
U.S.C. § 1983* ................................................................................................................................. 64
  Arbitrary disparate treatment between companion cases (2023CV002927 vs.
  2023CV002928) ........................................................................................................................ 64
*Count 49 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* ................................................................................................................................................ 65
  Improper withdrawal of counsel without client notice or opportunity to be heard .......... 65
*Count 50 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* ................................................................................................................................................ 66

Unreasonable delay in scheduling hearing on vacatur motion ..........................................66
*Count 51 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* .............................................................................................................................. 66
Delay between first hearing and evidentiary hearing on vacatur motion ..........................66
*Count 52 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* .............................................................................................................................. 67
Unnecessary evidentiary hearing on jurisdiction in clear absence of authority ...............67
*Count 53 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* .............................................................................................................................. 68
Unreasonable delay between evidentiary hearing and written order................................68
*Count 54 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* .............................................................................................................................. 68
Prolongation of void injuction through unjustified delays ..............................................69
*Count 55 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* .............................................................................................................................. 69
Administrative Execution of Void Orders (Filing and distribution of hearing notices
implementing a void order) ............................................................................................69
*Count 56 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* .............................................................................................................................. 70
Constructive Service Without Process (Transmission of hearing notices to out-of-state
address without summons or petition)..............................................................................70
*Count 57 – Declaratory Violation of Access-to-Courts and Procedural Due-Process Rights
under 42 U.S.C. § 1983* ................................................................................................. 71
Procedural Denial of Supervisory Writ Without Merits Review ......................................71
*Count 58 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* .............................................................................................................................. 72
Misapplication of Supervisory-Writ Standard to Sustain Void Jurisdiction ....................72
*Count 59 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* .............................................................................................................................. 72
Failure to Serve March 7, 2025 Briefing Schedule .........................................................72
*Count 60 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* .............................................................................................................................. 73
Clerical Failures Despite Returned Mail and Known Defective Addresses......................73
*Count 61 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. §
1983* .............................................................................................................................. 74
Clerical Ratification of Void Orders ...............................................................................74
**IX. DAMAGES** ...........................................................................................................75
**X. TABLE OF AUTHORITIES**....................................................................................76
**XI. EXHIBIT INDEX**...................................................................................................79
**XII. JURY DEMAND**...................................................................................................79
**XIII. RESERVATION OF RIGHTS** ............................................................................80
**XIV. PRAYER FOR RELIEF**......................................................................................81
**XV. VERIFICATION** ...................................................................................................83

## I. NATURE OF ACTION

1. For nearly two years, Plaintiff has lived under the shadow of an injunction that never lawfully existed. Despite never being personally served, despite his out-of-state residence being known and documented, and despite the circuit court's later acknowledgment that it lacked personal jurisdiction, Plaintiff has endured reputational harm, professional disruption, and the daily strain of orders that were void ab initio. What began as a defect of service evolved into a pattern of misconduct and procedural collapse so profound that federal intervention is now required.

2. The record demonstrates that service was knowingly misdirected. Petitioner filed a sheriff's service form listing Plaintiff's parents' Wisconsin residence—an address he had not occupied for over twenty years—while simultaneously acknowledging his current California employer. No attempt at service was made there. Instead, Defendants relied on publication in a Wisconsin newspaper, a method not reasonably calculated to provide notice to a nonresident. This deliberate avoidance deprived the court of jurisdiction and rendered all resulting orders void from inception.

3. When the defect was finally acknowledged on February 17, 2025, the circuit court dismissed the case for lack of personal jurisdiction. Yet the relief that should have followed never came. Instead, the court mischaracterized its own rulings, rewriting the record to suggest that the injunction had been "vacated" when in fact no vacatur occurred. On May 12–13, 2025, docket entries showed the case being dismissed, vacated, and reopened—all within a single day—an impossible procedural sequence that revived a case the court had already declared void.

4.    The May 27, 2025 hearing magnified those constitutional failures. Plaintiff was denied the right for an opening or closing statement, his timely objections were ignored, and the court admitted exhibits emailed less than twenty-four hours beforehand without consent or lawful service. Defensive filings were twisted into "consent," waiver doctrines were applied contrary to controlling precedent, and basic procedural safeguards—particularly those protecting pro se litigants—were cast aside.

5.    Outside the courtroom, opposing counsel obstructed lawful service of process by substituting a P.O. Box for a valid address, conditioning acceptance of service on unauthorized concessions, and attempting to impose global e-mail obligations across unrelated cases. The court refused to intervene, continued to accept defective filings, and allowed unserved materials to drive outcomes—thereby compounding the deprivation of notice and opportunity to be heard.

6.    Plaintiff pursued every available remedy. He filed timely motions to vacate, jurisdictional objections, emergency motions to stay, and petitions for supervisory writs to the Wisconsin Court of Appeals—all preserving his objections and warning of irreparable harm. Each filing was denied on procedural grounds or reframed as a waiver of jurisdictional defenses. At no point were the merits of Plaintiff's due-process objections ever adjudicated.

7.    This action is not premature, redundant, or collateral. It arises only because the state process proved incapable of correcting its own void proceedings. Plaintiff has shown extraordinary restraint while the harm from an unlawful injunction continued to accumulate. The pattern of misdirection, delay, and contradictory rulings documented

in the exhibits leaves no doubt that the deprivation is systemic and continuing—and therefore squarely within this Court's authority to remedy.

8.    Plaintiff approaches this matter with precision and accountability. Every factual assertion is tied to a specific exhibit, and every objection preserved rests on established constitutional law. The injunctions were void *ab initio*, and their derivative "findings" carry no legal force. What remains is a simple truth: a professional with decades of lawful conduct compelled to seek redress after procedural shortcuts and jurisdictional errors transformed routine civil process into ongoing deprivation. The record before this Court is a documented account—exhibit by exhibit—of systemic violations of service, jurisdiction, and due process.

## II. JURISDICTION AND VENUE

9.    This Court has subject-matter jurisdiction under *28 U.S.C. § 1331* because Plaintiff's claims arise under the United States Constitution and federal law, including *42 U.S.C. § 1983*. Jurisdiction is further conferred by *28 U.S.C. § 1343(a)(3)–(4)*, which extends federal jurisdiction to civil-rights actions seeking to redress deprivations of constitutional rights under color of state law.

10.   This Court also has diversity jurisdiction under *28 U.S.C. § 1332(a)*. The amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists because Plaintiff has been domiciled in California since 2019, while each Defendant is a citizen of another state. This diversity basis provides an independent ground for federal adjudication in addition to the federal-question jurisdiction described above.

11.  The Court has specific personal jurisdiction over all Defendants. Each Defendant committed intentional acts expressly aimed at a known California resident, and the brunt of the resulting harm was felt within this District. Exercising jurisdiction therefore satisfies *Fed. R. Civ. P. 4(k)(1)(A)* and *Cal. Code Civ. Proc. § 410.10* and comports with the constitutional standards of fair play and substantial justice.

12.  Venue is proper in this District under *28 U.S.C. § 1391(b)(2)* because a substantial part of the events or omissions giving rise to the claims occurred here in the sense that the constitutional injuries were suffered in California. The injunction and related state-court actions caused reputational, professional, and economic harm within this District, where Plaintiff lives and works and where the consequences of the challenged conduct were realized.

13.  The convenience of the parties and witnesses, and the interests of justice, also favor maintaining venue in this District. Plaintiff's domicile, employment, and evidentiary materials—including payroll, tax, and professional records—are located here, and key witnesses with knowledge of the resulting injury reside in California. Modern electronic-discovery tools and remote-deposition technology minimize any burden on out-of-state Defendants.

14.  Defendants' anticipated contention that "they live elsewhere" is not dispositive. Venue turns on where a substantial portion of the underlying events and injuries occurred, not merely on Defendants' residence. Because all constitutional injuries were suffered in California, transferring the case would only shift inconvenience to Plaintiff and separate the dispute from the locus of evidence and witnesses—contrary to *28 U.S.C. § 1404(a)* and the interests of justice.

15.    Accordingly, the Northern District of California is the proper and most equitable forum

for this action. Both subject-matter and personal jurisdiction are established, venue is

proper under multiple statutory grounds, and the balance of convenience and justice

weighs decisively against transfer.

## III. PARTIES

16.    Plaintiff Lee Drone is an individual domiciled in California, where he has resided

continuously since 2019. Plaintiff works in the technology field and has had no

involvement with law enforcement or the courts for more than two decades. His

personal, professional, and community ties are in California, where he suffered the

reputational, professional, and economic injuries giving rise to this action.

17.    Defendant Judge Ryan D. Nilsestuen is, and at all times relevant was, a judge of the

Dane County Circuit Court, Branch 10, located at 215 S. Hamilton Street, Suite 8107,

Madison, Wisconsin 53703. He is sued in both his official and individual capacities for

acts taken in clear absence of jurisdiction and outside the protection of judicial

immunity.

18.    Defendant Paula Goodman is an individual residing at 1430 Ellen Avenue, Madison,

Wisconsin 53716. Paula Goodman petitioned for the harassment injunctions at issue in

Case No. 2023CV002928 and engaged in knowingly defective service and materially

false statements that deprived Plaintiff of constitutional due process.

19.    Defendant Attorney Allen S. Porter is an attorney licensed to practice in Wisconsin,

with a principal office at 7818 Big Sky Drive, Suite 112, Madison, Wisconsin 53719.

Attorney Allen S. Porter represented Paula Goodman in Case No. 2023CV002928 and

related matters and, in doing so, engaged in coercive, obstructive, and unauthorized conduct— including conditioning service on unlawful concessions and transmitting filings without lawful service—violating Plaintiff's constitutional rights.

20.  Defendant Attorney Joseph J. Klein is an attorney licensed to practice in Wisconsin, with a principal office at Stafford Rosenbaum LLP, 222 W. Washington Avenue, Suite 900, Madison, Wisconsin 53703. Attorney Klein appeared as counsel of record in Case No. 2023CV002928 and engaged in filing motions after dismissal, submitting misleading certificates of service, and advancing proceedings without lawful notice, thereby depriving Plaintiff of due-process rights.

21.  References to the clerical and administrative actions of the Dane County Circuit Court, Branch 10, are included solely to provide factual context for how void orders were processed, recorded, or maintained. Plaintiff does not seek damages or personal relief from any individual clerk or administrative employee.

22.  The Dane County Circuit Court Branch 10 clerks and administrative staff processed filings and docket entries in Case No. 2023CV002928 despite returned mail and actual knowledge of defective service. They continued issuing notices, updated the docket to reflect void injunctions as active, and ratified judicial actions taken without jurisdiction. These facts are described for declaratory and contextual purposes only to illustrate how ministerial processes prolonged the effect of void orders and deprived Plaintiff of due process.

23.  Judicial names appearing in Exhibit T are included solely to identify the signatories of the appellate order. Plaintiff seeks no personal relief from those individuals, and their inclusion serves only as factual context.

## IV. FACTUAL BACKGROUND

### Exhibit A – Respondent Information for Service by Sheriff

24. On November 6, 2023, Paula Goodman submitted a document titled "Respondent's Information for Service by Sheriff" in Dane County Circuit Court Case No. 2023CV002928. The form was stamped "FILED NOV 06 2023 — DANE COUNTY CIRCUIT COURT" and served as sworn information in support of her harassment-injunction petition.

25. The document listed "7220 Inama Rd, Sauk City, WI 53583" as the respondent's address even though Plaintiff had not lived there for more than twenty years. By selecting that obsolete parental address, Paula Goodman caused process to issue from a location where Plaintiff could not be lawfully served.

26. The same filing identified Plaintiff's employer as "Workday" at "610 Stoneridge Mall Road, Pleasanton, CA 94588," confirming Paula Goodman had actual knowledge that Plaintiff resided and worked in California. Despite this acknowledgment, the section labeled "Best time to serve at work" was left blank, and no direction or request for service at that address was included.

27. No reference to Plaintiff's owned property at 1430 Ellen Avenue, Madison, Wisconsin appeared anywhere on the form, even though that address was jointly owned by Plaintiff and Ian E. Goodman (her spouse) and occupied by Paula Goodman at the time. The omission concealed that the petition involved jointly owned real property.

28.   *This paragraph intentionally omitted. The content formerly included here is not material to the current claims and has been removed to maintain sequential numbering.*

29.   Under the heading "Describe any history of violence, other than what is in the Petition," Paula Goodman hand-wrote: "Found guilty and charge with battery, intimidation to a victim, dissuading reporting on Feb 2021." No supporting citation or record of conviction was attached. The form concludes with her signature, "Paula Goodman 11/06/2023."

**Exhibit B – YES Energy Utility Bill**

30.   On December 13, 2023, Plaintiff received a YES Energy utility billing statement in his name for the service period October 31, 2023, through November 30, 2023, documenting active residential utility service at 3700 Casa Verde Street, Apartment 2304, San Jose, California.

31.   This billing statement confirms that Plaintiff maintained a current California residence during the same period when Defendants filed sheriff service forms (November 6, 2023) and initiated publication service in Wisconsin (November 18, 2023).

32.   The billing statement serves as objective, contemporaneous evidence of Plaintiff's out-of-state residency, directly contradicting Defendants' use of an obsolete Wisconsin parental address for service.

**Exhibit C – Decision and Order Granting Motion to Reopen and Vacate**

33.   The Decision and Order Granting Motion to Reopen and Vacate filed February 17, 2025, in Dane County Circuit Court Case No. 2023CV002928 states: "The injunction is void as a matter of law because the Respondent was not properly served by

publication. … Accordingly, the Court concludes that it erred in exercising jurisdiction over the Respondent." It also states: "For the reasons stated above, the Court did not have personal jurisdiction over Respondent and therefore, his motion to reopen and vacate is "GRANTED."

34.   The same order includes both quoted phrases — "motion to reopen and vacate is GRANTED" and "petition is DISMISSED WITHOUT PREJUDICE" — within the final disposition paragraph. The title of the document uses the term "Decision and Order Granting Motion to Reopen and Vacate." The document contains no language ordering removal or expungement of the injunction record.

35.   The discussion section describes publication in the *Wisconsin State Journal* on November 18, 2023, and a sheriff's attempt at service on November 20, 2023, at a Wisconsin address. It states: "Service by publication was not effective and the Court did not have personal jurisdiction." It further states: "The petitioner knew the Respondent resided in California" and "publication in California was likely required."

**Exhibit D – Motion to Vacate Injunction, Ensure Dismissal, and for Perjury Sanctions Against Paula Goodman**

36.   The *Motion to Vacate Injunction, Ensure Dismissal, and for Perjury Sanctions Against Paula Goodman* was filed March 28, 2025, in Dane County Circuit Court Case No. 2023CV002928. The filing requests that the court: "(1) Vacate the injunction entered in this matter; (2) Deny Plaintiff's motion to reopen and reconsider; (3) Expunge all records related to the injunction; and (4) Impose sanctions against Plaintiff, Paula Goodman, for perjury." It cites Wisconsin Statute § 946.31 regarding perjury.

37.    The motion's accompanying affidavit states that a default injunction was entered on
       November 27, 2023, that Plaintiff had not been served, and that he was residing in
       California at the time. It recounts Ian E. Goodman's testimony on January 21, 2025,
       confirming knowledge of Plaintiff's California residence and lack of service, after
       which the court dismissed the case.

38.    The affidavit further asserts that Paula Goodman's prior testimony concerning service
       and residence was false, that the injunction had not been formally vacated, and that
       counsel had filed a motion to reopen and reconsider despite that dismissal. It requests
       formal vacatur, expungement of the injunction record, denial of the motion to reopen,
       and referral of Paula Goodman's testimony for criminal investigation under Wisconsin
       Statute § 946.31.

**Exhibit E – Paula Goodman's April 22, 2025 Reply Brief**

39.    The reply brief asks the court to reconsider the February 17, 2025 decision "reopening
       this case and vacating the injunction issued for lack of personal jurisdiction," and
       concludes: "petitioner's motion for reconsideration should be granted and the
       injunction reinstated or, in the alternative, the question of whether an injunction is
       warranted be put on for a hearing on the merits."

40.    The brief challenges the court's finding that petitioner knew Respondent resided in
       California, arguing there is "no basis in the record" for that finding, and asserts that
       attached materials show "evasive actions respondent has engaged in for years to
       conceal his location and evade service," that respondent's "driver's license and vehicle
       title registration establish that respondent's legal residence at the time of publication

was in Wisconsin," and that a September 2023 conversation shows respondent "insists he resides in Wisconsin."

41.     In the alternative, the brief argues that "respondent has now submitted to the personal jurisdiction of the Court" because he filed motions "for affirmative relief," citing *Kildea v. Kildea* and similar Wisconsin cases, and asks that the matter be set "for a hearing on the merits."

42.     The filing characterizes the court's prior ruling as error and seeks reconsideration "reopening this case," invoking docket references to publication in Wisconsin and contending the injunction should be "reinstated," or that the case proceed on the merits despite the earlier lack-of-jurisdiction determination.

43.     The reply brief is electronically signed "/s/ Attorney Allen S. Porter," identifying Attorney Allen S. Porter, State Bar No. 1000195, as "Attorney for Petitioner Paula Goodman," and includes his mailing address and contact information. The signature block appears on the final page of the filing dated April 22, 2025.

**Exhibit F — Context: Attorney Allen S. Porter's service-condition email establishing later channel for filings in the 2928 case (no independent count)**

44.     On May 1, 2025, Attorney Allen S. Porter responded to a service-address request in an unrelated case, stating that he would only accept service "on the condition that, if you don't join the circuit court e-filing system, you will allow me to serve you by email with all documents I subsequently file with the Court throughout the case."

45.     Later that same day, Attorney Allen S. Porter sent a second message adding: "I want to amend my prior pre-condition … In addition to agreeing to accept service by email of all documents filed in that case, you must agree to accept service by email of all filings

in all of the cases with the Goodmans." The correspondence attached prior filings "in various of your cases with the Goodmans."

46.    The May 1, 2025 exchange established the email channel later used for transmitting filings and exhibits in Dane County Case No. 2023CV002928. Plaintiff completed service in that case through publication and did not, and does not, agree to the terms described in Attorney Allen S. Porter's correspondence. The broader conduct concerning this correspondence is being litigated in a separate action and is included here only as contextual background.

**Exhibit G – Plaintiff's Motion to Strike Filings for Failure to Serve**

47.    On May 6, 2025, Plaintiff filed a document titled "Defendant's Motion to Strike Filings for Failure to Serve" in Dane County Circuit Court Case No. 2023CV002928. The filing requested that unserved materials submitted by Paula Goodman and her attorneys be stricken from the record and attached docket listings and correspondence showing repeated submissions without notice. This motion served to preserve Plaintiff's due-process objections and provided formal notice to the court and opposing counsel that filings were being made without lawful service.

**Exhibit H – Decision and Order on Motions and Subsequent Hearing Notices**

48.    On May 12, 2025, Judge Ryan D. Nilsestuen issued a document titled *"Decision and Order on Motions"* in Dane County Circuit Court Case No. 2023CV002928. The order states: "By a decision dated February 17, 2025, the Court reopened and vacated its judgment in this matter. … For the reasons stated below, the Court is granting Ms. Goodman's motion in part to reopen the case." The first page of the document bears the

electronic signature line "Electronically signed by Judge Ryan D. Nilsestuen – Date Signed: 05/12/2025."

49. The discussion section of the same order quotes *Wis. Stat. § 805.17(3)* and cites *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶ 44, stating that a court may "amend its findings or conclusions … if there has been a manifest error of law or fact." The citation appears only within the order and does not appear in any brief or filing submitted by the parties.

50. On May 13, 2025, the clerk's office filed a document titled *"Notice of Hearing (Document 59 – Motion Hearing)."* It states: "Date: May 27, 2025 Time: 2:00 PM Branch: 10 – Judge Ryan D. Nilsestuen Location: Dane County Courthouse 8th Floor Courtroom 8C, 215 S. Hamilton Street, Madison, WI 53703."

51. A second document titled *"Notice of Hearing (Document 60 – Injunction Hearing)"* was filed the same day. It sets a hearing for "May 27, 2025 at 2:00 PM before Judge Ryan D. Nilsestuen, Branch 10 – Courtroom 8C," with the same address and distribution list. No certificate of service appears for either notice in the record, and no new petition or motion was filed with them.

**Exhibit I – Motion for Clarification and Reconsideration of Personal Jurisdiction Determination**

52. On May 12, 2025, Plaintiff filed a *Motion for Clarification and Reconsideration of Personal Jurisdiction Determination* in Dane County Circuit Court Case No. 2023CV002928. The filing sought to preserve constitutional objections to jurisdiction following the court's May 12 order reopening the previously dismissed case.

53.   The motion stated that the November 27, 2023, injunction had been entered without proper service, that Plaintiff resided in California at the time, and that the court's February 17, 2025, order vacated the injunction for lack of jurisdiction. It argued that reopening the case constituted unlawful adjudication on the merits.

54.   The motion cited *Richards v. First Union Sec., Inc.*, *Koehler v. Koehler*, and *Johnson v. Holland Am. Line–Westours, Inc.* for the principle that a void judgment is a legal nullity and concluded that the filing did not constitute consent to jurisdiction.

**Exhibit J-1 – Petition for Supervisory Writ**

55.   On May 15, 2025, Plaintiff filed a *Petition for Supervisory Writ* in the Wisconsin Court of Appeals, District IV, relating to Dane County Case No. 2023CV002928. The petition requested that the appellate court stay all further proceedings, declare that personal jurisdiction had not been lawfully established, and prohibit the circuit court from adjudicating the merits of the injunction until jurisdiction was resolved.

**Exhibit J-2 – Emergency Motion to Stay Circuit Court Proceedings Pending Determination of Supervisory Writ**

56.   The petition recounted that the circuit court had dismissed the case on February 17, 2025 for lack of personal jurisdiction but reopened it on May 13 without new service. It listed the court's February 17 and May 13 actions, cited *Richards v. First Union Sec., Inc.*, *Koehler v. Koehler*, and *Johnson v. Holland Am. Line–Westours, Inc.* and asserted that a judgment entered without service is void.

**Exhibit J-3 – Supplemental Notice of Imminent Irreparable Harm and Request for**

**Clarification**

57. The petition attached an *Emergency Motion to Stay Circuit Court Proceedings Pending Determination of Supervisory Writ* filed the same day, which sought immediate relief under *Wis. Stat. § 809.52*. It stated that the circuit court had scheduled hearings for May 27, 2025, without clarifying their purpose and that proceeding to the merits without jurisdiction would cause irreparable harm.

58. Also filed on May 15, 2025 was a *Supplemental Notice of Imminent Irreparable Harm and Request for Clarification*, warning that the circuit court's ambiguous hearing notices and lack of proper service created an imminent risk of adjudication without jurisdiction. The filing requested clarification that no merits hearing could occur until personal jurisdiction was established.

**Exhibit K – Emergency Objection to In-Person Hearing Scheduling and Request for**

**Remote Appearance**

59. On May 15, 2025, Plaintiff filed an *Emergency Objection to In-Person Hearing Scheduling and Request for Remote Appearance* in Dane County Circuit Court Case No. 2023CV002928. The filing objected to hearings set for May 27, 2025, stating that as of the date of filing no formal service of any scheduling order or motion had been received.

60. The objection stated that Plaintiff resided in California and that Paula Goodman and Ian E. Goodman were aware of this fact through prior testimony and documents, including a 2021 loan application showing his California work address. It noted that

service by publication in the *Wisconsin State Journal* had been used despite that knowledge.

61.    The filing requested permission to appear remotely by Zoom or telephone due to out-of-state residence and financial hardship and objected to any in-person appearance requirement while jurisdictional issues remained unresolved.

62.    It further objected to any injunction hearing on the merits while the case remained void for lack of personal jurisdiction and while the pending *Petition for Supervisory Writ* was unresolved. The document reaffirmed that Plaintiff did not consent to jurisdiction and that all objections were preserved. Subsequently, formal hearing notices were received.

**Exhibit L – Jurisdictional Clarification Notice**

63.    On May 21, 2025, Plaintiff filed a *Jurisdictional Clarification Notice* in Dane County Circuit Court, Branch 10, Cases No. 2023CV002927 and 2023CV002928. The notice clarified that all prior filings had been made solely to contest the constitutional validity of earlier judgments, improper service, and procedural irregularities.

64.    The filing stated that the *Motion to Advance and Calendar Hearings* had been submitted only to request scheduling of jurisdictional and procedural motions, not to invoke adjudication on the merits of the injunction petition. It reaffirmed that Plaintiff had never consented to personal jurisdiction and had repeatedly filed disclaimers of jurisdiction, including in the *Motion to Vacate*, the *Motion for Clarification and Reconsideration of Personal Jurisdiction*,

65. The notice further stated that any inference of a general appearance or waiver of jurisdictional objections was inaccurate and that such a construction would violate due-process rights under the Fourteenth Amendment. It concluded that the purpose of the filing was to preserve the jurisdictional record and prevent procedural ambiguity from being used to justify adjudication absent valid service or personal jurisdiction.

**Exhibit M-1 – Email from Attorney Allen S. Porter Transmitting Petitions**

66. On May 20, 2025, Attorney Allen S. Porter emailed Plaintiff with the subject line "Paula Goodman v. Lee Drone, Dane County Circuit Court Case No. 2023CV002928." The email body stated: "Pursuant to the Court's Decision and Order entered May 12, 2025, attached are the Petitions for Temporary Restraining Order and/or Petition and Motion for Injunction Hearing in the above-referenced case." It included two PDF attachments titled "Pet TRO.pdf" and "2 – Petition for TRO_injunction.pdf." The message was addressed directly to Plaintiff and copied to Attorney Peter D. Bear.

67. The May 20 email contained no certificate of service, proof of mailing, or court authorization for electronic service. The petitions were transmitted solely as email attachments and were not filed through the clerk's office or delivered by any method recognized under Wisconsin law. The message referenced the May 12 order but did not attach or cite any provision authorizing service by email.

**Exhibit M-2 – Petitioner's Hearing Exhibits**

68. On May 26, 2025, at 8:56 p.m., Attorney Allen S. Porter sent a second email with the subject line "Petitioners' Hearing Exhibits," again addressed to Plaintiff and copied to Attorney Peter D. Bear. The body stated: "Attached are exhibits I may offer into

evidence at the hearing tomorrow." The message was sent less than twenty-four hours

before the scheduled May 27 hearing in Case No. 2023CV002928.

69.    The May 26 email attached several files identified as proposed hearing exhibits.

Among them was a document labeled "Ex 1-Email 9-3-22.pdf," a California business

email between Plaintiff and Ian E. Goodman dated September 3, 2022, predating the

Wisconsin litigation by more than two years and containing standard confidentiality

disclaimers against disclosure. The message and all attachments were transmitted

electronically without any accompanying certificate of service, record of filing through

the court clerk, or authorization for electronic service.

### Exhibit N – Notice of Special Appearance and Objection to Personal Jurisdiction

70.    On May 26, 2025, Plaintiff filed a Notice of Special Appearance and Objection to

Personal Jurisdiction in Dane County Circuit Court, Branch 10, Cases No.

2023CV002927 and 2023CV002928. The filing stated that it was a special appearance

for the sole purpose of challenging personal jurisdiction and did not constitute a

general appearance.

71.    The notice asserted that no lawful service had been made and that any injunction orders

entered without personal jurisdiction were *void ab initio*. It cited *Wis. Stat. § 801.11*

and *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*, requesting

that the court formally acknowledge the absence of jurisdiction and vacate the void

orders.

72.    Plaintiff's filing requested that the court issue a written ruling within seven days to

preserve his right to appellate and federal review. The notice was served on counsel of

record for Paula Goodman and Attorney Peter D. Bear and was entered on the record the same day.

## Exhibit O – Post-Hearing Preservation Statement

73.    On May 29, 2025, Plaintiff filed a Post-Hearing Preservation Statement in Dane County Circuit Court, Cases No. 2023CV002927 and 2023CV002928, following the May 27 hearing. The filing reaffirmed the position that jurisdiction had never been lawfully obtained under *Wis. Stat. § 801.11* and that any orders entered without proper service were *void ab initio*. It reiterated that no consent had ever been given to email service under *Wis. Stat. § 801.14* and that participation occurred only under special appearance and protest.

74.    The statement summarized preserved objections concerning denial of opening and closing arguments, inability to make real-time objections during the virtual hearing, and acceptance of emailed materials transmitted without authority or within less than twenty-four hours of the proceeding. It cited *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*, and *Gaddis v. La Crosse*, 198 Wis. 2d 396 (Ct. App. 1995), among other authorities, to preserve procedural and constitutional challenges for appellate and federal review.

75.    The filing concluded by reserving all rights under *Wis. Stat. § 806.07* and *42 U.S.C. § 1983*, indicating that the record would be included in forthcoming federal and administrative proceedings. It was entered on May 29, 2025, and served on counsel

## Exhibit P – Motion for Judicial Recusal

76.    On June 10, 2025, Plaintiff filed a *Motion for Judicial Recusal* directed to Judge Ryan D. Nilsestuen in Case No. 2023CV002928. The motion was filed under special

appearance and expressly stated it did not waive any jurisdictional objections. It sought

recusal under *Wis. Stat. § 757.19(2)(g)* and *State v. Harrell*, 182 Wis. 2d 408 (1994),

asserting that impartiality might reasonably be questioned.

77. The filing referenced the May 27 hearing where exhibits were accepted less than

twenty-four hours before the proceeding and clarified that no consent to email service

had ever been given. It also noted that supervisory-writ and judicial-commission filings

were pending to preserve due-process objections. The motion was entered and served

on counsel of record the same day.

**Exhibit Q – Amended Petition for Supervisory Writ**

78. On June 3, 2025, Plaintiff filed an *Amended Petition for Supervisory Writ* with the

Wisconsin Court of Appeals, District IV, replacing an earlier version dated May 15,

2025. The petition sought relief from further proceedings in Case No. 2023CV002928

and incorporated developments following the May 27 hearing.

79. It reiterated that no lawful service had occurred under *Wis. Stat. § 801.11* and that

participation remained under special appearance only. The petition requested the Court

of Appeals to halt enforcement of the injunction, declare the orders void for lack of

jurisdiction, and direct the circuit court to vacate related rulings.

**Exhibit R – Emergency Motion to Vacate Void Injunction Orders**

80. On June 16, 2025, Plaintiff filed an *Emergency Motion to Vacate Void Injunction

Orders* in Cases No. 2023CV002927 and 2023CV002928. The motion requested

immediate vacatur of injunctions entered November 27, 2023, and May 27, 2025,

citing lack of personal jurisdiction under *Wis. Stat. §§ 801.11* and *813.125(5g)*.

81.    The motion further identified procedural irregularities following dismissal orders entered May 12, 2025, and cited *Frederick v. McCaughtry*, 173 Wis. 2d 222 (Ct. App. 1992), *PHH Mortgage Corp. v. Mattfeld*, 2011 WI App 62, and *City of Eau Claire v. Booth*, 2016 WI App 58, supporting the proposition that orders entered without jurisdiction are void *ab initio*. The filing was dated and served June 16, 2025

## Exhibit S – Objection to Informal Email Service and Preservation of Jurisdictional Objection

82.    On June 17, 2025, Plaintiff filed an *Objection to Informal Email Service and Supplement to Preserved Jurisdictional Objection and Supervisory Writ* in Case No. 2023CV002928. The filing objected to receipt of case materials by informal email and reaffirmed that no consent to electronic service had been granted under *Wis. Stat. § 801.14.*

83.    It restated that personal jurisdiction had never been lawfully obtained under *Wis. Stat. § 801.11*, that service defects persisted, and that all appearances remained special and jurisdictional objections fully preserved. The filing was dated and served June 17, 2025

## Exhibit T – Supervisory Writ Denial

84.    On July 21, 2025, the Wisconsin Court of Appeals, District IV, entered an order in *Drone v. Circuit Court for Dane County* (*No. 2025AP1221-W*), denying Plaintiff's pro se petition for supervisory writ. The order lists electronic notice to Hon. Ryan D. Nilsestuen, the Clerk of the Circuit Court, and counsel of record, and identifies the appellate panel as Presiding Judge Kloppenburg, Judge Blanchard, and Judge Graham.

85.    The decision summarizes that Plaintiff sought an order staying all circuit-court proceedings and vacating the May 27, 2025, injunction, asserting the case was "marred

by jurisdictional defects and due-process violations." The Court of Appeals denied the petition *ex parte* under *Wis. Stat. Rule 809.51(2)*, stating that although the petition challenged the injunction, no copy of the written order or transcript of the May 27 hearing had been supplied. The decision recites that the circuit-court docket reflected sworn testimony by the petitioner, argument from Plaintiff, and that the circuit court denied all motions "not found to be moot." (*Page 2* of exhibit image shows this in the middle paragraph.)

86. The order explains that, in writ proceedings, the appellate court lacks direct access to the circuit-court record and must assume missing materials support the lower court's discretion. Citing *State Bank of Hartland v. Arndt*, 129 Wis. 2d 411 (1986); *Austin v. Ford Motor Co.*, 86 Wis. 2d 628 (1979); and *State ex rel. Dressler v. Circuit Ct. for Racine County*, 163 Wis. 2d 622 (1991), the court held that a supervisory writ cannot substitute for an appeal when other remedies exist. Pursuant to *Wis. Stat. § 808.03* and *Wis. Stat. Rule* 809.10(1), the petition was denied *ex parte* on July 21, 2025.

**Exhibit U – Dane County Circuit Court Branch 10 Record**

87. The docket in Case No. 2023CV002928 shows a Certificate of Non-Service by the Dane County Sheriff in November 2023, followed by service by publication. On November 27, 2023, the Court entered a default injunction.

88. On February 17, 2025, the docket reflects dismissal of the case for lack of personal jurisdiction.

89. On May 12–13, 2025, the docket entries record multiple inconsistent actions on the same day, including the case being marked "Reopened," "Dismissed," "Vacated," and "Reopened" again, followed by new hearing notices.

90. On May 27, 2025, the docket shows that a new injunction was issued, running through November 2027, despite the earlier dismissal.

91. The docket further reflects appellate activity in July–August 2025, including a notice of appeal and transmission of the record to the Wisconsin Court of Appeals.

## V. IN CAMERA STATEMENT OF GOOD FAITH

92. Should the Court have any concern regarding Plaintiff's underlying conduct or the factual background giving rise to this matter, Plaintiff is prepared to submit a confidential in-camera statement, for the Court's review only, to affirm that no unlawful or improper behavior occurred.

93. This submission would be made solely for evidentiary clarification, without public disclosure, and without waiving any preserved jurisdictional objections or federal rights. Plaintiff's intent in offering such a statement is to ensure full candor with the Court while maintaining the integrity of constitutional and procedural defenses asserted herein.

## VI. JUDICIAL IMMUNITY IS NOT A BAR TO RELIEF

94. Plaintiff acknowledges that judges are ordinarily entitled to absolute judicial immunity for acts taken within their judicial capacity. However, immunity does not extend to actions taken in the *clear absence of jurisdiction* or to *non-judicial acts.* See *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Forrester v. White*, 484 U.S. 219, 227 (1988).

95. The record demonstrates that Judge Ryan D. Nilsestuen repeatedly acted without jurisdiction in Dane County Case No. 2023CV002928, which proceeded without

lawful service and was therefore void ab initio. His conduct exceeded judicial authority and directly inflicted constitutional injury on Plaintiff.

96.   Specific acts demonstrating the absence of jurisdiction and the non-judicial character of the conduct include, but are not limited to:

a)   **Reopening a case dismissed for lack of jurisdiction**. On May 12–13, 2025, Judge Ryan D. Nilsestuen recorded the case as "reopened," "dismissed," "vacated," and "reopened again," then scheduled new hearings (Exhibit H). Once the court dismissed for lack of personal jurisdiction on February 17, 2025 (Exhibit C), no authority remained to revive the case. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (jurisdiction cannot be conferred by judicial fiat).

b)   **Proceeding to the merits before establishing jurisdiction**. At the May 27, 2025, hearing, the court took testimony and admitted exhibits while Plaintiff's special-appearance objections remained pending (Exhibits N & O). *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (jurisdiction is a threshold requirement).

c)   **Issuing hearing notices without valid petition or service.** On May 13, 2025, the court issued "motion" and "injunction" hearing notices despite no new petition being filed or lawful service occurring after the February 17 dismissal (Exhibit H). *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

d)   **Accepting and relying on unserved filings.** The court accepted Paula Goodman's April 22, 2025, reply brief—which was never lawfully served and was later transmitted only by unauthorized private email on May 1 without

consent—and treated it as valid (**Exhibit E**). *Peralta v. Heights Med. Ctr.*, 485 U.S. 80, 84–86 (1988).

e) **Ratifying unlawful email service and late evidence**. The court admitted an evidentiary packet emailed at 8:56 p.m. on May 26, 2025 (Exhibit M-2)—less than 24 hours before hearing—over objection, contrary to *Wis. Stat.* § 801.14 and the due-process standards requiring notice reasonably calculated to permit response. *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Greene v. Lindsey*, 456 U.S. 444, 449–51 (1982).

f) **Applying waiver doctrine absent service.** The court held that Plaintiff had "submitted to jurisdiction" through defensive filings (Exhibit I), despite controlling precedent that participation solely to contest void orders is not consent. *Richards v. First Union Sec., Inc.*, 2006 WI 55; *Peralta*, 485 U.S. at 84–86.

g) **Judicial advocacy through sua sponte reasoning**. The May 12 order invoked *Koepsell's Olde Popcorn Wagons* and *Wis. Stat. § 805.17(3)*—authorities never briefed by any party—to reopen a void case (Exhibit H). By supplying unrequested arguments, the court abandoned neutrality. *Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)*, 877 (2009).

h) **Denying recusal despite appearance of bias**. On June 20, 2025, Judge Ryan D. Nilsestuen declined to recuse after repeated due-process objections and documented ex parte irregularities (Exhibit P). Due process requires recusal where impartiality may reasonably be questioned. *Tumey v. Ohio, 273 U.S. 510 (1927)*.

i) **Issuing new injunction orders post-dismissal**. On May 27, 2025, the court issued a new injunction running through November 2027, despite prior dismissal for lack of jurisdiction (Exhibit U). *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940) (orders entered without jurisdiction are nullities).

97.   These acts were undertaken in the clear absence of jurisdiction and are therefore non-judicial for immunity purposes. They involved administrative and procedural manipulation rather than adjudication of a live controversy. Accordingly, judicial immunity does not bar relief. Judge Ryan D. Nilsestuen is properly named as a Defendant, and Plaintiff's claims for declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983 may proceed.

## VII. ATTORNEY IMMUNITY IS NOT A BAR TO RELIEF

98.   Plaintiff acknowledges that attorneys are ordinarily entitled to limited immunity or litigation privilege for legitimate advocacy performed within the bounds of judicial proceedings. However, such immunity does not extend to acts undertaken **outside the judicial process** or to conduct that constitutes **fraud, misrepresentation, or joint participation with state actors in unconstitutional acts**. *Dennis v. Sparks*, 449 U.S. 24 (1980); *Tower v. Glover*, 467 U.S. 914 (1984).

99.   Defendants Attorney Allen S. Porter, and Attorney Joseph J. Klein acted under color of state law by coordinating directly with judicial officers and court staff to enforce void orders, fabricate jurisdiction, and transmit unserved or extra-record materials. These actions were not protected litigation functions but **extrajudicial misuse of court authority**.

100.  Because the attorney defendants engaged in conduct that was investigative, administrative, or conspiratorial in nature—and not legitimate advocacy—**no absolute or qualified attorney immunity applies**. Their actions are properly subject to declaratory, injunctive, and monetary relief under *42 U.S.C. § 1983*.

## VIII. CAUSES OF ACTION

***Plaintiff proceeds pro se and includes multiple authorities per count out of caution, not redundancy, to identify the controlling constitutional principles supporting each claim.***

### Exhibit A – Respondent Information for Service by Sheriff

**Count 1 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

***Listing an obsolete Wisconsin parental address as the service address.***

101.  Plaintiff alleges Paula Goodman listed "7220 Inama Road, Sauk City, Wisconsin" — Plaintiff's parents' residence, where he had not lived for more than twenty years — as his address for sheriff service, causing state process to issue without lawful notice or jurisdiction. (¶ 25)

→ **Primary Actor(s)**: Paula Goodman

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Notice and Opportunity to Be Heard)*

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Jones v. Flowers, 547 U.S. 220 (2006)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (fraudulent service address — denial of lawful notice)

**Count 2 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

***Failure to pursue service at a known California work address.***

102.  Plaintiff alleges Paula Goodman listed Plaintiff's employer and current work address at
      "Workday, 610 Stoneridge Mall Road, Pleasanton, California 94588," yet left the "Best
      time to serve at work" field blank and gave no instruction for service there, thereby
      denying reasonable notice. (¶ 26)

→ **Primary Actor(s)**: Paula Goodman

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process*
*(Reasonable follow-up steps when notice is doubtful)*

→ **Federal Cases:** *Jones v. Flowers, 547 U.S. 220 (2006)*; *Mennonite Bd. of Missions v.*
*Adams*, 462 U.S. 791 (1983)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under
Color of Law (failure to pursue readily available notice — denial of reasonable service
effort)

**Count 3 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

***Omission of Plaintiff's owned Madison property address to conceal the property dispute.***

103.  Plaintiff alleges Paula Goodman failed to list the co-owned property at 1430 Ellen
      Avenue, Madison, Wisconsin, thereby concealing from the court that the petition
      concerned jointly owned real property and ensuring that lawful service and jurisdiction
      would not attach. (¶ 27)

→ **Primary Actor(s)**: Paula Goodman

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Intentional*
*avoidance of lawful service to procure void jurisdiction)*

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Greene v. Lindsey, 456 U.S. 444 (1982)*; *Jones v. Flowers, 547 U.S. 220 (2006)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 1503 (analogy) — Obstruction of Justice (false or fraudulent service filings — interference with judicial process)

## Count 4 – Defamation Under Color of State Law under 42 U.S.C. § 1983

*Insertion of a "found guilty and charged" statement into a court-filed instrument.*

104.  Plaintiff alleges Paula Goodman hand-wrote the statement "Found guilty and charge with battery, intimidation to a victim, dissuading reporting on Feb 2021" in an official sheriff-service form filed with the Dane County Circuit Court, thereby inserting materially false criminal information into a public judicial record. Plaintiff was not charged with or convicted of any offense in 2021, and at that time resided and worked full-time in California. The statement was wholly false and misleading, implying recent criminal conduct that did not occur and could not have occurred in Wisconsin. Its inclusion in an official court filing caused reputational and professional harm and infringed Plaintiff's constitutionally protected liberty interest in reputation and occupational standing. (¶ 29)

→ **Primary Actor(s)**: Paula Goodman

→ **Federal Right Violated:** *Fourteenth Amendment — Liberty Interest in Reputation and Occupational Standing*

→ **Federal Cases:** *Paul v. Davis*, 424 U.S. 693 (1976); *Wisconsin v. Constantineau*, 400 U.S. 433 (1971)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 241 — Conspiracy Against Rights

(state-process defamation — false criminal record entry)

## Count 5 – Fabrication of Process under 42 U.S.C. § 1983

*Transmission of materially false address and background data to law enforcement.*

105.  Plaintiff alleges Paula Goodman's filing caused the Dane County Circuit Court to transmit false address and risk data to the Sheriff's Department for use in service attempts, thereby depriving Plaintiff of procedural integrity and due process. (¶¶ 24–27, 29)

→ **Primary Actor(s)**: Paula Goodman

→ **Federal Right Violated:** *Fourteenth Amendment — Substantive Due Process (Abuse of state process and process integrity)*

→ **Federal Cases:** *Zinermon v. Burch*, 494 U.S. 113 (1990); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Daniels v. Williams*, 474 U.S. 327 (1986) *(analogy)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (fabrication of process — transmission of false information to law enforcement)

## Exhibit C – Decision and Order Granting Motion to Reopen and Vacate

## Count 6 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983

*Failure to vacate a void injunction after finding no personal jurisdiction.*

106.  Plaintiff alleges Judge Ryan D. Nilsestuen acknowledged that the court lacked personal jurisdiction but did not remove or expunge the injunction record, leaving a void restraint visible and continuing to affect Plaintiff's property and reputation interests. *(¶¶ 33–34)*

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process*

*(Maintenance of void order after jurisdictional defect)*

→ **Federal Cases:** *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)*; *Peralta*

*v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Logan v. Zimmerman Brush Co., 455 U.S. 422*

*(1982)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under

Color of Law (continuing enforcement of void order — maintenance of jurisdictional defect)

## Count 7 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983

*Issuance of a contradictory "vacate / dismiss" order without jurisdiction.*

107.   Plaintiff alleges Judge Ryan D. Nilsestuen entered an order that simultaneously granted

the motion to vacate and dismissed the petition without prejudice, creating a

contradictory record that left the void injunction intact despite the acknowledged

absence of jurisdiction. *(¶¶ 33–34)*

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process*

*(Adjudication without jurisdiction and issuance of contradictory order)*

→ **Federal Cases:** *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Jones v. Flowers, 547*

*U.S. 220 (2006)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under

Color of Law (knowingly issuing void order — contradictory vacate/dismiss entry)

## Count 8 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983

*Failure to remedy acknowledged defective service and jurisdictional error.*

108. Plaintiff alleges Judge Ryan D. Nilsestuen found that service by publication in Wisconsin was ineffective because Plaintiff resided in California and that publication there was likely required, yet took no action to vacate the record or require proper service, allowing the void proceeding to stand. (¶ 35)

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Failure to remedy known jurisdictional defect)*

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Greene v. Lindsey, 456 U.S. 444 (1982)*; *Jones v. Flowers, 547 U.S. 220 (2006)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (continuation of proceeding after known jurisdictional failure — failure to remedy defective service)

## Exhibit E – Paula Goodman's April 22, 2025 Reply Brief

## Count 9 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983

### *Attempt to reinstate a void injunction through a reconsideration filing.*

109. Plaintiff alleges Paula Goodman used a reconsideration reply to request reinstatement of an injunction previously declared void for lack of personal jurisdiction, seeking renewed enforcement through a filing in a court that had already found it lacked authority. (¶ 39)

→ **Primary Actor(s)**: Paula Goodman

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Continuation of void process after jurisdictional defect)*

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (reasserting void injunction — revival of jurisdictionally terminated case)

## Count 10 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983

*Misrepresentation of residence and service knowledge to justify publication.*

110.   Plaintiff alleges Paula Goodman submitted a reply brief stating that Respondent's "legal residence" was in Wisconsin and that she had no knowledge of his California residence, while asserting that Respondent engaged in evasive conduct to conceal his location. Those statements were false and contradicted her own earlier filings, including the November 6, 2023 sheriff-service form (Exhibit A), which expressly listed Plaintiff's California employer and work address. By misrepresenting known facts material to service and jurisdiction, Paula Goodman sought to sustain a void proceeding through deceit. (¶ 40)

→ **Primary Actor(s)**: Paula Goodman

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Use of false factual representations to affect jurisdiction)*

→ **Federal Cases:** *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Greene v. Lindsey, 456 U.S. 444 (1982)*; *Jones v. Flowers, 547 U.S. 220 (2006)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (false statements affecting jurisdiction — misrepresentation of residence and service knowledge)

**Count 11 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Attempt to manufacture jurisdiction through defensive filings.*

111.  Plaintiff alleges Paula Goodman argued that Respondent had "submitted to personal jurisdiction" by filing motions for affirmative relief and urged the court to hold that his jurisdictional objection was waived, thereby seeking to create personal jurisdiction that the court had previously found absent. (¶ 41)

→ **Primary Actor(s)**: Paula Goodman

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Improper creation of jurisdiction contrary to law)*

→ **Federal Cases:** *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694 (1982); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (manufacturing jurisdiction — creation of jurisdiction through misuse of waiver doctrine)

**Count 12 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Continued use of state judicial machinery to revive dismissed proceedings.*

112.  Plaintiff alleges Paula Goodman filed a reply brief asking the court to "reopen this case," "reinstate the injunction," and "set the matter for a hearing on the merits," thereby using state process to resurrect a dismissed case after a finding of no personal jurisdiction. (¶ 39)

→ **Primary Actor(s)**: Paula Goodman

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Abuse of state process after jurisdiction terminated)*

→ **Federal Cases:** *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (revival of void proceeding — use of state process after jurisdiction terminated)

## Count 13 – Conspiracy to Reinstate Void Judicial Process under 42 U.S.C. § 1983

*Attorney-assisted filing seeking enforcement of a void injunction.*

113.   Plaintiff alleges that Attorney Allen S. Porter, acting in concert with Paula Goodman, prepared and filed the April 22, 2025 reply brief requesting reinstatement of an injunction previously declared void for lack of personal jurisdiction, thereby jointly invoking state judicial machinery to perpetuate an unlawful restraint. *(¶¶ 39–43)*

→ **Primary Actor(s)**: Paula Goodman; Attorney Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Conspiracy to continue void proceedings through state action)*

→ **Federal Cases:** *Dennis v. Sparks*, 449 U.S. 24 (1980); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 241 — Conspiracy Against Rights (joint action to enforce void order — attorney-assisted reinstatement of void injunction)

## Exhibit H – Decision and Order on Motions and Subsequent Hearing Notices

## Count 14 – Judicial Reactivation of Void Case under 42 U.S.C. § 1983

*Reopening a case previously dismissed for lack of jurisdiction*

114. Plaintiff alleges Judge Ryan D. Nilsestuen issued an order on May 12, 2025, stating that "the Court is granting Ms. Goodman's motion in part to reopen the case," thereby reinstating Case No. 2023CV002928 after dismissal for lack of personal jurisdiction. The motion underlying that order was never lawfully served through the clerk or by any authorized method; it was transmitted only by private email on May 1 without consent or court authorization. Acting on an unserved motion reinstated a void case and denied Plaintiff the notice and opportunity to be heard guaranteed by due process. (¶¶ *44–46, 48*)

→ **Primary Actor(s):** Ryan D. Nilsestuen *(individual capacity)*

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (Adjudication without jurisdiction and without lawful service)

→ **Federal Cases:** *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980); *Peralta v. Heights Med. Ctr.,* 485 U.S. 80 (1988); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (re-activation of void case on unserved motion)

**Count 15 – Misapplication of State Authority to Reopen Void Judgment under 42 U.S.C. § 1983**

***Sua sponte citation of Wis. Stat. § 805.17(3) and KoepSell's Olde Popcorn Wagons***

115. Plaintiff alleges Judge Ryan D. Nilsestuen quoted *Wis. Stat. § 805.17(3)* and cited *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*,

2004 WI App 129, ¶ 44, without any party raising that authority, and used it to justify

reopening the case. (¶ 49)

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Ex parte legal reasoning without notice or hearing)*

→ **Federal Cases:** *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (ex parte judicial action — sua sponte citation of authority without notice or hearing)

## Count 16 – Issuance of Scheduling Orders Without Jurisdiction under 42 U.S.C. § 1983

### *Setting hearings after prior jurisdictional dismissal*

116.  Plaintiff alleges Judge Ryan D. Nilsestuen ordered the clerk to "issue a scheduling order for an injunction and motion hearing," leading to two May 13, 2025 hearing notices despite the absence of jurisdiction. (¶ 49)

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Proceeding without lawful authority)*

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (orders issued without jurisdiction — hearing scheduling after dismissal)

## Count 17 – Attorney Participation in Void Proceeding under 42 U.S.C. § 1983

*Continued representation after reopening of void case*

117. Plaintiff alleges Attorney Allen S. Porter remained counsel of record for Paula Goodman and accepted hearing notices issued after the February 17, 2025, void determination. (¶ 50)

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Participation in proceeding without jurisdiction)*

→ **Federal Cases:** *Greene v. Lindsey*, 456 U.S. 444 (1982); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980) *(analogy)*; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) *(analogy)*

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 241 — Conspiracy Against Rights (acting in void proceeding with state actors — continued representation after void determination)

## Count 18 – Delegation of Service to Adverse Party Under 42 U.S.C. § 1983

*Ordering private litigants to perform official service duties without lawful procedure*

118. Plaintiff alleges Judge Ryan D. Nilsestuen directed that service of the petition be performed by the opposing party, without specifying method or ensuring compliance with *Wis. Stat. § 801.11*, resulting in service outside lawful process. (¶ 47–49)

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (Failure to ensure neutral and lawful service)*

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Jones v. Flowers, 547 U.S. 220 (2006)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (failure to provide lawful notice — delegation of service to adverse party)

**Exhibit M-1 – Email from Attorney Allen S. Porter Transmitting Petitions**

**Count 19 – Improper Delegation of Service under 42 U.S.C. § 1983**

*Evasion of lawful service requirements through unauthorized delegation*

119. Plaintiff alleges Attorney Allen S. Porter transmitted injunction petitions by email on May 20 2025, stating they were sent "pursuant to the Court's Decision and Order entered May 12 2025," even though no order authorized email service and no delegation of the clerk's duties was lawful. (¶ 65–66)

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (denial of notice through unauthorized substitute service)*

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 1503 (analogy) — Obstruction of Justice (unauthorized service action — improper delegation and evasion of lawful notice)

**Count 20 – Misrepresentation of Judicial Authority under 42 U.S.C. § 1983**

*Falsely invoking a court order to justify improper service*

120. Plaintiff alleges Attorney Allen S. Porter asserted that his May 20 email was "pursuant to the Court's Decision and Order entered May 12 2025," creating the false impression that the court had authorized email delivery of petitions when no such authorization existed. (¶ 65–66)

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (process integrity and honest notice)*

→ **Federal Cases:** *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*.

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (misuse of purported state authority — false invocation of court order to justify improper service)

## Count 21 – Attempted Constructive Service by Litigant under 42 U.S.C. § 1983

### *Bypassing clerk and statutory service channels*

121.  Plaintiff alleges Attorney Allen S. Porter attempted to effect service by direct email to a party rather than through the clerk or statutory process, depriving Plaintiff of the protections of formal service and recorded notice. (¶ 66)

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (circumvention of statutory notice requirements)*

→ **Federal Cases:** *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983); *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (circumvention of lawful notice — bypassing clerk and statutory service channels)

## Count 22 – Continuing Litigation Activity After Jurisdictional Void Determination under 42 U.S.C. § 1983

### *Advancing a void case after loss of jurisdiction*

122.  Plaintiff alleges Attorney Allen S. Porter sent the May 20 petitions to advance a
hearing in Case No. 2023CV002928 after the court had declared the injunction void for
lack of jurisdiction on February 17, 2025, and before any lawful service re-established
jurisdiction.  Although the email cited the court's May 12, 2025, order "reopening" the
case, that order itself was entered without jurisdiction and based on an unserved
motion, rendering it void ab initio.  Acting under a void order did not confer authority
and perpetuated the deprivation of due process. (¶ 65–66)

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process
(adjudication without jurisdiction)*

→ **Federal Cases:** *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *World-Wide
Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 241 — Conspiracy Against Rights
(continuing a void proceeding — advancing case after jurisdiction void)

**Count 23 – Off-Record Transmission of Process under 42 U.S.C. § 1983**

*Using private email to circulate petitions outside court-record channels*

→ *This count is distinct from Count 22. While Count 22 addresses the unauthorized
attempt to effect service, this count addresses the separate procedural harm of transmitting
process off-record and outside official court channels.*

123.  Plaintiff alleges Attorney Allen S. Porter sent the May 20 petition attachments by
private email instead of filing them through the court or recorded service system,

creating no record of filing or service and depriving Plaintiff of on-record notice. (¶ 65–66)

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (denial of recorded notice and review)*

→ **Federal Cases:** *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Greene v. Lindsey, 456 U.S. 444 (1982)*; *Mennonite Bd. of Missions v. Adams, 462 U.S. 791 (1983)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (off-record process under color of law — private email use to circumvent court record)

## Count 24 – Interference with Pending Supervisory-Writ Review under 42 U.S.C. § 1983
### *Transmission of new petitions while supervisory review was pending*

124.  Plaintiff alleges Attorney Allen S. Porter emailed injunction petitions on May 20, 2025 despite the pending *Petition for Supervisory Writ* filed May 15, 2025, which sought to stay further circuit-court action. By advancing new petition materials while supervisory review was pending, Attorney Allen S. Porter interfered with that process and deprived Plaintiff of due-process protection and the right to meaningful review. *(¶¶ 55–58, 65–66)*

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (appellate fairness and right to meaningful supervisory review)*

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1869) *(analogy)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (interference with pending supervisory review — transmission of new petitions during appellate stay)

**Exhibit M-2 – Petitioner's Hearing Exhibits**

**Count 25 – Improper Delegation of Service under 42 U.S.C. § 1983**

*Evasion of lawful service requirements through unauthorized delegation*

125. Plaintiff alleges Attorney Allen S. Porter transmitted proposed hearing exhibits by email on May 26, 2025, without authorization from the court or clerk, and outside any lawful service procedure. (¶ 67–68)

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (denial of notice through unauthorized substitute service)*

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 1503 (analogy) — Obstruction of Justice (unauthorized service action — improper delegation of service without court authorization)

**Count 26 – Misrepresentation of Judicial Authority under 42 U.S.C. § 1983**

*Falsely invoking judicial authorization for electronic service*

→ *This count is distinct from Count 26. Count 26 addresses the unauthorized act of transmitting exhibits outside formal service channels, whereas this count addresses the separate due-process violation of misrepresenting that such conduct had judicial authorization.*

126. Plaintiff alleges Attorney Allen S. Porter represented his May 26, 2025 email transmission as compliant with court procedures even though no order or statute permitted electronic delivery of exhibits by private email. (¶ 67–68)

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated**: *Fourteenth Amendment — Procedural Due Process (process integrity and honest notice)*

→ **Federal Cases**: *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (misuse of purported state authority — false representation of judicial authorization for service)

## Count 27 – Attempted Constructive Service by Litigant under 42 U.S.C. § 1983

*Bypassing clerk and statutory service channels*

127. Plaintiff alleges Attorney Allen S. Porter attempted to deliver exhibits directly to a party by email rather than through the clerk or other statutory means, depriving Plaintiff of the protections of formal service and recorded notice. (¶ 68)

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (circumvention of statutory notice requirements)*

→ **Federal Cases:** *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983); *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*