→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (circumvention of lawful notice — direct email delivery outside statutory channels)

## Count 28 – Continuing Litigation Activity After Jurisdictional Void Determination under 42 U.S.C. § 1983

*Advancing a void case after loss of jurisdiction*

128. Plaintiff alleges Attorney Allen S. Porter transmitted the May 26, 2025 exhibits to support a hearing in Case No. 2023CV002928 even though the injunction had been declared void for lack of jurisdiction on February 17, 2025, and no lawful service had re-established jurisdiction. Although the transmission cited or relied upon the court's May 12, 2025 "reopening" order, that order itself was entered without jurisdiction and based on an unserved motion, rendering it void ab initio. Acting under a void order did not confer authority and perpetuated the deprivation of due-process rights. (¶ 67–68)

→ **Primary Actor(s):** Allen S. Porter

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (adjudication without jurisdiction)

→ **Federal Cases:** *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 241 — Conspiracy Against Rights (continuing a void proceeding — transmission of evidence after loss of jurisdiction)

## Count 29 – Off-Record Transmission of Evidence under 42 U.S.C. § 1983

*Using private email to circulate proposed exhibits outside court-record channels*

*→ This count is distinct from Count 28. While Count 28 addresses the unauthorized attempt to effect service, this count addresses the separate procedural harm of transmitting evidence off-record and outside official court channels.*

129.  Plaintiff alleges Attorney Allen S. Porter sent the May 26, 2025 exhibit attachments by private email instead of filing them through the clerk or other official system, leaving no record of filing or service and depriving Plaintiff of on-record notice. (¶ 68)

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (denial of recorded notice and review)*

→ **Federal Cases:** *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Greene v. Lindsey, 456 U.S. 444 (1982)*; *Mennonite Bd. of Missions v. Adams, 462 U.S. 791 (1983)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (off-record process under color of law — private email circulation of exhibits outside court system)

## Count 30 – Interference with Pending Supervisory-Writ Review under 42 U.S.C. § 1983

*Transmission of new evidence while supervisory review was pending*

130.  Plaintiff alleges Attorney Allen S. Porter transmitted hearing exhibits on May 26, 2025 despite the pending *Petition for Supervisory Writ* filed May 15, 2025, which sought to stay further circuit-court action. By advancing evidentiary materials while supervisory review was pending, Attorney Allen S. Porter interfered with that process and deprived Plaintiff of due-process protection and the right to meaningful review. *(¶¶ 55–58, 67–68)*

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (appellate fairness and right to meaningful supervisory review)*

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1869) *(analogy)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (interference with pending supervisory review — transmission of evidence during appellate stay)

**Count 31 – Last-Minute Email Service of Exhibits under 42 U.S.C. § 1983**

*Improper timing and electronic delivery of hearing evidence without adequate notice*

*→ This count is distinct from Counts 28 and 30. While those counts address unauthorized service and off-record transmission, this count addresses the separate procedural harm of last-minute electronic delivery that deprived Plaintiff of a meaningful opportunity to review and respond.*

131. Plaintiff alleges that at 8:56 p.m. on May 26, 2025, Attorney Allen S. Porter emailed Plaintiff eight attachments labeled "Petitioners' Hearing Exhibits" for a hearing scheduled the next day, thereby denying a meaningful opportunity to review or respond. (¶ 67)

→ **Primary Actor(s)**: Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Procedural Due Process (denial of meaningful notice and opportunity to be heard)*

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950);

*Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 1503 (analogy) — Obstruction of

Justice (last-minute withholding of proper service — night-before email delivery of exhibits)

## Count 32 – Submission of Time-Barred Exhibit under 42 U.S.C. § 1983

### *Introducing evidence outside the statutory look-back window*

132.   Plaintiff alleges one attachment to the May 26, 2025 email, "Ex 1-Email 9-3-22.pdf,"

was dated 2022 — outside the two-year evidentiary period for harassment-injunction

proceedings — and was sent for use at the May 27 hearing. (¶ 68)

→ **Primary Actor(s):** Allen S. Porter

→ **Federal Right Violated:** *Fourteenth Amendment — Substantive Due Process (tainting*

*process with time-barred evidence)*

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950);

*Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Zinerman v. Burch*, 494 U.S. 113 (1990)

*(analogy)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under

Color of Law (use of time-barred evidence under color of law — submission of 2022

material for 2025 hearing)

## Exhibit U – Dane County Circuit Court Branch 10 Record

## Count 33 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983

### *Filing motion after jurisdiction was dismissed*

133.   Plaintiff alleges that on February 25, 2025, Attorney Joseph J. Klein filed a motion to

reconsider and reopen after the court had dismissed Case No. 2023CV002928 for lack

of personal jurisdiction, thereby invoking state authority in a terminated case and perpetuating a void proceeding. *(Exhibit U — 02-25-2025 entry)*

→ **Primary Actor(s)**: Joseph J. Klein

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (**unauthorized filing in void jurisdiction**)

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 1503 (analogy) — Obstruction of Justice (unauthorized filing in void jurisdiction); 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (unauthorized filing in void jurisdiction)

**Count 34 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*False or ineffective certificate of service for void motion*

134.  Plaintiff alleges that on February 28, 2025, Attorney Joseph J. Klein filed a certificate of service purporting to serve his February 25 motion, even though no lawful service occurred, thereby depriving Plaintiff of notice and opportunity to respond. *(Exhibit U – 02-28-2025 entry)*

→ **Primary Actor(s)**: Joseph J. Klein

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (**false certification concealing non-service**)

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Jones v. Flowers, 547 U.S. 220 (2006)*; *Greene v. Lindsey, 456 U.S. 444 (1982)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 1519 (analogy) — Falsification of

Records (fraudulent certificate of service concealing non-service); 18 U.S.C. § 242 —

Deprivation of Rights Under Color of Law (fraudulent certificate of service concealing non-

service)

## Count 35 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983

### *Failure to remedy known defective address*

135.  Plaintiff alleges that Attorney Joseph J. Klein continued using outdated addresses after

multiple returned mailings in December 2024 and January 2025 appeared on the

record, demonstrating actual knowledge of defective service yet persisting in its use.

*(Exhibit U – 12-09-2024 and 01-02-2025 entries)*

→ **Primary Actor(s)**: Joseph J. Klein

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (**failure to

provide adequate notice despite known defects**)

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*;

*Jones v. Flowers, 547 U.S. 220 (2006)*; *Greene v. Lindsey, 456 U.S. 444 (1982)*; *Logan v.

Zimmerman Brush Co., 455 U.S. 422 (1982)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under

Color of Law (failure to correct known defective service — continued use of invalid

addresses)

## Count 36 – Violation of Procedural and Substantive Due-Process Rights under 42 U.S.C. § 1983

### *Failure to expunge void injunction after jurisdictional dismissal*

136.  Plaintiff alleges that despite the February 17, 2025 order acknowledging lack of personal jurisdiction, Judge Ryan D. Nilsestuen failed to remove the void injunction from public record, causing continuing reputational and property harm. *(¶¶ 33–35; 87–90)*

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural and Substantive Due Process (**refusal to remedy known void order**)

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Jones v. Flowers*, 547 U.S. 220 (2006)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 1519 (analogy) — Falsification of Records (failure to expunge void order from record); 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (failure to expunge void order from record)

**Count 37 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Revival of void case after jurisdictional dismissal (clear absence of authority)*

137.  Plaintiff alleges that following the February 17, 2025 dismissal for lack of jurisdiction, Judge Ryan D. Nilsestuen entered May 12–13, 2025 orders mischaracterizing the dismissal as a vacatur and reopening the case, thereby exercising non-existent authority and continuing a void proceeding. *(¶¶ 33–35; 48–50; 52–54)*

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (**continuation of case after jurisdiction terminated**)

→ **Federal Cases:** *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (revival of void case — judicial continuation after dismissal for lack of jurisdiction)

**Count 38 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

***Same-Day Docket Sequence:*** dismiss → vacate → reopen ***without jurisdiction (May 12–13, 2025)***

138. Plaintiff alleges that on May 12–13, 2025, Dane County Circuit Court, Branch 10 entered a contradictory series of docket actions—recording the case as dismissed, labeling it vacated, and then reopened—all while jurisdiction had already failed for lack of lawful service. This internally inconsistent sequence (reflected in the May 12–13 entries and the issuance of two May 13 hearing notices) arbitrarily advanced a void proceeding and deprived Plaintiff of orderly, reliable process and meaningful notice, compounding the admitted jurisdictional defect. (¶¶ 47–49; 54–59; Exhibit U — 05-12-2025 & 05-13-2025 entries)

→ **Primary Actor(s):** Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (arbitrary and contradictory adjudication without personal jurisdiction; deprivation of orderly notice)

→ **Federal Cases:** *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under

Color of Law (arbitrary docket sequence — dismiss/vacate/reopen cycle without jurisdiction)

**Count 39 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Acceptance and use of unserved filings to advance proceedings*

139.  Plaintiff alleges that on May 12, 2025, Judge Ryan D. Nilsestuen accepted and relied

upon a reply brief filed April 22, 2025, by Paula Goodman and later transmitted by

Attorney Allen S. Porter via private email on May 1, 2025, without Plaintiff's consent

or any lawful authorization for electronic service. Because no valid service occurred

under Wis. Stat. § 801.14 or any equivalent federal standard, the filing remained

legally unserved. By adjudicating upon an unserved and unlawfully transmitted brief,

the court denied Plaintiff notice and a meaningful opportunity to respond. *(¶¶ 54–59;*

*60–64)*

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process

(**adjudication based on unserved filing**)

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*;

*Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Greene v. Lindsey, 456 U.S. 444 (1982)*;

*Jones v. Flowers, 547 U.S. 220 (2006)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under

Color of Law (adjudication based on unserved filings — use of unnoticed reply brief)

**Count 40 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Judicial continuation despite known service defects*

*140.* Plaintiff alleges that on May 13, 2025, Judge Ryan D. Nilsestuen issued new hearing notices and proceeded despite the record showing defective service from inception, Plaintiff's express written non-consent to jurisdiction (Exhibit L), and no lawful service ever attaching. *(¶¶ 23–26; 48–50; 58–59; 60–64; 63–65)*

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process

(**continuation of void proceeding after known defects**)

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)*; *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (continuation despite known service defects — issuing new hearing notices without jurisdiction)

**Count 41 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Mischaracterization of defensive filings as consent to jurisdiction*

141. Plaintiff alleges that on May 12, 2025, Judge Ryan D. Nilsestuen reopened Case No. 2023CV002928 by invoking Wis. Stat. § 805.17(3) and the decision in *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶ 44, citing "manifest error of law or fact" as justification, even though the February 17, 2025 order had already dismissed the case for lack of personal jurisdiction. The reopening adopted the practical effect of the argument advanced in Paula Goodman's April 22 brief—that Plaintiff had "submitted to jurisdiction" through defensive

filings—thereby fabricating jurisdiction and violating due process. (¶¶ 33–35; 39–41; 47–49; 54–59; 60–64)

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (**creation of jurisdiction through misuse of waiver doctrine**)

→ **Federal Cases:** *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694 (1982); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (fabricated consent to jurisdiction — misuse of waiver doctrine)

## Count 42 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983

*Proceeding to merits before resolving personal jurisdiction*

142.   Plaintiff alleges that after acknowledging lack of jurisdiction, Judge Ryan D. Nilsestuen conducted a May 27, 2025 evidentiary hearing, taking testimony and exhibits before ruling on jurisdictional motions, thereby adjudicating merits in a void case. *(¶¶ 30–33; 54–59; 60–64; 85; 90)*

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (**adjudication of merits without jurisdiction**)

→ **Federal Cases:** *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (adjudication of merits without jurisdiction)

**Count 43 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Consideration of late, unserved, and time-barred evidence*

143.  Plaintiff alleges that on May 27, 2025, during a hearing held without personal
jurisdiction, Judge Ryan D. Nilsestuen considered and relied on an evidentiary packet
emailed by Attorney Allen S. Porter at 8:56 p.m. on May 26, 2025—less than twenty-
four hours before the hearing and without lawful service. The packet included "Ex 1 –
Email 9-3-22.pdf," a confidential California communication transmitted outside
authorized channels and beyond the applicable limitation period. The court's
acceptance and reliance on that unserved and untimely material, despite Plaintiff's
objection, deprived Plaintiff of fair notice and a meaningful opportunity to be heard.
(¶¶ 65–68; 74; 90)

→ **Primary Actor(s):** Ryan D. Nilsestuen *(individual capacity)*

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (use of
unserved and untimely evidence)

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950);
*Peralta v. Heights Med. Ctr.,* 485 U.S. 80 (1988); *Greene v. Lindsey,* 456 U.S. 444 (1982)

→ **Criminal Parallel (for reference only):** 18 U.S.C. § 1503 (analogy) — Obstruction of
Justice (use of unserved and untimely evidence); 18 U.S.C. § 242 — Deprivation of Rights
Under Color of Law (use of unserved and untimely evidence)

**Count 44 – Violation of Procedural and Substantive Due-Process Rights under 42 U.S.C. §
1983**

*Issuance of injunction after dismissal and vacatur entries (clear absence of jurisdiction)*

144. Plaintiff alleges that despite the February 17, 2025 dismissal for lack of jurisdiction, Judge Ryan D. Nilsestuen issued a new May 27, 2025 injunction running through November 2027. Issuing a restraint after jurisdiction had lapsed constituted a non-judicial act and a continuing constitutional deprivation. *(¶¶ 87–91)*

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural and Substantive Due Process (**issuance of void order after dismissal**)

→ **Federal Cases:** *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)*; *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (issuance of void injunction after dismissal); 18 U.S.C. § 1519 (analogy) — Falsification of Records (recording/maintaining void injunction)

## Count 45 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983

### *Judicial acceptance and scheduling despite known non-service*

145. Plaintiff alleges that Judge Ryan D. Nilsestuen accepted Attorney Joseph J. Klein's motion and issued a briefing schedule without verifying service, even though the court record already showed returned mail and invalid addresses. *(Exhibit U — 02-25-2025 and 03-07-2025 entries)*

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (**adjudication without service or notice**)

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*; *Greene v. Lindsey, 456 U.S. 444 (1982)*; *Jones v. Flowers, 547 U.S. 220 (2006)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (adjudication without service or notice — accepting motion and setting schedule despite non-service)

**Count 46 – Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Unlawful consolidation of hearings without jurisdiction*

146.  Plaintiff alleges that on May 27, 2025, Judge Ryan D. Nilsestuen jointly conducted hearings in **Dane County Circuit Court** Cases No. 2023CV002927 and 2023CV002928 **without separate analysis or jurisdictional findings**, despite both cases having defective service and **active, preserved** objections to personal jurisdiction. **(¶¶ 59–62; 70–74)**

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (**conducting hearing without jurisdiction**)

→ **Federal Cases:** *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)*; *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (conducting hearing without jurisdiction — unlawful consolidation)

**Count 47 – Violation of Procedural and Substantive Due-Process Rights under 42 U.S.C. § 1983**

*Denial of recusal after reasonable questions of impartiality*

147.  Plaintiff alleges that on June 10, 2025, Judge Ryan D. Nilsestuen denied a motion for recusal filed under *Wis. Stat. § 757.19(2)(g)* after repeated due-process objections and documented ex parte irregularities. The motion identified specific bias indicators and prior jurisdictional misconduct, yet the judge refused to withdraw, creating a constitutionally intolerable probability of bias and violating Plaintiff's right to a neutral tribunal. *(¶¶ 75–76)*

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural and Substantive Due Process (**right to impartial and neutral decision-maker**)

→ **Federal Cases:** *Tumey v. Ohio, 273 U.S. 510 (1927)*; *Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)*; *In re Murchison*, 349 U.S. 133 (1955); *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (denial of impartial tribunal — refusal to recuse despite bias indicators)

**Count 48 – Violation of Equal-Protection and Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Arbitrary disparate treatment between companion cases (2023CV002927 vs. 2023CV002928)*

148.  Plaintiff alleges that Judge Ryan D. Nilsestuen dismissed Case No. 2023CV002928  on February 17, 2025 for lack of jurisdiction while allowing Case No. 2023CV002927 to continue on identical service facts. The arbitrary and irrational inconsistency between similarly situated parties violated Plaintiff's Fourteenth-Amendment rights to equal protection and due process of law. *(¶¶ 33–35; 87–90)*

→ **Primary Actor(s)**: Ryan D. Nilsestuen (individual capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Equal Protection and Procedural

Due Process (**arbitrary inconsistency in adjudication of similarly situated cases**)

→ **Federal Cases:** *Village of Willowbrook v. Olech, 528 U.S. 562 (2000)*; *Logan v.*

*Zimmerman Brush Co., 455 U.S. 422 (1982)*; *Peralta v. Heights Med. Ctr., 485 U.S. 80*

*(1988)*

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under

Color of Law (arbitrary disparate treatment between companion cases)

**Declaratory counts:**

**Count 49 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Improper withdrawal of counsel without client notice or opportunity to be heard*

149.  Plaintiff seeks a declaration that on November 12, 2024, Judge Ryan D. Nilsestuen

(official capacity) granted the motion of attorneys David Pawlowski and Sean Griffin

to withdraw without providing notice or opportunity to be heard, terminating

representation in an active civil proceeding without procedural safeguards. (Exhibit U

— 11-08-2024 and 11-12-2024 entries)

→ **Primary Actor(s)**: Judge Ryan D. Nilsestuen (official capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (lack of

notice and hearing before termination of counsel)

→ **Relief Sought:** Declaratory judgment that the November 12, 2024 withdrawal was

effected without constitutionally adequate notice and opportunity to be heard.

→ **Federal Cases:** *Goldberg v. Kelly*, 397 U.S. 254 (1970); *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (improper withdrawal of counsel without notice/opportunity to be heard)

**Count 50 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Unreasonable delay in scheduling hearing on vacatur motion*

150. Plaintiff seeks a declaration that, after a Motion to Reopen and Vacate was filed on October 16, 2024, Judge Ryan D. Nilsestuen (official capacity) waited until December 5, 2024 to schedule a hearing—an unjustified delay in review of a continuing injunctive restraint. (Exhibit U — 10-16-2024 entry)

→ **Primary Actor(s)**: Judge Ryan D. Nilsestuen (official capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (failure to provide timely hearing on ongoing deprivation)

→ **Relief Sought:** Declaratory judgment that the delay between October 16 and December 5, 2024 denied timely process on a continuing restraint.

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Jones v. Flowers*, 547 U.S. 220 (2006)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (untimely scheduling of hearing on vacatur motion)

**Count 51 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Delay between first hearing and evidentiary hearing on vacatur motion*

151. Plaintiff seeks a declaration that, after holding a December 5, 2024 hearing, Judge Ryan D. Nilsestuen (official capacity) deferred decision until January 21, 2025, prolonging deprivation of property and reputational rights under a void injunction. (Exhibit U — 12-05-2024 entry)

→ **Primary Actor(s)**: Judge Ryan D. Nilsestuen (official capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (unreasonable delay in resolving jurisdictional motion)

→ **Relief Sought:** Declaratory judgment that the December-to-January delay violated due-process timeliness requirements.

→ **Federal Cases:** *Greene v. Lindsey*, 456 U.S. 444 (1982); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (unreasonable delay between hearings on jurisdictional motion)

**Count 52 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Unnecessary evidentiary hearing on jurisdiction in clear absence of authority*

152. Plaintiff seeks a declaration that on January 21, 2025, Judge Ryan D. Nilsestuen (official capacity) held an evidentiary hearing to determine service even though the sheriff's return and publication record already proved non-service, thereby prolonging a void case. (Exhibit U — Jan 21, 2025 context)

→ **Primary Actor(s)**: Judge Ryan D. Nilsestuen (official capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (hearing conducted without jurisdiction)

Page 67 of 83

→ **Relief Sought:** Declaratory judgment that conducting an evidentiary hearing before establishing personal jurisdiction violated due process.

→ **Federal Cases:** *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (evidentiary hearing without jurisdiction)

**Count 53 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Unreasonable delay between evidentiary hearing and written order*

153.  Plaintiff seeks a declaration that, although the court stated it had ninety days to decide, Judge Ryan D. Nilsestuen (official capacity) waited twenty-seven days after the January 21, 2025 hearing to enter dismissal on February 17, 2025, prolonging a known void injunction. (¶¶ 87–91)

→ **Primary Actor(s)**: Judge Ryan D. Nilsestuen (official capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (delay in issuing jurisdictional order)

→ **Relief Sought:** Declaratory judgment that the post-hearing delay violated due-process timeliness requirements.

→ **Federal Cases:** *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Greene v. Lindsey*, 456 U.S. 444 (1982); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (delay in issuing jurisdictional order)

**Count 54 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Prolongation of void injunction through unjustified delays*

154.  Plaintiff seeks a declaration that from October 16, 2024, to February 17, 2025, Judge

Ryan D. Nilsestuen (official capacity) allowed a void injunction to remain in effect for

124 days without timely review, constituting a continuing constitutional violation.

*(Exhibit U — 10-16-2024 through 02-17-2025 docket entries)*

→ **Primary Actor(s)**: Judge Ryan D. Nilsestuen (official capacity)

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (failure to

provide prompt relief from void order)

→ **Relief Sought:** Declaratory judgment that the cumulative 124-day delay violated due-

process requirements for prompt relief from a void restraint.

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950);

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Jones v. Flowers*, 547 U.S.

220 (2006)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under

Color of Law (prolongation of void injunction through cumulative delays)

**Count 55 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Administrative Execution of Void Orders (Filing and distribution of hearing notices*

*implementing a void order)*

155.  Plaintiff alleges the **Dane County Circuit Court Branch 10 clerks and**

**administrative staff** filed and distributed the May 13, 2025 hearing notices (Document

59 and Document 60) implementing the void May 12 order. *(¶¶ 49–51)*

→ **Primary Actor(s)**: Dane County Circuit Court Branch 10 clerks and administrative staff

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (*administrative execution of void judgment*)

→ **Relief Sought:** Declaratory judgment that the acts described constituted a deprivation of procedural-due-process rights under color of state law.

→ **Federal Cases:** *Greene v. Lindsey*, 456 U.S. 444 (1982); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (administrative execution of void order — filing/distributing hearing notices)

**Count 56 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**
***Constructive Service Without Process (Transmission of hearing notices to out-of-state address without summons or petition)***

156.   Plaintiff alleges the Branch 10 clerks and administrative staff mailed hearing notices dated May 13, 2025 to Plaintiff's California address (3964 Rivermark Plaza #2514, Santa Clara, CA 95054) without any new summons or petition. *(¶¶ 50–51)*

→ **Primary Actor(s)**: Dane County Circuit Court Branch 10 clerks and administrative staff

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (*constructive service without lawful process*)

→ **Relief Sought:** Declaratory judgment that the acts described constituted a deprivation of procedural-due-process rights under color of state law.

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Jones v. Flowers*, 547 U.S. 220 (2006)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (constructive service without lawful process)

**Count 57 – Declaratory Violation of Access-to-Courts and Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Procedural Denial of Supervisory Writ Without Merits Review*

157.  Plaintiff seeks a declaration that the Wisconsin Court of Appeals, District IV, acting under color of state law, denied his pro se petition for supervisory writ ex parte on July 21, 2025 under *Wis. Stat.* Rule 809.51(2) without reaching the merits of his jurisdictional challenge. The order recited that no written injunction order or transcript had been supplied and declared that a supervisory writ "cannot substitute for an appeal." By refusing to consider the substance of Plaintiff's claim that the underlying injunction was void for lack of personal jurisdiction, the appellate court deprived Plaintiff of any state forum capable of reviewing a void order, violating his First and Fourteenth Amendment rights. *(¶¶ 84–85)*

→ **Primary Actor(s)**: Wisconsin Court of Appeals, District IV *(individual judicial officers named in personal capacities for declaratory relief only)*

→ **Federal Right Violated:** First and Fourteenth Amendments — Access to Courts and Procedural Due Process *(meaningful judicial review)*

→ **Relief Sought:** Declaratory judgment that the July 21, 2025 order was void as issued without merits review of a jurisdictionally defective case.

→ **Federal Cases:** *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988)

→ **Criminal Parallel** *(for reference only)*: 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (denial of access to judicial remedy — ex parte supervisory-writ denial without merits review)

**Count 58 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Misapplication of Supervisory-Writ Standard to Sustain Void Jurisdiction*

158. Plaintiff seeks a declaration that in the same July 21, 2025 order, the **Wisconsin Court of Appeals, District IV**, acting under color of state law, misapplied its extraordinary-writ standard by presuming the circuit court "acted properly" despite record evidence that it had acknowledged lack of personal jurisdiction on February 17, 2025. By requiring unnecessary materials and declining to halt further proceedings, the panel arbitrarily denied procedural due process. (¶ 86)

→ **Primary Actor(s)**: Wisconsin Court of Appeals, District IV *(individual judicial officers named in personal capacities for declaratory relief only)*

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (*arbitrary denial of judicial review and failure to correct void judgment*)

→ **Relief Sought:** Declaratory judgment that the appellate court misapplied its writ authority and failed to correct a void judgment.

→ **Federal Cases:** *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (misapplication of supervisory-writ standard — failure to correct void jurisdiction)

**Count 59 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Failure to Serve March 7, 2025 Briefing Schedule*

159. Plaintiff alleges the **Branch 10 clerks and administrative staff** issued a "Notice of Briefing Schedule on Motion for Reconsideration and to Reopen" on March 7, 2025

without any service to Plaintiff, causing deadlines to proceed ex parte and denying a meaningful chance to respond. (Exhibit U – 03-07-2025 entry)

→ **Primary Actor(s):** Dane County Circuit Court Branch 10 clerks and administrative staff

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (*operative order issued without notice*)

→ **Relief Sought:** Declaratory judgment that the acts described constituted a deprivation of procedural-due-process rights under color of state law.

→ **Federal Cases:** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Jones v. Flowers*, 547 U.S. 220 (2006); *Greene v. Lindsey*, 456 U.S. 444 (1982)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (operative order issued without notice — unserved briefing schedule)

**Count 60 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Clerical Failures Despite Returned Mail and Known Defective Addresses*

160.  Plaintiff alleges the **Branch 10 clerical staff** continued to send official notices to invalid addresses after returned mail appeared on the record on December 9, 2024; January 2, 2025; and March 14, 2025, showing reckless disregard for constitutional notice requirements. (Exhibit U – entries noted)

→ **Primary Actor(s):** Dane County Circuit Court Branch 10 clerks and administrative staff

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (*failure to correct known service defects*)

→ **Relief Sought:** Declaratory judgment that the acts described constituted a deprivation of procedural-due-process rights under color of state law.

→ **Federal Cases:** *Greene v. Lindsey*, 456 U.S. 444 (1982); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (failure to correct known service defects — continued use of invalid addresses)

**Count 61 – Declaratory Violation of Procedural Due-Process Rights under 42 U.S.C. § 1983**

*Clerical Ratification of Void Orders*

161.   Plaintiff alleges the **Branch 10 clerical staff** updated official records after the February 17 and May 12, 2025 dismissal entries to show the May 27, 2025 injunction as valid through November 2027, preserving void orders and causing ongoing reputational harm. (¶¶ 87–91)

→ **Primary Actor(s)**: Dane County Circuit Court Branch 10 clerks and administrative staff

→ **Federal Right Violated:** Fourteenth Amendment — Procedural Due Process (*maintenance of false or void records*)

→ **Relief Sought:** Declaratory judgment that the acts described constituted a deprivation of procedural-due-process rights under color of state law.

→ **Federal Cases:** *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Greene v. Lindsey*, 456 U.S. 444 (1982); *Jones v. Flowers*, 547 U.S. 220 (2006)

→ **Criminal Parallel** (*for reference only*): 18 U.S.C. § 1519 (analogy) — Falsification of Records (clerical ratification of void orders); 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law (maintenance of void records)

## IX. DAMAGES

162. As detailed in Counts 1 through 61, Defendants' actions caused direct and foreseeable harm to Plaintiff in California, where he resides and works.

163. Plaintiff suffered reputational injury, including stigmatization within his professional and personal communities, as void injunctions and related orders remained visible on public records.

164. Plaintiff suffered professional and economic harm, including disruption of career opportunities, loss of income, and impairment of future employment prospects, caused by the unlawful continuation of injunction proceedings.

165. Plaintiff incurred litigation expenses and burdens, including time, effort, and costs associated with defending against void proceedings, preserving objections, and pursuing extraordinary remedies in state court.

166. Plaintiff suffered emotional distress and mental strain, including anxiety, stress, and disruption of daily life, as he was forced to live under unlawful restraints that were void from inception.

167. Plaintiff's constitutional rights were violated, including his right to due process, notice, and an impartial tribunal. These violations themselves constitute compensable injury under 42 U.S.C. § 1983.

168. Defendants' conduct was intentional, reckless, or callously indifferent to Plaintiff's constitutional rights, undertaken with knowledge of his out-of-state residence and repeated jurisdictional objections. Plaintiff is therefore entitled to punitive damages to deter similar misconduct in the future.

169.  In addition to monetary relief, Plaintiff is entitled to equitable relief, including
expungement of void injunctions from all records, declaratory relief confirming their
invalidity, and orders preventing Defendants from enforcing or perpetuating void
judgments.

## X. TABLE OF AUTHORITIES

→ **Note:** *Citations to Wisconsin Statutes and Wisconsin state-court decisions appearing in this
Complaint are included solely for contextual reference to procedural background in Dane
County proceedings. They are not asserted as operative law or causes of action in this federal
case and are therefore omitted from this Table of Authorities.*

| Cite Type | Citation | Counts |
|---|---|---|
| Statute | *42 U.S.C. § 1983*<br>***Civil action for deprivation of rights under color of state law — enabling statute for all constitutional claims.*** | All (1–61) |
| Statute | *18 U.S.C. § 241*<br>***Criminal conspiracy against rights (parallel citation).*** | All (1–61) |
| Statute | *18 U.S.C. § 242*<br>***Deprivation of rights under color of law (parallel citation).*** | All (1–61) |
| Case | *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)<br>***Due-process notice standard — notice must be reasonably calculated to apprise interested parties.*** | 1,3,8,9,14,16,18,19,2 1,25,27,31,32,33,34,3 5,36,39,40,42,43,44,4 5,50,54,56,59,60,61 |

| Case | *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988) <br> ***Default judgment void without proper notice; prejudice not required.*** | 1,3,6,7,8,9,10,11,12,1 4,15,16,17,19,20,22,2 4,25,26,28,30,31,32,3 3,34,37,38,39,40,41,4 2,43,44,45,46,48,49,5 1,52,53,57,58,59,60,6 1 |
|------|------|------|
| Case | *Jones v. Flowers*, 547 U.S. 220 (2006) <br> ***State must take additional reasonable steps when mailed notice is returned.*** | 1,2,3,7,8,10,18,34,35, 36,39,45,50,54,56,59, 61 |
| Case | *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) <br> ***Due process requires mailed notice to known parties before property deprivation.*** | 2,21,23,27,29,55 |
| Case | *Greene v. Lindsey*, 456 U.S. 444 (1982) <br> ***Door-posting inadequate where state knows it may not reach recipient.*** | 3,8,10,17,23,29,34,35 ,39,43,45,51,53,55,59 ,60,61 |
| Case | *Paul v. Davis*, 424 U.S. 693 (1976) <br> ***Reputation-plus doctrine — reputational injury must involve tangible loss.*** | 4 |
| Case | *Wisconsin v. Constantineau*, 400 U.S. 433 (1971) <br> ***Public labeling without opportunity for hearing violates due process.*** | 4 |
| Case | *Zinermon v. Burch*, 494 U.S. 113 (1990) <br> ***State must provide safeguards against predictable procedural deprivations.*** | 5 |
| Case | *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982) <br> ***When the state's own process destroys a claimant's opportunity to be heard, it violates due process.*** | 5,6,12,15,20,23,24,26 ,29,30,33,35,37,38,40 ,44,46,47,48,49,50,51 ,52,53,57,60 |
| Case | *Daniels v. Williams*, 474 U.S. 327 (1986) (analogy) <br> ***Negligence alone does not amount to a constitutional deprivation.*** | 5 |
| Case | *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) <br> ***Minimum-contacts requirement for personal jurisdiction.*** | 6,9,11,14,22,28,36,37 ,38,40,42,44,46,52,54 ,58 |
| Case | *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694 (1982) <br> ***Consent or waiver may confer jurisdiction.*** | 11,41 |
| Case | *Dennis v. Sparks*, 449 U.S. 24 (1980) <br> ***Private parties conspiring with judges act under color of law.*** | 13 |

| Case | *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970) | 13 |
| | ***Private actor's joint participation with state officials triggers § 1983 liability.*** | |
| Case | *Dennis v. Sparks*, 449 U.S. 24 (1980) (analogy) | 17 |
| | ***Analogical citation for private participation in judicial misconduct.*** | |
| Case | *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) (analogy) | 17 |
| | ***Analogical citation for private–state collusion in process abuse.*** | |
| Case | *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1869) (analogy) | 24,30 |
| | ***Limits on appellate jurisdiction and writ review; analogical use.*** | |
| Case | *Zinermon v. Burch*, 494 U.S. 113 (1990) (analogy) | 32 |
| | ***Applied analogically for foreseeable administrative deprivation.*** | |
| Case | *Tumey v. Ohio*, 273 U.S. 510 (1927) | 47 |
| | ***Structural bias where judge has personal interest violates due process.*** | |
| Case | *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) | 47 |
| | ***Serious risk of actual bias requires recusal.*** | |
| Case | *In re Murchison*, 349 U.S. 133 (1955) | 47 |
| | ***No one may be judge in their own case; neutrality principle.*** | |
| Case | *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) | 48 |
| | ***"Class-of-one" equal-protection claim for arbitrary treatment.*** | |
| Case | *Goldberg v. Kelly*, 397 U.S. 254 (1970) | 49 |
| | ***Pre-deprivation hearing requirement.*** | |
| Case | *Mathews v. Eldridge*, 424 U.S. 319 (1976) | 49 |
| | ***Three-factor balancing test for procedural due process.*** | |
| Case | *Boddie v. Connecticut*, 401 U.S. 371 (1971) | 57 |
| | ***Denying access to courts for inability to pay violates due process.*** | |

## XI. EXHIBIT INDEX

| Exhibit | Title |
|---|---|
| A | Respondent Information for Service by Sheriff |
| B | YES Energy Utility Bill |
| C | Decision and Order Granting Motion to Reopen and Vacate |
| D | Motion to Vacate Injunction, Ensure Dismissal, and for Perjury Sanctions Against Paula Goodman |
| E | Paula Goodman's April 22, 2025 Reply Brief |
| F | Request for Service Address and Unlawful Conditioning |
| G | Defendant's Motion to Strike Filings for Failure to Serve |
| H | Decision and Order on Motions and Subsequent Hearing Notices |
| I | Motion for Clarification and Reconsideration of Personal Jurisdiction Determination |
| J-1 | Petition for Supervisory Writ |
| J-2 | Emergency Motion to Stay Circuit Court Proceedings Pending Determination of Supervisory Writ |
| J-3 | Supplemental Notice of Imminent Irreparable Harm and Request for Clarification |
| K | Emergency Objection to In-Person Hearing Scheduling and Request for Remote Appearance |
| L | Jurisdictional Clarification Notice |
| M-1 | Email from Attorney Allen S. Porter Transmitting Petitions |
| M-2 | Petitioner's Hearing Exhibits |
| N | Notice of Special Appearance and Objection to Personal Jurisdiction |
| O | Post-Hearing Preservation Statement |
| P | Motion for Judicial Recusal |
| Q | Amended Petition for Supervisory Writ |
| R | Emergency Motion to Vacate Void Injunction Orders |
| S | Objection to Informal Email Service and Preservation of Jurisdictional Objection |
| T | Supervisory Writ Denial |
| U | Dane County Circuit Court Branch 10 Record |

## XII. JURY DEMAND

170. Plaintiff demands a trial by jury on all issues so triable as of right.

## XIII. RESERVATION OF RIGHTS

171.  Plaintiff reserves the right to amend or supplement this Complaint as additional facts,
      evidence, or claims become known through discovery or further proceedings.

172.  Plaintiff expressly reserves all claims related to Dane County Case No. 2023CV002927
      (Ian E. Goodman) for separate litigation. Although that case was twice heard jointly
      with Case No. 2023CV002928, the circuit court continued to treat and rule on them as
      separate cases. Plaintiff therefore responds and preserves rights as to Case No.
      2023CV002928 here, while reserving the right to pursue 2023CV002927
      independently

173.  Plaintiff also reserves the right to challenge orders that obstructed delivery of lawful
      U.S. Mail to his owned secondary property, including any orders by Judge Ryan D.
      Nilsestuen directing that no mail be delivered to Plaintiff's property. Such conduct may
      constitute mail fraud and denial of access to courts. Plaintiff preserves the right to
      assert these claims in separate litigation as discovery and investigation develop.

174.  Plaintiff reserves all objections, rights, and remedies available under federal and state
      law, including but not limited to interlocutory or appellate relief.

175.  Plaintiff expressly reserves, and does not assert herein, any causes of action arising
      solely under state law. All such potential claims—including those under Wisconsin or
      California statutes or common law—are intentionally omitted from this Complaint to
      preserve federal-question jurisdiction and venue in this Court. Nothing in this pleading
      shall be construed as a waiver of the right to pursue such state-law claims separately in
      an appropriate forum.

## XIV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, and grant the following relief:

A. **Declaratory Relief**

   1) A declaration that the injunctions entered against Plaintiff in Dane County Case No. 2023CV002928 were void ab initio for lack of personal jurisdiction and in violation of procedural due process.

   2) A declaration that the continuing public maintenance and dissemination of void injunction orders and related docket entries constitute an ongoing deprivation of Plaintiff's liberty, property, and reputational interests under the Fourteenth Amendment.

   3) A declaration that Defendants' conduct, as set forth in Counts 1 through 61, violated Plaintiff's constitutional rights under the Fourteenth Amendment and *42 U.S.C. § 1983.*

B. **Injunctive and Equitable Relief**

   1) An order directing the expungement or permanent sealing of all void injunctions, related docket entries, and collateral records maintained by the Dane County Circuit Court or any associated databases.

   2) An order prohibiting Defendants and their successors from enforcing, relying upon, republishing, or otherwise perpetuating any orders or records arising from Case No. 2023CV002928.

   3) Such other equitable relief as this Court deems just and proper to prevent further constitutional violations.

C. **Compensatory Damages**

    1) For reputational, professional, and economic harm suffered as a direct result of Defendants' unlawful conduct.

    2) For litigation costs, including time and expenses incurred in defending against void proceedings and preserving jurisdictional objections.

    3) For emotional distress and mental suffering proximately caused by Defendants' actions.

D. **Punitive Damages**

    1) Against individual Defendants whose conduct was intentional, reckless, or malicious, in an amount sufficient to punish and deter similar misconduct.

E. **Attorney's Fees and Costs**

    1) An award of reasonable attorney's fees and litigation costs pursuant to *42 U.S.C. § 1988(b)*, notwithstanding Plaintiff's pro se status, to the extent permitted by law.

F. **Additional Relief**

    1. Any further relief this Court deems just and proper.

## XV. VERIFICATION

I, Lee Drone, am the Plaintiff in the above-entitled action. I have read the foregoing Verified

Complaint and know the contents thereof. The same is true of my own knowledge, except as to

those matters stated therein on information and belief, and as to those matters, I believe them to

be true.

I declare under penalty of perjury under the laws of the United States of America and the State of

California that the foregoing is true and correct to the best of my knowledge.

**Dated:** November 3, 2025

Respectfully submitted,



**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff, Pro Se*

# EXHIBIT A

Respondent Information for Service by Sheriff

Filed: November 6, 2023

**STATE OF WISCONSIN, CIRCUIT COURT,** _____ **COUNTY**

PAULA GOODMAN

-vs-

Lee Joseph Orone

**Respondent's Information for Service by Sheriff**

Case No. 23CV2928

**FILED**

**NOV 06 2023**

DANE COUNTY CIRCUIT COURT

The information contained in this form will assist the sheriff's department in serving the respondent with any documents that require personal service, including the temporary restraining order and injunction. Although you may not know all of the requested information, filling out this form as completely and accurately as possible will help avoid unnecessary delays in service. **The information contained in this document is confidential and will not be shared with the respondent.**

If the temporary restraining order and/or injunction is granted, are you requesting that the **sheriff's department serve the documents on the respondent?**  ☒ YES    ☐ NO  (You may hire a private process server at your own expense.)

## RESPONDENT'S INFORMATION [PERSON WHO IS BEING SERVED]:

Name of respondent (First, Middle (full), Last): Lee Joseph Orone

Street Address: 7220 Inama Rd                                      APT. #: _____

City, State, Zip Code: Sauk City, WI 53583    Alias/Nickname(s): _____

Home Phone Number: _____    Cell Phone Number: (925) 557 - 8873

Sex: M    Race: W    Height: ~ 5'9"    Weight: ~200lb
Date of Birth: 05 / 11 / 1979 (If unknown, approximate age: ____)

Hair Color: Black    Eye Color: Brown    Languages Spoken (other than English): _____

Other Distinguishing Features (tattoos, scars, glasses, facial hair, etc.): Lazy Eye

Best time to serve at home: Any

Best time to serve at work: _____

Employer Name: Workday    Employer Address: 610 Stoneridge Mall Road, Pleasanton CA 9458.

Employer Phone Number: _____    Work Schedule: _____

Make/Model of Vehicle: Lexus RX 450 HL    License Plate No. (if known): ASE - 3353

Vehicle Color (including unique characteristics such as paint, dents, etc.): Green

Additional information to help sheriff in locating the respondent
(other places the respondent may be staying, including addresses; any other court dates):

_____
_____

Does the respondent carry or possess any weapons? ☐ Yes  ☒ No
If Yes, how many, what kinds, and where are they carried/stored? His parents own firearms that he claims he have access to

Is the respondent a heavy drinker? ☒ Yes  ☐ No _____  Drug user? ☒ Yes  ☐ No _____

Describe any history of violence, other than what is in the Petition: Found guilty and charge with battery, intimidation to a victim, dissuading reporting on Feb 2021

Are you requesting the respondent to leave the residence? ☐ Yes  ☐ No

**CONFIDENTIAL COURT RECORD**
CV-420, 11/19 Respondent's Information for Sheriff to Effect Service    §813.12(6)(ag)2., 813.122(9)(a)2., 813.123(8)(a)2., and 813.125(5g)(cm)2., Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**
Page 1 of 2

## PETITIONER'S INFORMATION [PERSON WHO IS REQUESTING THE SERVICE]:

Petitioner's Name (First, Middle (full), Last): PAULA GOODMAN

Street Address: 1430 Ellen Avenue    APT. #: _____

City, State, Zip Code: Madison, WI, 53716

Home Phone Number: _____ Cell Phone Number: (608) 630 4363

Email Address: INFO @ PAULAGOODMAN. ORG

Name of parent/legal guardian (if filing on behalf of the petitioner): _____

Can the sheriff leave a voicemail at this number?  Home Phone: ☐ Yes   ☐ No      Cell Phone: ☒ Yes   ☐ No

Is there a 72-hour no contact order in effect?   ☐ Yes   ☒ No
If Yes, when does it expire? _____

Please note any special instructions for contacting you or any other information you would like to provide:
_____
_____
_____

**IF THIS IS A HARASSMENT TEMPORARY RESTRAINING ORDER OR INJUNCTION, AND THE FILING FEE IS NOT WAIVED BY THE COURT, THE SHERIFF'S DEPARTMENT MAY CHARGE A FEE FOR SERVICE THAT MUST BE PAID DIRECTLY TO THE SHERIFF.**

▶ _____
Petitioner's Signature

PAULA GOODMAN
Name Printed or Typed

Date 11/06/2023    State Bar No. (if any)

**CONFIDENTIAL COURT RECORD**
CV-420, 11/19 Respondent's Information for Sheriff to Effect Service    §813.12(6)(ag)2., 813.122(9)(a)2., 813.123(8)(a)2., and 813.125(5g)(cm)2., Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 2 of 2

# EXHIBIT B

YES Energy Utility Bill

Filed: December 13, 2023



For inquiries about your utility billing statement please contact our 24 hour 7 days a week
YES Customer Service at (844) 528-9722 or by email at yescs@yesenergymgmt.com
You can also visit our website at www.yesenergymgmt.com

**THE VERDANT**

**Community Message:** Please make all payments through our online Resident Portal (www.verdant-apts.com) and contact the leasing office for billing disputes or inquiries.

**RESIDENT NAME:** LEE DRONE
**RESIDENT ID** ✕✕✕✕
**ADDRESS:** 3700 Casa Verde Street #2304 San Jose, CA 95134
**UNIT NUMBER:** 2304

**BILLING PERIOD:** 10/31/2023 - 11/30/2023
**BILLING DAYS:** 30 Days
**STATEMENT DATE:** 12/13/2023
**DUE DATE:** 01/01/2024

**-ACCOUNT DETAIL-**

| Utility | Meter Info | Previous | Current | Multiplier | Usage | Unit | EST |
|---------|-----------|----------|---------|-----------|-------|------|-----|
| WATER | 2304_CASA_3 | 272,648.00 | 273,967.00 | 0.01 | 13.1900 | 100GAL | |

| WATER PROFILE | | | |
|---|---|---|---|
| | Current | Last Month | Last Year |
| | $14.23 | $2.21 | |
| | 13.1900 100GAL | 2.0500 100GAL | |

**CHARGE SUMMARY**

| | COST SUB-TOTAL |
|---|---|
| Total Trash Charges | 15.75 |
| Total Water Charges | 22.42 |
| Total Wastewater Charges | 35.75 |
| Total Pest Control Charges | 1.75 |
| Utility Admin Fee | 3.50 |

| AMOUNT DUE | 79.17 |
|---|---|

Detach Payment Coupon Here

**YES ENERGY** MANAGEMENT

3700 Casa Verde Street
San Jose, CA 95134

To pay online visit www.verdant-apts.com

| 1316 | |
|---|---|
| **THE VERDANT** | |
| **RESIDENT ID** | ✕✕✕✕ |
| **STATEMENT DATE** | 12/13/2023 |
| **DUE DATE** | 01/01/2024 |
| **AMOUNT DUE** | 79.17 |
| **AMOUNT ENCLOSED** | |

Remit To
**THE VERDANT**
3700 Casa Verde Street

San Jose, CA 95134

**LEE DRONE**
3700 Casa Verde Street #2304
San Jose, CA 95134

# EXHIBIT C

Decision and Order Granting Motion to Reopen and Vacate

Filed: February 17, 2025

FILED
02-17-2025
CIRCUIT COURT
DANE COUNTY, WI
2023CV002928

BY THE COURT:

DATE SIGNED: February 17, 2025

<u>Electronically signed by Ryan D. Nilsestuen</u>
Circuit Court Judge

| | | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT BRANCH 10 | DANE COUNTY |

PAULA GOODMAN,

    Petitioner,

                                      **Decision and Order Granting
Motion to Reopen and Vacate**

v.                                             Case No.  2023CV2928

LEE DRONE,

    Respondent.

## INTRODUCTION

The Respondent, Lee Drone, moves the Court to reopen and vacate the injunction granted on November 27, 2023. Only the Respondent filed a brief in this matter. As discussed below, pursuant to Wis. Stat. § 806.07(1)(d), the injunction is void as a matter of law because the Respondent was not properly served by publication. Accordingly, the Court concludes that it erred in exercising jurisdiction over the Respondent.

## PROCEDURAL HISTORY

After her first Temporary Restraining Order ("TRO") was dismissed, the Petitioner filed the petition for a TRO and injunction in this case on November 6, 2023. *See* Dkt. 10:3. One week later, on November 13, 2023, an injunction hearing was held. At this

hearing, the presiding judge granted a two-week extension and discussed service by publication with the Petitioner. On November 18, 2023, a legal notice for the upcoming injunction hearing was published in the Wisconsin State Journal. *See* Dkt. 7. Two days later, on November 20, 2023, the sheriff attempted service at respondent's parents' address. *See* Dkt. 10:1.

On November 27, 2023, the injunction hearing was held, and the Court granted the requested injunction for four years. Two days later, the sheriff's affidavit of non-service was filed with the Court. *See* Dkt. 10. The Respondent was eventually served with notice of the injunction in May 2024. On October 16, 2024, the Respondent filed a motion to reopen and vacate the injunction granted on November 27, 2023. *See* Dkt. 14.[1] Relying on several provisions of Wis. Stat. § 806.07(1), the Respondent alleges the Court lacked personal jurisdiction, the Petitioner's attempted service constituted misconduct, and that his own failure to attend the hearing was a result of surprise and excusable neglect. *See generally* Dkt. 14. On January 21, 2025, the Court held an evidentiary hearing on the motion.

LEGAL STANDARD

A circuit court has discretion to grant or deny a motion for relief from default judgment. Relief from a judgment may be granted if a "judgment is void." Wis. Stat. § 806.07(1)(d). If a court lacks personal jurisdiction, then a judgment is void. *PHH Mortg. Corp. v. Mattfeld*, 2011 WI App 62, ¶ 7, 333 Wis. 2d 129, 799 N.W.2d 455 (citing *Richards v. First Union Secs.*, 2006 WI 55, ¶ 15, 290 Wis.2d 620, 714 N.W.2d 913).

---

[1] The Respondent was the subject of another harassment injunction, 2023CV2927, but the Respondent did not file a motion to reopen that case. Therefore, this order is limited to 2023CV2928.

## DISCUSSION

The Respondent's motion to reopen and vacate is resolved by addressing the personal jurisdiction argument. Service by publication can be used for harassment injunctions if a circuit court makes one of two findings: (1) petitioner exercised "reasonable diligence" in attempting to personally serve respondent under § 801.11(1)(a) or (b), *see* Wis. Stat. § 801.11(1)(c), or (2) if time for the hearing was extended, that personal service under WIS. STAT. § 801.11(1)(a) or (b) was unsuccessful because respondent is "avoiding service by concealment or otherwise". *See* Wis. Stat. § 813.125(2)(a); *see also Flynn*, 2024 WL 4701981 (unpublished, cited for persuasive value only), ¶ 16. If the latter finding is made, a petitioner may publish the legal notice as a class 1 notice rather than a class 3 notice. *Compare* Wis. Stat. § 813.125(2)(a) *with* Wis. Stat. § 801.11(1)(c).

Here, the Petitioner could avail herself of either option because the Court extended the time for a hearing under Wis. Stat. § 813.25(3)(c). Assuming the Petitioner exercised reasonable diligence in attempting to personally serve Respondent, option one was not properly exercised because it would have required publication of a class 3 notice. *See* Wis. Stat. § 801.11(1)(c); *see also* Wis. Stat. § 985.07(3). Nor was option two properly used. The sheriff's affidavit of non-service says nothing about "avoiding service by concealment or otherwise" and was filed after the injunction was granted. Accordingly, service by publication was not effective and the Court did not have personal jurisdiction.

Notwithstanding the above problem, the Petitioner's publication was still insufficient for this Court to find personal jurisdiction. Under Wis. Stat. § 985.02(1), "a legal notice shall be published in a newspaper likely to give notice in the area or to the person affected." Here, the Petitioner published the requisite legal notice in the Wisconsin

3

State Journal on November 18. *See* Dkt. 7. However, as shown at the evidentiary hearing, the Petitioner was aware that the Respondent lived in California and was in California at the time in question. See Dkt. 25:14. Accordingly, efforts to publish the notice in California were likely required. *See, e.g., Am. Fam. Mut. Ins. Co. v. Warden*, 2009 WI App 41, ¶ 10, 316 Wis. 2d 774, 766 N.W.2d 242 (notice published in Milwaukee was insufficient to give notice to someone living in Illinois).

## DECISION AND ORDER

For the reasons state above, the Court did not have personal jurisdiction over Respondent and therefore, his motion to reopen and vacate is GRANTED. The petition is DISMISSED WITHOUT PREJUDICE.

# EXHIBIT D

Motion to Vacate Injunction, Ensure Dismissal, and for Perjury Sanctions
Against Paula Goodman

Filed: March 28, 2025

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **DANE COUNTY**
**BRANCH 10**

---

Case No.: 2023CV002928

**LEE DRONE,**
**Defendant,**

v.

**PAULA GOODMAN,**
**Plaintiff.**

---

### MOTION TO VACATE INJUNCTION, ENSURE DISMISSAL, AND FOR PERJURY SANCTIONS AGAINST PAULA GOODMAN

---

NOW COMES the Defendant, **Lee Drone**, and hereby moves this Court to:

1. **Vacate the injunction entered in this matter,**

2. **Deny Plaintiff's motion to reopen and reconsider,**

3. **Expunge all records related to the injunction, and**

4. **Impose sanctions against Plaintiff, Paula Goodman, for perjury.**

In support of this motion, Defendant states as follows:

---

**STATEMENT OF FACTS**

1. Case No. 2023CV002928 was initiated by **Paula Goodman** against **Lee Drone**, seeking an injunction.

2. Separately, **Case No. 2023CV002927** was initiated by **Ian Goodman** against **Lee Drone**, also seeking an injunction.

3. **On November 27, 2023, the court entered a default judgment granting an injunction against Defendant in this case, based on findings that Defendant had been properly served. However, Defendant had not actually been served.**

4. In **Case No. 2023CV002928,** Paula Goodman provided testimony regarding Defendant's address and service, falsely asserting that Defendant had been properly served and was residing in Wisconsin at the time.

5. On **January 21, 2025,** Ian Goodman **testified as a witness in this case (2023CV002928) and admitted under oath that he knew Defendant was in California at the relevant time and had not been served.**

6. As a result of Ian Goodman's testimony, **the court dismissed Case No. 2023CV002928.** However, the **injunction has not been formally vacated,** leaving a record of an injunction that was based on fraudulent testimony.

7. **Opposing counsel has since moved to reopen and reconsider the case,** despite the fact that the case was dismissed based on fraudulent testimony.

8. Paula Goodman's prior testimony regarding Defendant's service and location was **false and knowingly misleading,** as she had claimed Defendant was in Wisconsin despite knowing this to be untrue.

9. Paula Goodman's **false testimony directly influenced the court's decision to enter the injunction on November 27, 2023,** constituting perjury under Wis. Stat. § 946.31.

## LEGAL BASIS FOR RELIEF

### A. The Injunction Should Be Vacated and Expunged

Since the injunction was granted based on false testimony and has already been dismissed, it must now be **formally vacated and expunged from the record** to prevent any lasting impact on Defendant. A dismissed case does not automatically remove the injunction from records, necessitating this request.

### B. The Motion to Reopen and Reconsider Should Be Denied

Wisconsin courts recognize that a case **dismissed due to fraud or misrepresentation should not be reopened to give the fraudster another opportunity to litigate**. Opposing counsel's attempt to reopen the case seeks to reverse the consequences of their own client's false statements.

### C. Perjury and Fraud on the Court Warrant Sanctions

Perjury is defined under **Wis. Stat. § 946.31** as knowingly making a false statement under oath in a material matter. Paula Goodman's false statements regarding Defendant's residence and service directly led to the injunction, making them material misrepresentations.

Additionally, knowingly misleading the court constitutes **fraud on the court**, warranting sanctions.

**RELIEF REQUESTED**

WHEREFORE, Defendant **Lee Drone** respectfully requests that this Court:

1. **Formally vacate the injunction entered in Case No. 2023CV002928**, ensuring no record of it remains.

2. **Deny Plaintiff's motion to reopen and reconsider** on the grounds that the case was dismissed due to fraudulent testimony.

3. **Expunge all records related to the injunction**, ensuring it does not appear in public or legal records.

4. **Refer Paula Goodman's perjury to the appropriate authorities** for criminal investigation under **Wis. Stat. § 946.31.**

5. **Impose sanctions against Paula Goodman** for her misconduct.

6. **Grant any other relief** the Court deems just and equitable.

Dated this $28$ day of March, 2025.

Respectfully submitted,

Lee Drone

**Lee Drone**

**Fax: 650.523.9988**

**Defendant**