**STATE OF WISCONSIN**          **CIRCUIT COURT**          **DANE COUNTY**
                                **BRANCH 10**

---

**Case No.: 2023CV002928**

**LEE DRONE,**
**Defendant,**

**v.**

**PAULA GOODMAN,**
**Plaintiff.**

---

**AFFIDAVIT OF LEE DRONE IN SUPPORT OF MOTION TO VACATE INJUNCTION, ENSURE DISMISSAL, AND FOR PERJURY SANCTIONS AGAINST PAULA GOODMAN**

---

I, **Lee Drone**, being duly sworn under oath, state as follows:

1. I am the **Defendant** in this matter and submit this affidavit in support of my **Motion to Vacate Injunction, Ensure Dismissal, and for Perjury Sanctions Against Paula Goodman.**

2. **On November 27, 2023,** the Court entered a default judgment granting an injunction against me in this case.

3. This judgment was based on a finding that I had been properly served with the summons and complaint at a Wisconsin address.

4. I was **never served in this matter** and was, in fact, residing in **California** at the time.

5. **Paula Goodman provided testimony in this case** regarding my service and residence, falsely stating that I was properly served in Wisconsin.

6. **On January 21, 2025, during a hearing in this case, Ian Goodman testified under oath that he knew I was in California at the relevant time and had not been served.**

7. Based on this testimony, the Court **dismissed this case.**

8. Despite this dismissal, **opposing counsel has filed a motion to reopen and reconsider,** attempting to revive the case.

9. Paula Goodman's false statements in her testimony constitute **perjury under Wis. Stat. § 946.31,** as they directly influenced the Court's decision to grant the injunction.

10. Because the injunction was obtained based on fraudulent testimony, it must be **formally vacated and expunged** from my record.

11. I respectfully request that the Court **deny the motion to reopen and reconsider,** ensuring that the case remains dismissed.

12. Further, I request that the Court **refer Paula Goodman's perjury for investigation and impose sanctions** for knowingly misleading the Court.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: _____ 03-28 _____, 2025.

Signature: _____

Lee Drone

Subscribed and sworn before me this 28 day of March, 2025.

Notary Public, State of California

My Commission Expires: 06/06/2028

See attached 36
California
Notarization

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of __Santa Clara__

Subscribed and sworn to (or affirmed) before me on

this __28__ day of __March__ , 20 __25__ .

by__ Lee Drone __

proved to me on the basis of satisfactory evidence to be the person(s) who

appeared before me.

Signature _____

JOSUE ESCALANTE
Notary Public - California
Santa Clara County
Commission # 2492002
My Comm. Expires Jun 6, 2028

(Seal)

**Optional Information:**

Title of Document: _Affidavit of Lee Drone in support of motion to vacate injunction_
_Ensure Dismissal and for perjury sanctions against Paula Beebran_

Number of pages (not including this attachment) : 2

# EXHIBIT E

Paula Goodman's April 22, 2025 Reply Brief

Filed: April 22, 2025

FILED
04-22-2025
CIRCUIT COURT
DANE COUNTY, WI
2023CV002928

STATE OF WISCONSIN        CIRCUIT COURT        DANE COUNTY
                                BRANCH 10

---

PAULA GOODMAN,                          *

                        Petitioner,        *

-vs-                                    *        Case No.        2023 CF 2928

LEE JOSEPH DRONE,                       *

                        Respondent.

---

**PETITIONER PAULA GOODMAN'S REPLY BRIEF IN SUPPORT OF HER
MOTION TO RECONSIDER THE DECISION TO REOPEN AND DISMISS HER
PETITION FOR ND INJUNCTION**

---

Petitioner Paula Goodman, by her attorney, A. Steven Porter, submits the

following as her reply to respondent's responses to her motion to reconsider the decision

of the Court, dated February 17, 2025, reopening this case and vacating the injunction

issued for lack of personal jurisdiction over the respondent.

In its decision, the Court concluded that petitioner had not had a proper basis for

service by Class 1 publication under Wis. Stat. § 813.125(2)(a) because she had not

sufficiently shown that respondent was "avoiding service by concealment or otherwise."

Dkt. #28: 3. The Court further concluded that, nonetheless, petitioner's service by

publication was insufficient to establish personal jurisdiction over respondent because it

had not been "published in a newspaper likely to give notice in the area or to the person

affected[,]" as required by . Wis. Stat. § 985.02(1), because petitioner had published in

Wisconsin, but not in California. Id. *See* Dkt. 7. The Court found that it was "shown at

the evidentiary hearing, the Petitioner was aware that the Respondent lived in California

and was in California at the time in question. See Dkt. 25:14." Id. at 4. Thus, the Court

concluded, that publication in California was "likely required." Id.

Petitioner has asked the Court to reconsider because:

1)    There is no basis in the record for the Court's finding that

petitioner knew respondent was residing in California at the time she published.

The testimony cited by the Court at page 14 of the January 23, 2025 hearing

transcript in support of its finding that petitioner knew that respondent was residing in

California at the time she published notice of her petition was respondent's testimony,

and not petitioner's. Ian Goodman, petitioner's spouse, testified that petitioner had

diligently attempted to serve respondent at every address in California they knew of for

him, but was informed that respondent had not resided at those addresses for months.

Dkt. #25:19. Mr. Goodman testified that the last indication he had of respondent's

whereabouts before publishing petitioner's notice was from respondent's parents who

told him in November, 2023, that respondent was staying with them in Wisconsin and

had upcoming medical appointments. Id.

2)    Attorney Klein's affidavit, and the exhibits attached to it, in

support of petitioner's motion for reconsideration clearly document the evasive actions

respondent has engaged in for years to conceal his location and evade service.

3)    Attorney Klein's affidavit, and the exhibits attached to it, in

support of petitioner's motion for reconsideration also clearly document that respondent's

driver's license and vehicle title registration establish that respondent's legal residence at

the time of publication was in Wisconsin.

4)    Attorney Klein's affidavit, and the exhibits attached to it, in support of petitioner's motion for reconsideration clearly document a conversation between respondent and Ian Goodman, in September, 2023, just three months before the time of publication, in which respondent insists he resides in Wisconsin, not in California.

5)    If the Court's Order to vacate and dismiss petitioner's injunction and petition stands, all the evidence indicates that respondent will continue his cat-and-mouse strategy to evade petitioner's attempts to re-serve him.

In the alternative, petitioner argues that, if the Court decides not to reconsider its decision to reopen and vacate, it should, nevertheless put the case on for a hearing on the merits, because respondent has now submitted to the personal jurisdiction of the Court. By filing his motions with the Court for affirmative relief in the form of sanctions and penalties against petitioner, firearm restrictions against petitioner and prohibitions against petitioner filing further lawsuits against him, Dkt. ## 44-50, respondent has attempted to invoke and, thereby, has submitted to the jurisdiction of this Court. *Kildea v. Kildea*, 143 Wis. 2d 108, 113 (Ct. App. 1988)("It is well settled in this court that if a litigant desires to avail himself of want of jurisdiction of his person he must keep out of court for all purposes except that of objecting to jurisdiction …. If he takes any step consistent with the idea that the court has jurisdiction of his person, such appearance amounts to a general appearance and gives the court jurisdiction for all purposes. *Stroup v. Career Academy of Dental Technology-Washington, D.C., Inc.*, 38 Wis. 2d 284, 288, 156 N.W.2d 358, 360 (1968).").

3

For these reasons, petitioner's motion for reconsideration should be granted and the injunction reinstated or, in the alternative, the question of whether an injunction is warranted be put on for a hearing on the merits.

Dated this 22nd day of April, 2025.

_Electronically signed by /s/ A. Steven Porter_
A. Steven Porter
State Bar No. 1000195
Attorney for Petitioner
Paula Goodman

P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
Fax: (608) 819-6466
(608) 698-9319 (cell)
asp5949@gmail.com

# EXHIBIT F

Request for Service Address and Unlawful Conditioning

Filed: April 30, 2025

 **Gmail**

**Lee Drone <lee.drone@gmail.com>**

## Request for Service Address – Case No. 2024CV001149

**Lee Drone** <lee.drone@gmail.com>                              Wed, Apr 30, 2025 at 1:15 PM
To: Peter Bear <peterbearlaw@gmail.com>

Dear Mr. Bear,

I am contacting you in your capacity as a named defendant in the above-captioned case. I would like to confirm your preferred address for formal service of documents.

Please let me know at your earliest convenience.

Respectfully,

Lee Drone
lee.drone@gmail.com
Fax: 650-523-9988

Gmail - Request for Service Address – Case No. 2024CV001149

 **Lee Drone <lee.drone@gmail.com>**

## Request for Service Address – Case No. 2024CV001149

**Peter Bear** <peterbearlaw@gmail.com>                                    Wed, Apr 30, 2025 at 2:03 PM
To: Lee Drone <lee.drone@gmail.com>
Cc: Steve Porter <asp5949@gmail.com>

Dear Mr. Drone:

Thanks for your email requesting a preferred address for service. Attorney A. Steven Porter will represent me in this matter. He will accept service for me, and you may send other documents to him as well.

Thank you.

Sincerely,

Peter D. Bear
[Quoted text hidden]

Gmail - Request for Service Address – Case No. 2024CV001149

 Gmail

**Lee Drone <lee.drone@gmail.com>**

## Request for Service Address – Case No. 2024CV001149

**Lee Drone** <lee.drone@gmail.com>
To: Steve Porter <asp5949@gmail.com>

Thu, May 1, 2025 at 11:08 AM

Hi Steve,

Can you please provide me with an address for Service regarding the below matter? thanks in advance.

---------- Forwarded message ---------
From: **Peter Bear** <peterbearlaw@gmail.com>
Date: Wed, Apr 30, 2025 at 2:04 PM
Subject: Re: Request for Service Address – Case No. 2024CV001149
To: Lee Drone <lee.drone@gmail.com>
Cc: Steve Porter <asp5949@gmail.com>

Dear Mr. Drone:

Thanks for your email requesting a preferred address for service. Attorney A. Steven Porter will represent me in this matter. He will accept service for me, and you may send other documents to him as well.

Thank you.

Sincerely,

Peter D. Bear

9/8/25, 11:26 PM                                    Gmail - Request for Service Address – Case No. 2024CV001149

 Gmail                                               **Lee Drone <lee.drone@gmail.com>**

# Request for Service Address – Case No. 2024CV001149

**Steve Porter <asp5949@gmail.com>**                                 Thu, May 1, 2025 at 11:22 AM
To: Lee Drone <lee.drone@gmail.com>
Cc: Peter Bear <peterbearlaw@gmail.com>

Hi, Lee,

You can use my P.O. Box indicated in my signature bloc below. However, I will only accept service on Peter's behalf on the condition that, if you don't join the circuit court e-filing system, you will allow me to serve you by email with all documents I subsequently file with the Court throughout the case.

Also, attached are certain e-filings I have made in various of your cases with the Goodmans recently. I don't know whether you have received copies or not.

Best,

Steve Porter
[Quoted text hidden]
--
A. Steven Porter
Attorney at Law
P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
asp5949@gmail.com

---

**3 attachments**

 **P Reply Brief.pdf**
154K

 **D Mot Dismiss.pdf**
117K

 **D Brief in Support Mot Dismiss.pdf**
1113K

 **Gmail**

**Lee Drone <lee.drone@gmail.com>**

## Request for Service Address – Case No. 2024CV001149

**Steve Porter** <asp5949@gmail.com>                                    Thu, May 1, 2025 at 11:57 AM
To: Lee Drone <lee.drone@gmail.com>
Cc: Peter Bear <peterbearlaw@gmail.com>

Lee,

I want to amend my prior pre-condition for accepting service of the Summons and Complaint in your case against Peter.

In addition to agreeing to accept service by email of all documents filed in that case, you must agree to accept service by email of all filings in all of the cases with the Goodmans.

Let me know whether this is agreeable to you.

Best,

Steve

On Thu, May 1, 2025 at 1:22 PM Steve Porter <asp5949@gmail.com> wrote:
> Hi, Lee,
>
> You can use my P.O. Box indicated in my signature bloc below. However, I will only accept service on Peter's behalf on
> the condition that, if you don't join the circuit court e-filing system, you will allow me to serve you by email with all
> documents I subsequently file with the Court throughout the case.
>
> Also, attached are certain e-filings I have made in various of your cases with the Goodmans recently. I don't know
> whether you have received copies or not.
>
> Best,
>
> Steve Porter
>
> On Thu, May 1, 2025 at 1:08 PM Lee Drone <lee.drone@gmail.com> wrote:
>> Hi Steve,
>>
>> Can you please provide me with an address for Service regarding the below matter? thanks in advance.
>>
>> ---------- Forwarded message ---------
>> From: **Peter Bear** <peterbearlaw@gmail.com>
>> Date: Wed, Apr 30, 2025 at 2:04 PM
>> Subject: Re: Request for Service Address – Case No. 2024CV001149
>> To: Lee Drone <lee.drone@gmail.com>
>> Cc: Steve Porter <asp5949@gmail.com>
>>
>>
>> Dear Mr. Drone:
>>
>> Thanks for your email requesting a preferred address for service. Attorney A. Steven Porter will represent me in this
>> matter. He will accept service for me, and you may send other documents to him as well.
>>
>> Thank you.
>>
>> Sincerely,
>>
>> Peter D. Bear
>>
>> --

A. Steven Porter
Attorney at Law
P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
asp5949@gmail.com


--
A. Steven Porter
Attorney at Law
P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
asp5949@gmail.com

# EXHIBIT G

Defendant's Motion to Strike Filings for Failure to Serve

Filed: May 6, 2025

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **DANE COUNTY**
**BRANCH 10**

---

**Case No.: 2023CV002928**

**Lee Drone,**
**Defendant,**

v.

**Paula Goodman,**
**Plaintiff.**

---

### DEFENDANT'S MOTION TO STRIKE FILINGS FOR FAILURE TO SERVE

---

COMES NOW Defendant Lee Drone, appearing pro se, and respectfully moves this Court to

strike specific filings for failure to comply with Wis. Stat. § 801.14(1), and to seek appropriate

relief to ensure procedural fairness. In support thereof, Defendant states as follows:

---

## I. FILINGS NOT SERVED ON DEFENDANT

The following filings were submitted by Plaintiff or Plaintiff's counsel without proper service

upon Defendant:

- Transcript filed January 23, 2025 (01/21/2025 hearing)

- Transcript filed February 4, 2025 (11/13/2023 hearing)

- Motion to Reconsider by Attorney Joseph Klein (filed February 25, 2025)

- Transcript filed April 4, 2025 (12/05/2024 hearing)
- Transcript filed April 4, 2025 (11/27/2023 hearing)
- Petitioner Paula Goodman's Reply (filed April 22, 2025) – was sent via email by attorney Porter on 05/01/2025 (unapproved service method for this case)

None of these documents were served via U.S. mail, fax, personal delivery, or any other authorized means under Wisconsin law.

## II. VIOLATION OF WIS. STAT. § 801.14(1)

Wis. Stat. § 801.14(1) requires that every written motion and notice be served on each party. The above filings were submitted without notice, denying Defendant the opportunity to review or respond, and rendering them procedurally defective.

## III. ATTEMPT TO CONDITION SERVICE OUTSIDE LEGAL AUTHORITY

On May 1, 2025, Attorney A. Steven Porter sent an email conditioning acceptance of service in a separate matter (Drone v. Bear) on Defendant's agreement to accept email service in all Goodman-related cases. No court order or stipulation authorizes such an arrangement. (**See Exhibit A.**)

This attempt to consolidate service across unrelated matters exceeds the scope of permissible practice under Wis. Stat. § 801.14(1).

## IV. GROUNDS FOR DISQUALIFICATION OF COUNSEL

Given the pattern of procedural irregularities—failure to serve and attempts to impose global

service agreements—Defendant respectfully moves the Court to disqualify Attorney A. Steven

Porter as counsel of record in this matter.

These practices undermine the fairness of the proceedings and impede Defendant's access to due

process.

## V. REQUEST FOR RELIEF

Defendant respectfully requests that the Court:

1. Strike the filings listed in Section I;
2. Bar their use in this and any related proceedings unless proper service is documented;
3. Require Plaintiff's counsel to file proof of service with all future filings;
4. Refer the conduct described herein to the Wisconsin Office of Lawyer Regulation (OLR);
5. Disqualify Attorney A. Steven Porter as counsel of record in this matter;
6. Grant such other relief as the Court deems just and proper.

Dated: May 6th, 2025

**Lee Drone**

3964 Rivermark Plaza, Unit 2514
Santa Clara, CA 95054
Fax: (650) 523-9988
Defendant

---

**ATTACHED EXHIBITS**

**Exhibit A** – Conditional Service Demand Email from Attorney A. Steven Porter

**EXHIBIT A**

**Conditional Service Demand Email from Attorney A. Steven Porter**
**Re: Case No. 2024CV001149 and Related Matters**

**Date:** May 1, 2025
**From:** A. Steven Porter (asp5949@gmail.com)
**To:** Lee Drone (lee.drone@gmail.com)
**Cc:** Peter Bear (peterbearlaw@gmail.com)

**Subject:** "Request for Service Address – Case No. 2024CV001149"

**Summary:**

This exhibit includes correspondence from Attorney A. Steven Porter wherein he attempts to

condition the acceptance of service in one case (Drone v. Bear) on the Defendant's agreement to

accept service by email in **all other pending matters** involving the Goodmans. No stipulation or

mutual agreement was entered. The correspondence demonstrates an attempt to consolidate

unrelated service obligations without formal consent, in violation of **Wis. Stat. § 801.14(1)** and

basic due process.

**Purpose:**

Submitted in support of Defendant's **Motion to Strike for Failure to Serve** in **Case No.**

**2023CV002928**. This exhibit reflects relevant conduct by Plaintiff's counsel that contributed to a

lack of formal service and obstruction of the Defendant's ability to respond.

5/3/25, 12:30 PM                                      Gmail - Request for Service Address – Case No. 2024CV001149

 Gmail                                                **Lee Drone <lee.drone@gmail.com>**

## Request for Service Address – Case No. 2024CV001149

**Steve Porter** <asp5949@gmail.com>                                      Thu, May 1, 2025 at 11:57 AM
To: Lee Drone <lee.drone@gmail.com>
Cc: Peter Bear <peterbearlaw@gmail.com>

Lee,

I want to amend my prior pre-condition for accepting service of the Summons and Complaint in your case against Peter.

In addition to agreeing to accept service by email of all documents filed in that case, you must agree to accept service by email of all filings in all of the cases with the Goodmans.

Let me know whether this is agreeable to you.

Best,

Steve
[Quoted text hidden]

**STATE OF WISCONSIN**         **CIRCUIT COURT**         **DANE COUNTY**
                              **BRANCH 10**

---

**Case No.: 2023CV002928**

**Lee Drone,**
**Defendant,**

**v.**

**Paula Goodman,**
**Plaintiff.**

---

### AFFIDAVIT IN SUPPORT OF MOTION TO STRIKE FOR FAILURE TO SERVE

---

I, Lee Drone, being duly sworn, state the following under oath:

1. I am the Defendant in the above-captioned matter. I make this affidavit based on my personal knowledge and in support of my Motion to Strike Filings for Failure to Serve.

2. I have not received proper service—by mail, fax, personal delivery, or electronic means—of the following filings submitted by Plaintiff or Plaintiff's counsel in this case:

   - Transcript filed January 23, 2025 (01/21/2025 hearing)

   - Transcript filed February 4, 2025 (11/13/2023 hearing)

   - Motion to Reconsider by Attorney Joseph Klein (filed February 25, 2025)

   - Transcript filed April 4, 2025 (12/05/2024 hearing)

   - Transcript filed April 4, 2025 (11/27/2023 hearing)

- Petitioner Paula Goodman's Brief Reply (filed April 22, 2025) – was sent via email by attorney Porter on 05/01/2025 (unapproved service method for this case)

3. In one instance, I received an Paulas Reply Brief (filed April 22, 2025) via email on May 1, 2025, The remaining documents were not served on me in any form.

4. On May 1, 2025, I received an email from Attorney A. Steven Porter in which he attempted to condition his acceptance of service in a separate case on my agreement to accept email service across all cases involving the Goodman parties. I did not agree to this arrangement.

5. I have never stipulated to waive formal service in this case or any related matters, and no court order authorizing consolidated or email service exists.

6. The failure to provide proper service has prejudiced my ability to review, respond to, or object to filings that materially affect my rights.

7. I respectfully request that the Court strike the listed filings, disqualify Attorney Porter from continued representation in this matter, and grant the other relief requested in my Motion.

---

Dated: May 6th, 2025

Lee Drone
3964 Rivermark Plaza, Unit 2514
Santa Clara, CA 95054
Fax: (650) 523-9988
Defendant

---

**CALIFORNIA NOTARY JURAT**

**STATE OF CALIFORNIA**
**COUNTY OF** [ ~~Santa Clara~~ ]

Subscribed and sworn to (or affirmed) before me on this _6_ day of _May_____, 2025, by **Lee Drone**, proved to me on the basis of satisfactory evidence to be the person who appeared before me.                                                    See attached ℃
                                                         California
_____              Notarization
Notary Public, State of California
My Commission Expires: _06/26/2208_

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ___Santa Clara___

Subscribed and sworn to (or affirmed) before me on

this ___6___ day of ___May___, 20 25 .

by ___Lee Drone___

proved to me on the basis of satisfactory evidence to be the person(s) who

appeared before me.

Signature ___

JOSUE ESCALANTE
Notary Public - California
Santa Clara County
Commission # 2492002
My Comm. Expires Jun 6, 2028

(Seal)

**Optional information:**

Title of Document: Affidovit in support of motion to strike for faslive to serve

Number of pages (not including this attachment) : 3

# EXHIBIT H

Decision and Order on Motions and Subsequent Hearing Notices

Filed: May 12–13, 2025

BY THE COURT:

DATE SIGNED: May 12, 2025

Electronically signed by Ryan D. Nilsestuen
Circuit Court Judge

STATE OF WISCONSIN        CIRCUIT COURT        DANE COUNTY
                            BRANCH 10

Paula Goodman
        Petitioner                    Decision and Order on Motions
        vs.
Lee Drone                              Case No.  23CV2928
        Respondent

## INTRODUCTION

By a decision dated February 17, 2025, the Court reopened and vacated its judgment in this matter. The Court further dismissed the petition without prejudice. Dkt. 28. The petitioner, Paula Goodman, filed a motion to reopen and reconsider. Dkt. 29. In addition, the respondent, Lee Drone, filed several motions with the Court. For the reasons stated below, the Court is granting Ms. Goodman's motion in-part.

## DISCUSSION

Pursuant to Wis. Stat. § 805.17(3), upon a motion, the Court may "amend its findings or conclusions or make additional findings or conclusions and may amend the judgment accordingly." To prevail on a motion for reconsideration, a movant must "present either newly discovered evidence or establish a manifest error of law or fact." *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶ 44. A "manifest error" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.*

Postal Annex 449

## ORDER

For the reasons stated above, the Court is GRANTING Ms. Goodman's motion in-part to reopen the case. The Court will issue a scheduling order for an injunction and motion hearing.

**STATE OF WISCONSIN**                 **CIRCUIT COURT**                 **DANE COUNTY**

FILED
05-13-2025
CIRCUIT COURT
DANE COUNTY, WI
2023CV002928

Paula Goodman vs. Lee Joseph Drone                 **Notice of Hearing**

Case No: 2023CV002928

LEE JOSEPH DRONE
3964 RIVERMARK PLAZA UNIT #2514
SANTA CLARA CA 95054

This case is scheduled for: **Motion hearing**

| NOTICE OF HEARING | | |
|---|---|---|
| Date<br>05-27-2025 | Time<br>02:00 pm | Location<br>8th Floor, Courtroom 8C - Branch 10<br>215 S Hamilton Street<br>Madison WI 53703-3285 |
| Circuit Court Judge/Circuit Court Commissioner<br>Ryan D. Nilsestuen | | |
| Re<br>Harassment Restraining Order | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 608-266-4311 prior to the scheduled court date. Please note that the court does not provide transportation.**

Dane County Circuit Court
Date: May 13, 2025

DISTRIBUTION

Peter D. Bear

A Steven Porter

Lee Joseph Drone

GF-101(CCAP), 10/2009 Notice of Hearing          This form shall not be modified. It may be supplemented with additional material.

Case 2023CV002928    Document 60    Filed 05-13-2025    Page 1 of 1

FILED
05-13-2025
CIRCUIT COURT
DANE COUNTY, WI
2023CV002928

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **DANE COUNTY**

Paula Goodman vs. Lee Joseph Drone          **Notice of Hearing**

Case No: 2023CV002928

LEE JOSEPH DRONE
3964 RIVERMARK PLAZA UNIT #2514
SANTA CLARA CA 95054

This case is scheduled for: **Injunction hearing**

| NOTICE OF HEARING | | |
|---|---|---|
| Date<br>05-27-2025 | Time<br>02:00 pm | Location<br>8th Floor, Courtroom 8C - Branch 10<br>215 S Hamilton Street<br>Madison WI 53703-3285 |
| Circuit Court Judge/Circuit Court Commissioner<br>Ryan D. Nilsestuen | | |
| Re<br>Harassment Restraining Order | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 608-266-4311 prior to the scheduled court date. Please note that the court does not provide transportation.**

Dane County Circuit Court
Date: May 13, 2025

DISTRIBUTION

Peter D. Bear

A Steven Porter

Lee Joseph Drone

GF-101(CCAP), 10/2009 Notice of Hearing          This form shall not be modified. It may be supplemented with additional material.

# EXHIBIT I

Motion for Clarification and Reconsideration of Personal Jurisdiction
Determination

Filed: May 12, 2025

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **DANE COUNTY**
**BRANCH 10**

---

**Case No.: 2023CV002928**

**Lee Drone,**
**Defendant,**

v.

**Paula Goodman,**
**Plaintiff.**

---

## MOTION FOR CLARIFICATION AND RECONSIDERATION OF PERSONAL JURISDICTION DETERMINATION

---

NOW COMES the Defendant, **Lee Drone,** appearing **pro se**, and respectfully moves this Court to clarify or reconsider its recent determination that Defendant has submitted to personal jurisdiction in this matter. This motion is made to preserve constitutional objections and prevent unlawful adjudication on the merits following the improper reopening of a previously dismissed case.

---

## I. PROCEDURAL BACKGROUND

1. On **November 27, 2023**, a default injunction was entered against Defendant based on service by publication in Wisconsin, despite Defendant's known and uncontested residency in California.

2. On **January 21, 2025**, at a hearing in this matter, Plaintiff's Husband Ian Goodman testified under oath that he knew Defendant was in California at the time of publication and service.

3. Based on that testimony, this Court vacated the injunction and dismissed this case (Case No. 2023CV002928) for **lack of personal jurisdiction** due to defective service.

4. Despite that dismissal, the Court has since **reopened the case** and advanced it to the merits stage, asserting that Defendant submitted to jurisdiction by filing subsequent motions.

5. On **May 12, 2025**, the Court issued an order (conveyed to Defendant via clerk inquiry) indicating that Defendant had submitted to personal jurisdiction by seeking relief in the reopened case.

---

## II. PRESERVATION OF OBJECTION

6. Defendant has **consistently and explicitly preserved** his objection to personal jurisdiction in all filings.

7. On February 25, 2025, a **Motion to Reconsider and Reopen** was filed by Attorney Klein on behalf of Plaintiff. That motion did not originate from the Defendant and should not be construed as a concession of jurisdiction by Defendant, who has consistently objected to personal jurisdiction and has not initiated any filing requesting adjudication on the merits.

8. Subsequent filings—including a **Motion for Sanctions, Motion to Strike, and Motion for Protective Order**—addressed procedural misconduct such as perjury, fraudulent

service, and unserved filings. These motions were filed solely to protect Defendant's rights and ensure procedural fairness.

9.  The Motion for Protective Order, in particular, was a defensive measure and did not request adjudication of underlying factual claims or concede jurisdiction.

10. These actions do **not constitute a general appearance** or a waiver of personal jurisdiction objections.

---

## III. LEGAL STANDARD

11. Wisconsin courts have held that participation for the limited purpose of contesting a void judgment does **not** confer personal jurisdiction.

- **Richards v. First Union Sec., Inc., 2006 WI 55, ¶16** – "Default judgments obtained without valid service are void and subject to vacatur at any time."

- **Koehler v. Koehler, 95 Wis. 2d 237 (1980)** – "Seeking relief from a void judgment does not constitute submission to jurisdiction."

- **Johnson v. Holland Am. Line–Westours, Inc., 2008 WI 65, ¶21** – "A void judgment is a legal nullity."

12. Defendant's filings were made **solely** to challenge the procedural and constitutional validity of a void judgment, not to invoke the Court's jurisdiction for substantive relief.

---

## IV. REQUEST FOR CLARIFICATION

13. Defendant respectfully requests that the Court reconsider or clarify its finding regarding personal jurisdiction.

14. If the Court concludes that jurisdiction was conferred, Defendant requests the Court to **identify with specificity** which filing(s) allegedly constituted a general appearance.

15. In the alternative, Defendant requests **certification** of this issue for interlocutory **appellate review**, as it raises a controlling issue of constitutional and statutory interpretation.

---

## V. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court:

1. Reconsider or clarify its ruling that Defendant submitted to personal jurisdiction;

2. Reaffirm that Defendant's participation was limited to challenging a void judgment and addressing procedural misconduct;

3. Stay further proceedings on the merits until jurisdictional issues are properly resolved;

4. Alternatively, certify the jurisdictional issue for interlocutory appeal or supervisory writ;

5. Grant such other and further relief as the Court deems just and proper.

---

**JURISDICTIONAL RESERVATION:**

This filing is submitted solely to seek clarification and does not constitute consent to personal

jurisdiction. Defendant continues to object to jurisdiction and has preserved all related objections on the record.

---

Dated: May 12th, 2025

**Respectfully submitted,**

**Lee Drone**
3964 Rivermark Plaza, Unit 2514
Santa Clara, CA 95054
Fax: (650) 523-9988
**Defendant, Pro Se**

# EXHIBIT J-1

Petition for Supervisory Writ

Filed: May 15, 2025

**STATE OF WISCONSIN**
**COURT OF APPEALS – DISTRICT IV**

---

**IN THE MATTER OF:**
**Lee Drone,**
Petitioner,

v.

**Hon. Ryan Nilsestuen,**
Respondent,
Circuit Court Judge, Branch 10
Dane County Circuit Court

---

## PETITION FOR SUPERVISORY WRIT
*(Relating to Circuit Court Case No. 2023CV002928 – Paula Goodman v. Lee Drone)*

---

## I. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

1. Issue a supervisory writ staying all further proceedings in Case No. 2023CV002928;

2. Declare that personal jurisdiction over Petitioner has not been lawfully established;

3. Direct the circuit court to rule on all jurisdictional motions, including the motions to vacate, for sanctions, to strike unserved documents, and for protective relief;

4. Prohibit the circuit court from enforcing or litigating the merits of the injunction until jurisdiction is resolved.

---

## II. BACKGROUND AND PROCEDURAL HISTORY

5. Petitioner is the named Respondent in Dane County Circuit Court Case No. 2023CV002928, an injunction action filed by Paula Goodman (hereafter "Plaintiff").

6. On November 27, 2023, the circuit court jointly heard Case Nos. 2023CV002927 and 2023CV002928 and granted a default injunction against Petitioner based on service by publication in the *Wisconsin State Journal*.

7. Prior to that hearing, Petitioner had been removed from the jointly owned Madison property on October 7, 2023, by Ian Goodman, Plaintiff's husband.

8. Plaintiff then claimed that Petitioner resided at a parental address, despite Petitioner not having lived there in over two decades.

9. On January 21, 2025, during proceedings in this case, Plaintiff's husband Ian Goodman testified under oath that he and his wife had sent a military associate to a former California address in an attempt to locate Petitioner. That attempt failed, because Petitioner had already moved to another California location.

10. Despite this, Plaintiff initiated service by publication exclusively in Wisconsin and did not attempt service at Petitioner's known California work address, which was accessible via a shared mortgage application given to Plaintiff's husband in November 2021 which was obtained from the title company without Petitioner's consent.

11. Plaintiff and his wife were fully aware Petitioner lived in California since 2019, and the purchase of a co-owned home provided Petitioner a secondary residence when visiting Wisconsin.

12. Following the January 21, 2025, hearing, Case No. 2023CV002928 was dismissed for lack of personal jurisdiction.

13. On May 13, 2025, the circuit court reopened the case without new summons or lawful service and scheduled a full merits hearing for May 27, 2025.

14. Petitioner has filed motions objecting to the improper reopening and reaffirming jurisdictional objections.

15. Petitioner has not filed any documents addressing the merits of the injunction or otherwise submitted to personal jurisdiction.

16. Petitioner has filed motions for sanctions, to strike unserved documents, and for protective relief. All filings preserve jurisdictional objections and avoid waiver.

---

## III. LEGAL STANDARD

17. A supervisory writ may issue where the circuit court:

   a. Violates a plain legal duty;

   b. Leaves the petitioner with no adequate remedy at law;

   c. Causes irreparable harm; and

   d. Fails to perform a ministerial duty.

   (*Burnett v. Alt*, 224 Wis. 2d 72 (1999); *Wis. Stat. § 809.51*)

18. A judgment entered without valid service is void.

   (*Richards v. First Union Sec., Inc.*, 2006 WI 55, ¶16)

19. Filing a motion to vacate a void judgment does not confer jurisdiction.

   (*Koehler v. Koehler*, 95 Wis. 2d 237 (1980))

20. A void judgment is a legal nullity and cannot be enforced.

   (*Johnson v. Holland Am. Line-Westours, Inc.*, 2008 WI 65)

21. Due process requires notice reasonably calculated to inform the defendant.

   (*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950))

22. Constructive service is invalid where the filer knows the party resides elsewhere.

   (*Davis v. Supreme Court*, 884 F.2d 1215 (9th Cir. 1989))

23. Unequal application of procedure violates equal protection.

   (*State v. Pitsch*, 124 Wis. 2d 628)

24. Motions must be ruled on within 90 days of submission.

   (*SCR 70.36(1)*)

25. All documents must be properly served.

   (*Wis. Stat. § 801.14(1)*)

---

## IV. ARGUMENT

26. Petitioner was never lawfully served and has consistently preserved jurisdictional objections and has never waived personal jurisdiction.

27. Case No. 2023CV002928 was dismissed for a jurisdictional defect and was later reopened without any new service, contrary to law.

28. All of Petitioner's filings—motions to vacate, sanctions, strike, and protect—were jurisdictional or procedural in nature.

29. The circuit court has refused to rule on jurisdictional motions, despite the fact that the judgment is facially void.

30. Petitioner has not submitted to merits adjudication or filed responses related to the substantive claims in the injunction.

31. The circuit court's reopening of the case and scheduling of a merits hearing without resolving jurisdiction is improper, unjustified, and inconsistent with its own prior dismissal order.

32. The circuit court's refusal to vacate parallel Case No. 2023CV002927, while dismissing this case, is inconsistent and legally indefensible.

33. Proceeding to a merits hearing without first resolving jurisdiction violates due process and causes irreparable harm

34. The circuit court has failed to lawfully reestablish jurisdiction before reopening.

---

## V. CONCLUSION

35. Petitioner respectfully asks this Court to:

   a. Stay all proceedings in Case No. 2023CV002928;

   b. Require the circuit court to rule on all jurisdictional motions;

   c. Prohibit merits litigation until jurisdiction is lawfully established;

   d. Restore consistency and fairness in the handling of parallel cases.

---

## VI. RECENT PROCEDURAL DEVELOPMENTS

### A. Pending Motions (Unresolved as of May 14, 2025)

36. The circuit court docket reflects the following active, unresolved motions:

- 03/31/2025 – Motion for Protective Order with Firearm Restrictions and Litigation Bar
- 03/31/2025 – Motion to Vacate Injunction, Ensure Dismissal, and for Perjury Sanctions Against Paula Goodman
- 04/18/2025 – Motion to Supplement Record
- 04/21/2025 – Supplemental Motion to Consolidate and Enhance Sanctions for Coordinated Perjury and Fraud on the Court
- 05/07/2025 – Defendant's Motion to Strike Filings for Failure to Serve
- 05/12/2025 – Motion to Advance and Calendar Hearings on Pending Motions
- 05/12/2025 – Motion for Clarification and Reconsideration of Personal Jurisdiction Determination

37. Despite seven substantive submissions, the circuit court has issued no rulings, in violation of *SCR 70.36(1)*.

**B. Non-Serviced or Defectively Served Documents**

38. The following documents have not been properly served, undermining Petitioner's ability to respond or prepare:

- 02/25/2025 – Notice of Motion and Motion to Reconsider and Reopen (by Attorney Klein – non-serviced)
- 02/28/2025 – Affidavit/Declaration of Service (non-serviced)
- 03/07/2025 – Notice of Briefing Schedule on Motion for Reconsideration (non-serviced)

- 04/22/2025 – Paula Goodman's Reply Brief in Support of Her Motion to Reconsider (non-serviced)

- 05/12/2025 – Decision and Order on Motions (non-serviced)

- 05/13/2025 – Notice of Hearing (Injunction and Motion Hearings on May 27, 2025 – non-serviced)

39. These failures violate *Wis. Stat. § 801.14(1)* and compromise the Petitioner's ability to adequately prepare or respond to court proceedings.

---

**Dated:** May 15, 2025

**Respectfully submitted,**

**Lee Drone**
3964 Rivermark Plaza, Unit 2514
Santa Clara, CA 95054
Fax: (650) 523-9988
*Petitioner, pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 15, 2025**, I served a true and correct copy of the enclosed **Petition for Supervisory Writ** upon the respondent:

**Hon. Ryan Nilsestuen**
Circuit Court Judge, Branch 10
Dane County Courthouse
215 S. Hamilton Street
Madison, WI 53703

Service was made by placing a copy in a properly addressed envelope with first-class postage and depositing it in the United States mail.

Respectfully.submitted,

**Lee Drone**
(Pro se)

# EXHIBIT J-2

Emergency Motion to Stay Circuit Court Proceedings Pending
Determination of Supervisory Writ

Filed: May 15, 2025