**STATE OF WISCONSIN**
**COURT OF APPEALS – DISTRICT IV**

_____

**IN THE MATTER OF:**

**Lee Drone,**
Petitioner,

v.

**Hon. Ryan Nilsestuen,**
Respondent,
Circuit Court Judge, Branch 10
Dane County Circuit Court

**Court of Appeals Case No.:** _____

**Circuit Court Case No.: 2023CV002928**

_____

### EMERGENCY MOTION TO STAY CIRCUIT COURT PROCEEDINGS PENDING DETERMINATION OF PETITION FOR SUPERVISORY WRIT

_____

NOW COMES Petitioner, Lee Drone, appearing pro se, respectfully moves this Court

under **Wis. Stat. § 809.52** for an emergency stay of Circuit Court Case No. 2023CV002928. This

motion is necessitated by imminent proceedings scheduled to occur prior to this Court's

resolution of the pending Petition for Supervisory Writ.

_____

**GROUNDS FOR EMERGENCY RELIEF**

1. On **February 17, 2025**, Petitioner's case was **dismissed for lack of personal
   jurisdiction** but was subsequently **reopened on May 13, 2025**, without new service.

2. On May 13, 2025, the circuit court issued hearing notices for May 27, 2025, identifying both a "motion hearing" and an "injunction hearing," but without clarifying whether the hearing will address Petitioner's procedural motions or adjudicate the underlying merits

3. Petitioner has submitted motions **objecting to reopening**, to lack of service, and requesting reconsideration and clarification. All filings preserve objections to **personal jurisdiction.**

4. As set forth in the Petition for **Supervisory Writ** and the **Supplemental Notice of Imminent Irreparable Harm** (filed May 15, 2025), Petitioner has not been properly served, has not submitted to personal jurisdiction, and has consistently objected to the court's authority to proceed.

5. There is a substantial and immediate risk that the circuit court may adjudicate the merits of an injunction without first resolving Petitioner's pending **jurisdictional challenges**. Proceeding in this manner would cause **irreparable harm** and violate the procedural safeguards guaranteed under **Wisconsin law** and the **United States Constitution.**

6. No adequate remedy exists to prevent this harm absent this Court's **immediate intervention.**

---

**RELIEF REQUESTED**

Petitioner respectfully asks this Court to:

- Immediately stay all proceedings in Case No. 2023CV002928, including any hearing scheduled for May 27, 2025;

- Maintain the stay pending final resolution of the Petition for Supervisory Writ;
- Grant all further relief the Court deems just and appropriate.

---

This motion does not waive Petitioner's jurisdictional objections and is made solely to preserve rights under law.

---

**Dated:** May 15, 2025

**Respectfully submitted,**

**Lee Drone**
3964 Rivermark Plaza, Unit 2514
Santa Clara, CA 95054
Fax: (650) 523-9988
*Petitioner, pro se*

# EXHIBIT J-3

Supplemental Notice of Imminent Irreparable Harm and Request for Clarification

Filed: May 15, 2025

**STATE OF WISCONSIN**
**COURT OF APPEALS – DISTRICT IV**

---

**IN THE MATTER OF:**

**Lee Drone,**
Petitioner,

v.

**Hon. Ryan Nilsestuen,**
Respondent.
Circuit Court Judge, Branch 10, Dane County Circuit Court

**Court of Appeals Case No.: _____**

**Circuit Court Case No.: 2023CV002928**

---

**SUPPLEMENTAL NOTICE OF IMMINENT IRREPARABLE HARM AND REQUEST FOR CLARIFICATION**

---

**NOW COMES** Petitioner, Lee Drone, *pro se*, and respectfully submits this supplemental notice to inform the Court of imminent due process risks arising in the circuit court proceeding referenced in the above-captioned supervisory writ petition.

---

1. **On February 17, 2025,** this case was **dismissed** for lack of personal jurisdiction

2. **On May 13, 2025,** the circuit court issued two hearing notices for **May 27, 2025,** labeled as both a "motion hearing" and an "injunction hearing." No explanation was provided clarifying whether the hearing pertains to Petitioner's pending procedural motions or adjudication of the injunction's merits.

3. **Petitioner has filed multiple motions**—including motions to vacate, for sanctions, to strike for lack of service, for protection and to clarify jurisdiction—which remain unresolved as of this filing. Personal jurisdiction remains unestablished.

4. **No motions from Plaintiff** have been served upon Petitioner, nor has Petitioner received formal notice of any motion hearing initiated by the opposing party.

5. **Petitioner has objected in writing** to personal jurisdiction and to in-person hearing requirements and has requested clarification and remote access, as reflected in the circuit court record.

---

**Summary of Legal Concerns and Imminent Harm**

6. **Ambiguity of Hearing Notices**: The hearing notices issued are ambiguous, failing to provide clear and adequate notice to the Petitioner regarding the nature and scope of the proceedings.

7. **Unresolved Jurisdictional Defect**: There remains an unresolved defect concerning the circuit court's exercise of personal jurisdiction over the Petitioner.

8. **Risk of Adjudication Without Jurisdiction**: The combination of ambiguous notice and lack of established personal jurisdiction creates a serious and imminent risk that the circuit court will proceed to adjudicate the merits of the case without proper jurisdiction.

9. **Violation of Constitutional Due Process**: Proceeding in the absence of personal jurisdiction would violate the Petitioner's due process rights under the Fourteenth Amendment, as recognized by the U.S. Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

10. **Imminent Irreparable Harm**: This risk of wrongful adjudication without jurisdiction constitutes imminent and irreparable harm to the Petitioner.

11. **Supporting Wisconsin Precedent**: The Wisconsin Supreme Court's decision in *Richards v. First Union Sec., Inc.*, 2006 WI 55, supports the conclusion that adjudicating a matter without resolving jurisdictional defects violates due process and causes irreparable harm.

---

**WHEREFORE, Petitioner respectfully requests that this Court:**

12. Take notice of these urgent developments;

13. Clarify that adjudication on the merits must not proceed until personal jurisdiction is established;

14. Issue a stay or expedited ruling to prevent unconstitutional adjudication absent jurisdiction.

---

**JURISDICTIONAL RESERVATION**

This supplemental notice is submitted in further support of the pending Petition for Supervisory Writ and does not constitute consent to jurisdiction.

---

**Dated**: May 15, 2025

**Respectfully submitted,**

**Lee Drone**
3964 Rivermark Plaza, Unit 2514
Santa Clara, CA 95054
Fax: (650) 523-9988
*Petitioner, pro se*

# EXHIBIT K

Emergency Objection to In-Person Hearing Scheduling and Request for
Remote Appearance

Filed: May 15, 2025

**STATE OF WISCONSIN**         **CIRCUIT COURT**         **DANE COUNTY**
                               **BRANCH 10**

---

**Case No.: 2023CV002928**

**Lee Drone,**
**Defendant,**

v.

**Paula Goodman,**
**Plaintiff.**

---

### EMERGENCY OBJECTION TO IN-PERSON HEARING SCHEDULING AND REQUEST FOR REMOTE APPEARANCE

---

NOW COMES the Defendant, Lee Drone, appearing pro se, and respectfully objects to the scheduling of an in-person motion hearing and injunction hearing set for May 27, 2025, and moves the Court for the following relief:

---

.

---

## I. OBJECTION TO LACK OF NOTICE OR SERVICE

1. As of the date of this filing, Defendant has not received formal notice of the hearing, nor has Defendant been properly served with any scheduling order or motion by Plaintiff.

2. Defendant resides in California and has done so continuously since 2019. Plaintiff Paula Goodman's husband, Ian Goodman, previously testified under oath that they sent a military contact to a former California address in an attempt to locate Defendant and was told by neighbors that Defendant no longer resided there.

3. Despite Plaintiff's knowledge of Defendant's California residence and possession of a 2021 mortgage loan application that included Defendant's California work address (obtained without consent), Plaintiff proceeded with service by publication in the *Wisconsin State Journal*.

4. Requiring in-person attendance in Wisconsin without lawful service violates **Wis. Stat. § 801.14(1)** and Defendant's due process rights under the Fourteenth Amendment.

## II. REQUEST TO APPEAR REMOTELY FOR ANY MOTION HEARING

5. If the Court intends to proceed with any motion hearing, Defendant respectfully requests to appear remotely via Zoom or telephone due to out-of-state residence, financial hardship, and ongoing jurisdictional objections.

6. Defendant is available to appear remotely on May 27, 2025, for the limited purpose of preserving jurisdictional and procedural objections.

## III. OBJECTION TO INJUNCTION HEARING ON MERITS

7. Defendant objects to any adjudication on the merits of the injunction while the case remains void for lack of personal jurisdiction, and while motions—including a pending Petition for Supervisory Writ—are unresolved.

8. Defendant does not consent to merits adjudication and will not appear at any hearing attempting to proceed without jurisdiction.

9. Further adjudication would be improper because:

    a. The judgment is **void ab initio** under *Wis. Stat. § 806.07(1)(d);

    b. The record includes **perjury and procedural fraud** by Plaintiff;

    c. Defendant has not been properly served and has preserved jurisdictional objections.

---

## IV. RELIEF REQUESTED

10. Defendant respectfully requests that the Court:

    a. Permit Defendant to appear remotely on May 27, 2025;

    b. Strike or postpone any in-person appearance requirement until jurisdiction is lawfully resolved;

    c. Confirm that no merits hearing may proceed absent jurisdiction;

    d. Grant any further relief the Court deems just and proper.

---

## JURISDICTIONAL RESERVATION:

This filing is submitted solely to object to unconstitutional process and does not constitute consent to personal jurisdiction. All objections are preserved.

---

**Dated:** May 15, 2025

**Respectfully submitted,**

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
Fax: (650) 523-9988
*Defendant, Pro Se*

# EXHIBIT L

## Jurisdictional Clarification Notice

Filed: May 21, 2025

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **DANE COUNTY**
                            **BRANCH 10**

---

**Case No.: 2023CV002927**

**IAN GOODMAN**, Plaintiff.
v
**LEE DRONE**, Defendant,

AND

**Case No. 2023CV002928**

**PAULA GOODMAN**, Plaintiff.
v
**LEE DRONE**, Defendant

---

### JURISDICTIONAL CLARIFICATION NOTICE

---

NOW COMES the Defendant, **Lee Drone**, appearing *pro se*, and submits this notice to clarify the scope and purpose of prior procedural filings, including the Motions to Advance and Calendar Hearings filed, in the above-captioned matter:

1. Defendant reaffirms that **all filings to date have been made solely to challenge the constitutional validity of the judgment, contest improper service, and address related procedural misconduct,** including but not limited to perjury, falsified documents, and jurisdictional irregularities.

2. Defendant's Motion to Advance and Calendar Hearings was filed **only to request scheduling of jurisdictional and procedural motions** previously submitted, and **not to invoke the Court's jurisdiction for adjudication on the merits of the injunction petition.**

Page 1 of 2

3. Defendant has never consented to personal jurisdiction in this matter and has repeatedly filed jurisdictional disclaimers, including in the Motion to Vacate, the Motion for Clarification and Reconsideration of Personal Jurisdiction, and the Amended Affidavit filed on May 21, 2025.

4. Any inference that Defendant has made a general appearance or waived jurisdictional objections based on calendar-related filings is inaccurate, legally unsupported, and would constitute a violation of Defendant's due process rights under the **Fourteenth Amendment**.

5. This notice is submitted to **preserve the jurisdictional record**, and to ensure that no procedural ambiguity is used to justify unlawful adjudication in the absence of valid service or personal jurisdiction.

WHEREFORE, Defendant respectfully requests that the Court **recognize the continuing absence of personal jurisdiction**, and that **no filings submitted by Defendant shall be construed as an appearance or waiver except where expressly stated.**

---

Dated: **May 21, 2025**

Respectfully submitted,

**Lee Drone**
3964 Rivermark Plaza, Unit 2514
Santa Clara, CA 95054
*Defendant, Pro Se*

Page 2 of 2

# EXHIBIT M-1

Email from Attorney Porter Transmitting Petitions

Filed: May 20, 2025

9/11/25, 3:24 PM                Gmail - Ian Goodman v. Lee Drone, Dane County Circuit Court Case No. 23 CV 2927; Paula Goodman v. Lee Drone, Dane County Circuit Court …

 Gmail

**Lee Drone <lee.drone@gmail.com>**

## Ian Goodman v. Lee Drone, Dane County Circuit Court Case No. 23 CV 2927; Paula Goodman v. Lee Drone, Dane County Circuit Court Case No. 23 CV 2928

**Steve Porter** <asp5949@gmail.com>                                    Tue, May 20, 2025 at 8:38 AM
To: Lee Drone <lee.drone@gmail.com>
Cc: Peter Bear <peterbearlaw@gmail.com>

Hello, Lee,

Pursuant to the Court's Decision and Order entered May 12, 2025, attached are the Petitions for Temporary Restraining Order and/or Petition and Motion for Injunction Hearing in the above-referenced cases.

Best,

Steve Porter

--
A. Steven Porter
Attorney at Law
P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
asp5949@gmail.com

**2 attachments**

 **Pet TRO.pdf**
785K

 **2 - Petition for TRO_injunction.pdf**
962K

# EXHIBIT M-2

Petitioner's Hearing Exhibits

Filed: May 26, 2025

8/18/25, 3:30 PM                                   Gmail - Petitioners' Hearing Exhibits

 **Gmail**                                                Lee Drone <lee.drone@gmail.com>

---

## Petitioners' Hearing Exhibits

---

**Steve Porter** <asp5949@gmail.com>                              Mon, May 26, 2025 at 8:56 PM
To: Lee Drone <lee.drone@gmail.com>
Cc: Peter Bear <peterbearlaw@gmail.com>

Hello, Lee,

Attached are exhibits I may offer into evidence at the hearing tomorrow.

Best,

Steve

--
A. Steven Porter
Attorney at Law
P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
asp5949@gmail.com

---

**8 attachments**

 **Ex 4-2023-10-22.jpeg**
298K

 **Ex 5-2023-10-22.jpeg**
303K

 **Ex 7-2023-10-22.jpeg**
311K

 **Ex 6-2023-10-22.jpeg**
331K

🗋 **Ex 3-October 5 2023-Vandalizing Property-2.mp4**
309K

**Ex 2-October 5, 2023-Vandalizing Property-1.mp4**
309K

**Ex 8-Masked, hooded man.pdf**
122K

**Ex 1-Email 9-3-22.pdf**
6734K

# EXHIBIT N

Notice of Special Appearance and Objection to Personal Jurisdiction

Filed: May 26, 2025

**STATE OF WISCONSIN**         **CIRCUIT COURT**         **DANE COUNTY**
                               **BRANCH 10**

---

**Case No.:** 2023CV002927

**IAN GOODMAN**, Plaintiff.

v

**LEE DRONE**, Defendant,


AND


**Case No.** 2023CV002928

**PAULA GOODMAN**, Plaintiff.

v

**LEE DRONE**, Defendant

---

### NOTICE OF SPECIAL APPEARANCE AND OBJECTION TO PERSONAL JURISDICTION

---

COMES NOW the Respondent, appearing specially and not generally, solely for the purpose of contesting personal jurisdiction in the above-captioned matters, and respectfully states as follows:

1. Respondent has never been properly served in either Case No. 2023CV002927 or 2023CV002928. There was no personal service, no substituted service, and no lawful publication supported by accurate or truthful information. Respondent does not and has never consented to the court's jurisdiction in these cases.

2. As a result, the injunction entered in 2023CV002927 is void from the outset, and 2023CV002928—dismissed in February and later reopened without lawful service—remains void. This is not a technicality; it is a fundamental violation of constitutional due process.

3. Respondent will not respond to the allegations nor argue the merits, as doing so would wrongly imply that this court has legal authority to proceed—which it does not.

4. Respondent is a technology professional with over 20 years of experience. Respondent has no history of violence, no felonies, and no involvement in the justice system in well over two decades. Respondent has built a professional, stable life and has committed no acts that would warrant the kind of intervention this injunction represents.

5. For over a year, Respondent has been excluded from their home, publicly stigmatized by unresolved legal proceedings, and subjected to escalating professional and reputational harm. The timing and nature of the injunction—entered without lawful service, due process, or jurisdiction—coincided with the loss of employment and ongoing personal hardship. These consequences have compounded the damage caused by the court's continued enforcement of a void order.

6. Respondent has made every effort to resolve this properly. If necessary, Respondent will seek relief through the appellate courts or federal system—but respectfully requests that this court end the harm.

7. These jurisdictional defects do not exist in isolation. While Respondent does not ask this court to consider external facts or decide other matters, the procedural record already

on file further reinforces why immediate dismissal is both legally required and the most appropriate resolution under the circumstances.

8. Respondent further notes that the record in both cases has already been supplemented with evidence from related matters—specifically, the complaint filed in Dane County Case No. 2025CV001149 against Attorney Peter Bear, and the extortion-related motion filed in Case No. 2024CV000216 against Ian Goodman. These supplements reflect the broader context in which the injunctions were sought and have continued to be enforced.

9. While the complaint against Attorney Bear is part of a separate civil proceeding, Respondent notes that his appearance in these matters, if not legally required, raises potential concerns of procedural entanglement. No additional weight or authority should be inferred from Attorney Bear's presence in these injunction actions.

---

**Legal Basis:**

This objection is based on Wis. Stat. § 801.11, which governs service of process, and binding precedent including Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), which holds that due process requires notice reasonably calculated to inform the party and provide an opportunity to respond.

---

**WHEREFORE, the Respondent respectfully requests that the Court:**

- Declare that it lacks personal jurisdiction in both matters;
- Vacate and expunge all prior orders entered without jurisdiction;

- Issue a written ruling within seven (7) days to preserve the Respondent's right to appellate and federal review;

- Grant such further relief as the Court deems just and proper.

---

**Dated**: May 26th, 2025

Respectfully submitted,

**Lee Drone**
3964 Rivermark Plaza, Unit 2514
Santa Clara, CA 95054
*Respondent, Pro Se*

# EXHIBIT O

Post-Hearing Preservation Statement

Filed: May 29, 2025

STATE OF WISCONSIN

CIRCUIT COURT – DANE COUNTY

**IAN GOODMAN and PAULA GOODMAN,** Petitioners.

v.

**LEE DRONE,** Respondent,

Case Nos. 2023CV002927 & 2023CV002928

---

## POST-HEARING PRESERVATION STATEMENT

---

## I. INTRODUCTION

This filing serves as a formal **Post-Hearing Preservation Statement** following the **May 27, 2025** hearings in Dane County Circuit Court Case Nos. **2023CV002927 and 2023CV002928.** Petitioner appeared **under special appearance** and reiterates that he was never lawfully served under **Wis. Stat. § 801.11.** Any resulting orders or judgments are therefore **void ab initio** for lack of personal jurisdiction, not merely voidable. Petitioner has also not consented to email service as required under **Wis. Stat. § 801.14.**

Petitioner further states that **judicial authority cannot attach where statutory and constitutional prerequisites are not met.** A court without jurisdiction acts *ultra vires*; any resulting orders are void and must be treated as legal nullities. This position is supported by both state and federal authority and is not waived by appearance under protest.

---

## II. PRESERVED OBJECTIONS TO JURISDICTION AND PROCEDURE

Petitioner objects to the Court's decision to proceed with the merits of the injunction hearing without first resolving threshold **jurisdictional defects.**

1. According to **Gaddis v. La Crosse, 198 Wis. 2d 396 (Ct. App. 1995),** defective service cannot confer personal jurisdiction.

2. Under **Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950),** due process requires notice reasonably calculated to apprise the respondent.

3. The **failure to resolve jurisdictional motions** prior to taking testimony constituted **a deprivation of constitutional due process.**

4. Under the **Supremacy Clause of the United States Constitution,** state procedural errors that result in denial of notice or opportunity to be heard invoke immediate federal protections.

5. Petitioner emphasizes that **jurisdiction must be proven by the party asserting it.** Where no affidavit or proof of service meeting statutory requirements is filed, the burden remains unmet. The record contains no such proof.

---

## III. DENIAL OF PROCEDURAL FAIRNESS

Petitioner further objects to the **denial of opening and closing argument opportunities.**

6. Petitioner was **not permitted to present his opening arguments until after the merits hearing concluded.**

7. Closing arguments were entirely denied, despite Petitioner's preparation and readiness to present them.

8. These procedural denials constitute violations of **SCR 60.04** and the fundamental **right to be heard.**

.

9. The hearing structure—beginning with sworn testimony and introduction of evidence before jurisdictional motions were heard—was procedurally prejudicial and denied Petitioner any meaningful defense.

10. Petitioner attempted to voice real-time objections in the Zoom chat during the hearing when muted, but these objections were neither acknowledged nor addressed, thereby depriving Petitioner of any meaningful participation in his own defense. **This silencing of objections is not only unethical—it violates the open-court guarantees inherent in fair proceedings.**

11. The Court's failure to ensure Petitioner could meaningfully participate also contradicts **SCR 60.04(1)(g),** which requires judges to "accord to every person who has a legal interest in a proceeding... the right to be heard according to law."

12. Failure to provide this opportunity is not discretionary—it constitutes **judicial misconduct** under binding Wisconsin Supreme Court ethics rules.

---

## IV. UNAUTHORIZED AND UNTIMELY SERVICE BY EMAIL

13. Petitioner did **not consent** to email service at any time.

14. On **May 26, 2025, at 8:56 PM,** Attorney A. Steven Porter submitted materials via email without lawful authority or timely notice.

15. These documents were accepted by the Court despite being **served outside the required five-day evidentiary window** and without a stipulation or court order. *(See email transmission from Attorney Porter dated May 26, 2025, at 8:56 PM.)*

16. On **May 1, 2025,** Attorney Porter also attempted to coerce Petitioner into accepting global email service across all cases in exchange for accepting service in a separate

proceeding. This constitutes **unlawful conditioning** and further undermines procedural integrity.

17. These email-based practices violate not only statutory service rules, but also **fundamental principles of fair notice and equal footing** between litigants. They created a circumstance where Petitioner was blindsided with evidence hours before a hearing, without recourse or time to respond.

## V. MISAPPLICATION OF WAIVER CASE LAW

18. The Court's order dated **May 12, 2025**, cites **Stroup v. Career Acad., Inc., Pasek v. Pasek**, and **Lees v. DILHR** to conclude Petitioner waived personal jurisdiction.

19. This interpretation conflicts with **Gaddis v. La Crosse**, which affirms that **void judgments cannot be cured by participation.**

20. Petitioner filed amended motions with a **clear jurisdictional disclaimer**, preserving all objections in good faith.

21. Under **Mullane**, no waiver can cure a constitutional defect stemming from lack of service and notice.

22. Even if waiver were validly at issue, **subject matter jurisdiction and constitutional notice requirements cannot be waived**, as established in both state and federal precedent.

23. Petitioner reaffirms that all filings explicitly included language preserving jurisdictional objection and were made solely for purposes of protecting due process rights under protest. The Court's failure to acknowledge this distinction mischaracterizes Petitioner's conduct and prejudices constitutional safeguards.

24. A judgment entered without personal jurisdiction is not merely voidable, but *void*, and subject to collateral attack at any time. See **Bennett v. State ex rel. Department of Public Instruction, 54 Wis. 2d 727, 196 N.W.2d 704 (1972).**

---

## VI. NOTICE OF FEDERAL AND APPELLATE PRESERVATION

25. These errors constitute cumulative violations of Petitioner's **due process rights** under both the **Wisconsin Constitution** and the **Fourteenth Amendment of the U.S. Constitution.**

26. Petitioner formally **preserves all issues for appellate review, federal litigation under 42 U.S.C. § 1983, and judicial oversight.**

27. Petitioner also intends to submit this record as part of a **complaint to the Wisconsin Judicial Commission** and a forthcoming **civil rights lawsuit in federal court.**

28. The cumulative effect of the Court's actions has created a **chilling effect** on Petitioner's right to access the courts and to meaningfully participate in his own defense.

29. Petitioner reserves the right to **seek declaratory and injunctive relief in federal court** to void these proceedings entirely and to enjoin further retaliatory or ultra vires actions by this Court or its officers.

30. Petitioner further advises the Court that this preservation filing will be attached to a **forthcoming complaint under 42 U.S.C. § 1983** and submitted to appropriate media outlets and legal watchdog organizations for independent review.

31. Petitioner respectfully warns that further reliance on void jurisdiction or improper filings may give rise to **additional federal and administrative liability**, particularly where judicial immunity does not extend to nonjudicial functions or constitutional violations.

## VII. RESERVATION OF RIGHTS

Petitioner respectfully reserves all rights under **Wis. Stat. § 806.07** and **42 U.S.C. § 1983**, including the right to seek further relief due to ongoing injury caused by a procedurally defective and unconstitutional hearing process, including but not limited to vacatur, injunctive relief, and compensatory damages.

## VIII. AVAILABILITY OF SUPPORTING MATERIALS

Petitioner retains relevant email communications, digital hearing records, and correspondence referenced herein. These materials are **not submitted at this time to avoid creating a false appearance of email service consent** but may be submitted upon formal request or as part of federal litigation or oversight proceedings.

Petitioner respectfully requests the Court take judicial notice of these preserved objections and act accordingly to avoid further compounding a record of constitutional harm.

**Dated:** May 29, 2025

**Respectfully Submitted,**

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
Fax: (650) 523-9988

# EXHIBIT P

Motion for Judicial Recusal

Filed: June 10, 2025

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
Fax: (650) 523-9988

**Clerk of the Court of Appeals**
District IV
10 East Doty Street, Suite 700
Madison, WI 53703

---

### RE: Case No. 2025XX000951-W (Circuit Court Case No. 2023CV002928)
### Submission of Amended Petition for Supervisory Writ

---

Dear Clerk of the Court of Appeals:

Enclosed for filing is my **Amended Petition for Supervisory Writ** in the above-captioned

matter. This filing is submitted in compliance with Wis. Stat. § 809.51 and consistent with the

procedural requirements of the Court of Appeals.

Please file the enclosed Amended Petition accordingly. I respectfully request that the Court of

Appeals docket this filing and proceed to review the requested supervisory relief. A Certificate

of Service, demonstrating proper service on all necessary parties, is also included.

Thank you for your attention to this matter. Please do not hesitate to contact me at (650) 523-

9988 should you require any additional information.

---

**Dated: June 3, 2025**

**Respectfully submitted,**

---

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
Fax: (650) 523-9988

**STATE OF WISCONSIN**
**COURT OF APPEALS – DISTRICT IV**

IN THE MATTER OF:

**Lee Drone,**
Petitioner,

v.

**Hon. Ryan Nilsestuen,**
Respondent,
Circuit Court Judge, Branch 10
Dane County Circuit Court

**PETITION FOR SUPERVISORY WRIT - AMENDED**
*(Relating to Circuit Court Case No. 2023CV002928 – Paula Goodman v. Lee Drone)*

**TO: THE HONORABLE COURT OF APPEALS:**

**This is an amended petition** pursuant to *Wis. Stat. § 809.51* and the supervisory power of this Court, seeking immediate relief from unlawful proceedings in the circuit court due to fundamental jurisdictional and constitutional errors. This petition replaces the previously submitted version dated May 15, 2025 and incorporates factual and legal developments arising from the May 27, 2025 hearing.

**I. PROCEDURAL HISTORY AND SUMMARY OF ERRORS**

1. Petitioner **Lee Drone** respectfully petitions for relief from ongoing unlawful proceedings in Dane County Circuit Court, Branch 10 (**Hon. Ryan Nilsestuen**), under Case No. 2023CV002928. The case concerns an injunction action filed against Petitioner by **Paula Goodman**. A related case, 2023CV002927, was also heard jointly on May 27, 2025.

2. From its inception, 2023CV002928 has been marred by **jurisdictional defects and due process violations:**

3. The circuit court's February 17, 2025 order states: *"the Petitioner was aware that the Respondent lived in California and was in California at the time in question... efforts to publish the notice in California were likely required"* The court ruled: *"the Court did not have personal jurisdiction over Respondent and therefore, his motion to reopen and vacate is GRANTED"*.

4. Petitioner was never lawfully served under *Wis. Stat. § 801.11*.

5. Petitioner never consented to alternative service under *Wis. Stat. § 801.14*.

6. The case was previously dismissed for lack of personal jurisdiction, then improperly reactivated without new summons or service.

## II. JURISDICTIONAL PRESERVATION

7. Petitioner appeared only under *special appearance* and at all times contested the court's authority based on improper service.

8. On May 22, 2025—five days before the hearing—Petitioner **refiled amended versions** of each motion, all of which included the following express statement:

**JURISDICTIONAL RESERVATION**

*This filing is made solely to request action on properly submitted motions and does not constitute consent to personal jurisdiction. Defendant continues to contest the Court's jurisdiction based on improper service and has preserved all objections on the record.*

9. Despite this, the court proceeded with testimony and exhibits and ultimately reinstated the injunction **without resolving jurisdiction**.

10. Petitioner now seeks the Court of Appeals' intervention to **halt further violations of rights** and to correct the circuit court's legal errors.

## III. THE COURT'S IMPROPER ASSERTION OF JURISDICTION

11. On May 12, 2025, the circuit court issued an order concluding that Petitioner had waived jurisdictional objections by filing motions. The court cited:

   - *Stroup v. Career Acad., Inc.*, 38 Wis. 2d 284 (1968)

   - *Pasek v. Pasek*, 158 Wis. 2d 629 (Ct. App. 1990)

   - *Lees v. DILHR*, 49 Wis. 2d 491 (1971)

12. This reliance is *misplaced and incompatible with binding precedent*, including:

   - **Gaddis v. La Crosse**, 198 Wis. 2d 396 (Ct. App. 1995): *a void judgment for lack of personal jurisdiction cannot be cured by waiver or participation.*

   - **Richards v. First Union Sec., Inc.**, 2006 WI 55, ¶ 16: *courts must have personal jurisdiction before acting.*

   - **Mullane v. Central Hanover Bank**, 339 U.S. 306 (1950): *due process demands notice reasonably calculated to apprise; no jurisdiction can attach otherwise.*

13. Petitioner's filings were made only under special appearance and expressly preserved all jurisdictional objections. **Participation under protest is not waiver.**

## IV. LACK OF PERSONAL JURISDICTION FROM THE OUTSET

14. Wisconsin law requires that a defendant be personally served or properly served by publication to establish personal jurisdiction. See **Wis. Stat. § 801.11; PHH Mortg. Corp. v. Mattfeld**, 2011 WI App 62.

15. Petitioner was not personally served in 2023CV002928.

16. Service by publication was invalid because Petitioner resided in California at the time. The circuit court recognized this defect in its February 17, 2025 order granting Petitioner's motion to vacate the injunction.

17. The court specifically found: *"the Petitioner was aware that the Respondent lived in California and was in California at the time in question... efforts to publish the notice in California were likely required"*.

18. The court ruled: *"the Court did not have personal jurisdiction over Respondent and therefore, his motion to reopen and vacate is GRANTED"*

19. Because the same defective service process was used in this case, the default injunction is **void ab initio** under **Wis. Stat. § 806.07(1)(d).**

---

## V. THE MAY 27, 2025 HEARING: PROCEDURAL AND CONSTITUTIONAL VIOLATIONS

20. On May 27, 2025, the court held a joint hearing in 2023CV002927 and 2023CV002928. The following violations occurred:

21. The court **opened with sworn testimony and exhibits** before resolving jurisdictional objections.

22. Petitioner was **not allowed to present opening arguments** until **after** testimony concluded.

23. Petitioner was **denied any opportunity to present closing arguments.**

24. The court **denied all pending motions filed by Petitioner,** including but not limited to:

   - **Motion to Vacate Injunction and for Perjury Sanctions**

- **Motion for Protective Order, Firearm Restrictions, and Restoration of Property Access Rights**
- **Supplemental Motion to Consolidate and Enhance Sanctions for Coordinated Perjury and Fraud**
- **Motion to Strike Filings for Failure to Serve**
- **Motion to Supplement Record**
- **Motion for Clarification and Reconsideration of Personal Jurisdiction**

25. All were denied **without individualized analysis or evidentiary hearing.**

26. The court also permitted **late-filed materials** from opposing counsel submitted via email, despite Petitioner's explicit **non-consent to email service.** Petitioner is **not an e-filer** and had authorized service only via **fax or physical mail,** as Petitioner's California address was on file with the court. These materials were received within **24 hours of the hearing,** depriving Petitioner of fair time to respond, and were never officially served under *Wis. Stat. § 801.14.* Attorney Porter attempted to submit documents by email at 8:56 PM on May 26, 2025, without consent.

27. The injunction was extended through **November 27, 2027,** without lawful service having been proven or jurisdiction lawfully attached.

28. These actions violated Petitioner's rights under:
- **Wis. Const. art. I, §§ 1, 8 & 9**
- **U.S. Const. amends. V & XIV**

29. These actions, taken in tandem through a consolidated hearing, deprived Petitioner of individualized due process protections in both matters.

30. Procedural errors committed during the May 27 hearing affected both matters equally due to their consolidation.

31. Petitioner respectfully notes that a certified transcript has been requested and reserves the right to supplement this petition upon its receipt. Specific details of the hearing violations have been preserved in a separately filed Post-Hearing Preservation Statement and will be expanded upon as needed following transcript certification.

32. Details have been preserved in the separately filed Post-Hearing Preservation Statement (May 29, 2025), incorporated more fully below.

## VI. TRANSCRIPT, PRESERVATION, AND REBUTTAL FILINGS

33. A **certified transcript** has been requested from Court Reporter **Steven Bilke**.

34. The circuit court's reliance on waiver case law has been **refuted in detail** in the filings titled:

- *"Reconsideration of Personal Jurisdiction"*
- *"Jurisdictional Clarification Notice"*
- *"Objection to Personal Jurisdiction"*
- *"Notice of Reservation of Federal Claims"*
- *"Supplement to Record"*

35. Petitioner has also filed a separate **Post-Hearing Preservation Statement** dated **May 29, 2025**, which is incorporated herein by reference. This document:

- Reinforces the procedural and jurisdictional defects presented throughout this writ;
- Details the suppression of Petitioner's ability to present opening and closing arguments, raise timely objections, and respond to surprise evidence;

- Is independently timestamped and verifiable, forming part of the official post-hearing record.

36. This post-hearing statement is offered as **further written rebuttal** under Wis. Stat. § 752.02, as permitted in lieu of in-hearing response under improper default procedures.

---

## VII. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

A. **Issue a supervisory writ halting all further enforcement or proceedings** in 2023CV002928.

B. **Declare the injunction and all subsequent orders void** due to lack of jurisdiction.

C. **Direct the circuit court to vacate the injunction and all related orders.**

D. **Provide any additional relief deemed just and necessary.**

---

**Dated: June 3, 2025**

**Respectfully submitted,**

_____

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
Fax: (650) 523-9988

**STATE OF WISCONSIN**
**COURT OF APPEALS – DISTRICT IV**

### CERTIFICATE OF SERVICE

I, Lee Drone, certify under penalty of perjury pursuant to Wis. Stat. § 802.05(1) that on this 3rd

day of June, 2025, I caused a true and correct copy of the following documents:

- Amended Petition for Supervisory Writ – Case No. 2023CV002928

to be served upon:

**Honorable Ryan Nilsestuen**
Dane County Circuit Court, Branch 10
215 S. Hamilton Street
Madison, WI 53703

by placing them in a sealed envelope with first-class postage prepaid and depositing it in the

United States Mail.

**Dated:** June 3, 2025

**Respectfully submitted,**

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
Fax: (650) 523-9988

# EXHIBIT Q

Amended Petition for Supervisory Writ

Filed: June 3, 2025

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **DANE COUNTY**
                                           **BRANCH 10**

**Case Nos.:**
2023CV002927 (Ian Goodman)
2023CV002928 (Paula Goodman)

**IAN GOODMAN and PAULA GOODMAN,**
Petitioners,

v.

**LEE DRONE,**
Respondent.

MOTION FOR JUDICIAL RECUSAL

**TO:** THE HONORABLE RYAN NILSESTUEN
215 South Hamilton Street, Room 8107
Madison, WI 53703
Fax: (608) 266-4079

**COMES NOW** Lee Drone, appearing specially and without waiving any **jurisdictional objections** previously asserted, and respectfully moves this Court for an order **recusing itself** from any further proceedings in the above-captioned cases. In support, Lee Drone states as follows:

## I. INTRODUCTION AND SUMMARY

1. This **motion** is brought to preserve **due process rights** and to ensure a fair and **impartial tribunal** in light of **procedural irregularities**, repeated disregard for **jurisdictional objections**, and demonstrated **bias** by the Court.

2. Under *Wis. Stat. § 757.19(2)(g)* and *State v. Harrell, 182 Wis. 2d 408 (1994)*, **recusal** is mandatory where a judge's impartiality might reasonably be questioned, including when the **appearance of bias** exists, to protect the integrity of the judicial process.

---

## II. BACKGROUND AND PRIOR FILINGS

3. These cases arise from **harassment injunction** petitions filed by Ian Goodman and Paula Goodman. The Court has consistently heard them jointly, compounding the potential for **prejudice**.

4. I have consistently raised **procedural** and **jurisdictional objections**, including:

    a. **Lack** of **proper service** under *Wis. Stat. § 801.11*;

    b. Denial of **due process** and **failure to provide adequate notice**;

    c. **Acceptance of filings submitted after deadlines** or via **improper service methods** (including email, to which I never consented).

5. The Court has repeatedly refused to address these **jurisdictional issues**, dismissing or ignoring **motions** that explicitly challenged **personal jurisdiction**.

6. These concerns have been raised consistently and documented thoroughly in the record, leaving no doubt as to their seriousness.

---

## III. BASIS FOR RECUSAL AND APPEARANCE OF BIAS

7. At the May 27, 2025, hearing, the Court accepted evidence submitted less than 24 hours beforehand via email without my consent, violating **due process** under *Wis. Stat. § 801.14.*

8. The Court refused to allow opening or closing statements and ignored **valid objections**, showing a pattern of disregard for my **due process rights**.

9. The Court has accepted filings from opposing parties that exceeded deadlines, were submitted in noncompliant formats (e.g., by email without consent), or may have contained unverified statements. In many instances, I was not properly served with these filings, which deprived me of the opportunity to review and object to their form and content.

10. These repeated **procedural irregularities**—combined with the Court's refusal to address **jurisdictional defects**—create a reasonable question of the Court's impartiality, mandating **recusal** under *Wis. Stat. § 757.19(2)(g)*.

11. The Court's conduct has undermined public confidence in the fairness and impartiality of these proceedings, contrary to the principles set forth in *State v. Harrell, 182 Wis. 2d 408 (1994)*.

---

## IV. PROCEDURAL SAFEGUARDS AND RELATED ACTIONS

12. I have filed two **supervisory writs** and two amended **supervisory writs** with the Wisconsin Court of Appeals regarding these irregularities.

13. I have filed a formal complaint with the Wisconsin **Judicial Commission** and am preparing an amendment with additional misconduct details.

14. I am also evaluating all available legal remedies to protect my **due process rights**, should state court relief prove insufficient.

15. I intend to exercise my right to ensure public **transparency** regarding these proceedings, consistent with **verifiable facts** and the public's right to know.

## V. RESERVATION OF RIGHTS AND NON-WAIVER

16. This **motion** is filed solely to preserve my constitutional and **procedural rights** and does not waive any **jurisdictional objections**.

17. I continue to assert that these cases are **void ab initio** due to improper service and that this Court has **no jurisdiction** over me.

## VI. REQUESTED RELIEF

A. That the Honorable Ryan Nilsestuen **recuse himself** from further proceedings in cases 2023CV002927 and 2023CV002928, and that these cases be reassigned by random draw to ensure impartiality.

B. That the Court take notice of the documented **procedural irregularities** and address them to ensure **due process** is upheld.

C. That the Court grant such other and further relief as this Court deems just and proper under the circumstances.

**Dated:** June 10, 2025

Respectfully submitted,

_Lee Drone_          6/10/2025

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
Fax: (650) 284-4905

## CERTIFICATE OF SERVICE

I, Lee Drone, certify under penalty of perjury pursuant to Wis. Stat. § 802.05(1) that on this 10th

day of June 2025, I caused a true and correct copy of the following document(s):

- **Motion for Judicial Recusal**

to be served by placing them in a sealed envelope with first-class mail postage prepaid and

depositing it in the United States Mail, addressed as follows:

**A. Steven Porter**
P.O. Box 7093
Madison, WI 53707

Additionally, I served the same document by fax to:

**Fax**: (608) 251-0320

I declare under penalty of perjury that the foregoing is true and correct.

**Dated**: June 10, 2025

Respectfully submitted,



*Lee Drone*        6/10/2025

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
Fax: (650) 523-9988

# EXHIBIT R

Emergency Motion to Vacate Void Injunction Orders

Filed: June 16, 2025

| STATE OF WISCONSIN | CIRCUIT COURT BRANCH 10 | DANE COUNTY |
|---|---|---|

**Case No.: 2023CV002927**

**IAN GOODMAN**, Plaintiff.
v
**LEE DRONE**, Defendant,

AND

**Case No. 2023CV002928**

**PAULA GOODMAN**, Plaintiff.
v
**LEE DRONE**, Defendant

## EMERGENCY MOTION TO VACATE VOID INJUNCTION ORDERS

NOW COMES Respondent, pro se, and respectfully moves this Court to **immediately vacate** the injunction orders entered in these cases on **November 27, 2023**, and again on **May 27, 2025**, on the grounds that they are **void ab initio** for lack of personal jurisdiction and structural due process violations. This motion is supported by the following:

## I. LACK OF PERSONAL JURISDICTION

**The initial November 2023 injunctions were entered without proper service under Wis. Stat. §§ 801.11 and 813.125(5g).**

1. No valid summons or personal service was attempted prior to those orders.

2. **Service by publication was improperly used,** based on **false representations of Respondent's residency** and without exhausting required statutory methods.

3. These defects render the original injunctions **void ab initio**, not merely voidable. See *State ex rel. Frederick v. McCaughtry*, **173 Wis. 2d 222 (Ct. App. 1992) (orders entered without jurisdiction are void from inception**).

---

## II. ILLEGAL POST-DISMISSAL PROCEEDINGS

**The Court entered dismissal and vacatur orders in both cases on May 12, 2025.**

4. On that date, the Court issued sua sponte **"Decision and Order to Reopen"** documents in both 2023CV002927 and 2023CV002928.

5. At the time the Court issued dismissal and vacatur orders on May 12, 2025, both Petitioners' and Respondent's motions—including filings to reopen and reconsider—were functionally extinguished. While amended motions were later filed by Respondent on May 22, 2025, no jurisdictional basis existed on May 13 when the hearing was calendared. Petitioner's **amended motions**—including renewed requests to vacate, strike, and sanction—were not filed until **May 22, 2025**.

6. **Nevertheless, the Court issued a hearing notice on May 13, 2025, and conducted a full evidentiary hearing on May 27, 2025, with no intervening motion, order, or jurisdictional basis to reopen the cases.**

7. To the extent the Court may argue that Petitioner "submitted" to personal jurisdiction through filings or participation, **such a conclusion is legally unfounded**. Petitioner **preserved all jurisdictional objections**, including through a **special appearance filing**, motions **explicitly disclaiming jurisdiction**, and repeated references to improper service.

8. A case that is **void ab initio** due to **lack of personal jurisdiction cannot be revived** through implication, waiver, or post-dismissal filings.

   See *State ex rel. Frederick v. McCaughtry*, **173 Wis. 2d 222**.

9. The **May 27** hearing thus occurred in proceedings that were **legally closed and lacked judicial authority**.

---

## III. STRUCTURAL DUE PROCESS VIOLATIONS

10. Respondent was **never personally served** in the original actions, and **no new summons or complaint** was served following dismissal.

11. Jurisdiction was **never properly acquired**, then **lost upon dismissal**, and **never lawfully restored**.

12. Although docket entries for **May 12, 2025**, reflect that the Court entered orders labeled as "reopen" in both **2023CV002927** and **2023CV002928**, those same entries also show **dismissal and vacatur** of the injunctions on that same date. These contradictory actions left both matters **procedurally closed** when the Court issued a **hearing notice on May 13, 2025**, and conducted proceedings on **May 27, 2025**.

13. While Respondent filed **amended motions** on **May 22, 2025**, including motions to reopen and vacate, those filings **expressly preserved** Respondent's **jurisdictional objections** and cannot be construed as waiver or consent.

14. In **2023CV002928**, the Court had already dismissed the case on **February 17, 2025**, for **lack of personal jurisdiction** after **sworn testimony** confirmed Respondent's **California residency**.

Page 3 of 5

15. That same **factual and service defect** rendered **2023CV002927 void ab initio** as well, as it relied on the same **false affidavits** and **improper publication.**

16. No valid or timely **order reinstating jurisdiction** was entered in either case, and the proceedings that followed were **structurally void.**

    a.  See:

        i.    *Frederick v. McCaughtry*, 173 Wis. 2d 222 **(Ct. App. 1992);**

        ii.   *PHH Mortgage Corp. v. Mattfeld*, 2011 WI App 62, **¶ 7;**

        iii.  *City of Eau Claire v. Booth*, 2016 WI App 58, **¶ 12.**

---

## IV. PRAYER FOR RELIEF

WHEREFORE, Respondent respectfully requests that the Court:

    A.  **Immediately vacate as void** the injunction orders entered on or about **November 27, 2023,** in both cases;

    B.  **Vacate the May 27, 2025 orders** as **jurisdictionally void** and entered after formal dismissal;

    C.  **Terminate any enforcement consequences, calendar holds, or other effects** flowing from the void injunctions; and

    D.  Enter findings that the Court **lacked personal jurisdiction from inception** and that all post-dismissal activity was **ultra vires and void ab initio.**

---

*This Court's orders—both in November 2023 and May 2025—were issued without ever acquiring personal jurisdiction over Respondent and thus are void ab initio as a matter of law.*

*Any enforcement or judicial activity stemming from such void **acts exceeds constitutional limits***

*and imposes **irreparable harm** on Respondent.*

---

**Dated:** June 16, 2025

**Respectfully submitted,**

*Lee Drone*

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
**Fax:** (650) 523-9988



| STATE OF WISCONSIN | CIRCUIT COURT BRANCH 10 | DANE COUNTY |
|---|---|---|

**Case No.:** 2023CV002927
**IAN GOODMAN,** Plaintiff.
v
**LEE DRONE,** Defendant,

AND

**Case No.** 2023CV002928
**PAULA GOODMAN,** Plaintiff.
v
**LEE DRONE,** Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June 2025, I caused a true and correct copy of the following document:

- **EMERGENCY MOTION TO VACATE VOID INJUNCTION ORDERS**

to be served upon the following party by depositing the same in the United States mail, with first-class postage prepaid, addressed as follows:

**Attorney A. Steven Porter**
P.O. Box 7093
Madison, Wisconsin 53707

I declare under penalty of perjury that the foregoing is true and correct.

**Dated**: June 16, 2025

Respectfully submitted,

<u>lee Drone</u>

**Lee Drone**
3964 Rivermark Plaza,
Unit 2514, Santa Clara, CA 95054
*Plaintiff Pro Se*



# EXHIBIT S

Objection to Informal Email Service and Preservation of Jurisdictional Objection

Filed: June 17, 2025

**STATE OF WISCONSIN**         **CIRCUIT COURT**         **DANE COUNTY**
                               **BRANCH 10**

---

Case No.: 2023CV002928

**Lee Drone,**
**Defendant,**

v.

**Paula Goodman,**
**Plaintiff.**

---

### OBJECTION TO INFORMAL EMAIL SERVICE AND SUPPLEMENT TO
### PRESERVED JURISDICTIONAL OBJECTION AND SUPERVISORY WRIT

---

NOW COMES Respondent, **Lee Drone**, appearing *pro se*, and hereby **objects to improper and unauthorized service of documents via informal email** in the above-captioned matter.

**1.** On May 20, 2025, Respondent received an email directly from Attorney **Steven Porter** purporting to serve one or more injunction-related documents concerning this case.

**2.** Respondent has **not consented to email service in this case** or in related **Case No. 2023CV002927**. While Respondent has agreed to email service in three unrelated matters, such limited consent does **not constitute a global waiver or implied consent** for this or any injunction proceeding.

**3.** Respondent has **previously filed objections** to any attempt to condition or assume service through informal means, including email.

**4.** The documents were **not transmitted via the court's official eFiling system**, and no stipulation authorizing email-based service in this case has been signed or filed with the Court.

**5.** Attorney **Steven Porter** has previously attempted to unilaterally and improperly condition global service without Respondent's consent. This occurred after Attorney **Peter Bear** explicitly stated that Respondent could serve Attorney Porter. Respondent was ultimately forced to pursue **service by publication through court order,** and has otherwise refused to engage with Attorney Porter, given his irregular and unauthorized conduct.

**6.** On January 21, 2025, in a related injunction proceeding (**Case No. 2023CV002928**), Plaintiff Ian Goodman testified under oath that he attempted to locate Petitioner by sending a military associate to a former California address, where he was informed that Petitioner no longer resided there. Despite this, and despite having Petitioner's known California work address on record, Plaintiff proceeded to serve by publication in the *Wisconsin State Journal*. (**See Amended Affidavit dated May 21, 2025.**)

**7.** Respondent further objects to **any attempt at retroactive justification of improper service** or **last-minute curative efforts**. Any service attempt occurring **after May 22, 2025,** would be **untimely under Wis. Stat. § 801.15** and **insufficient to meet constitutional due process requirements** before the scheduled hearing on **May 27, 2025**.

**8.** Receipt of documents via informal email in this context **does not constitute valid legal service,** nor does it **waive Respondent's jurisdictional objections**.

**9.** Respondent reaffirms that the Court **lacks personal jurisdiction** due to defective service and improper initiation of the case. Nothing in this objection should be construed as inviting or

permitting adjudication on the merits, even if future attempts at service were made. Jurisdiction remains expressly contested.

**10.** Respondent **expressly preserves all objections** to **personal jurisdiction, sufficiency of service of process**, and **due process violations**, and respectfully requests that the Court **not proceed on the merits** unless and until **lawful personal jurisdiction is first established through valid service and proper process, which remains wholly absent as of this filing.**

**11.** In addition to this objection, Respondent respectfully requests that **Attorney Steven Porter be removed from this and any related matters** due to repeated improper service conduct and procedural violations. Respondent further notifies the Court that a formal complaint against Attorney Porter is being prepared for submission to the **Office of Lawyer Regulation (OLR)** based on his handling of service, communications, and filings to date.

---

Dated: **May 22, 2025**

Respectfully submitted,

**Lee Drone**
3964 Rivermark Plaza, Unit 2514
Santa Clara, CA 95054
*Respondent, Pro Se*

OpenSign™ DocumentId: ApPUWp2S5h

| **STATE OF** | **CIRCUIT COURT** | **DANE COUNTY** |
|---|---|---|
| **WISCONSIN** | **BRANCH 10** | |

**Case No.** 2023CV002928

**PAULA GOODMAN,** Plaintiff.

v

**LEE DRONE,** Defendant

## CERTIFICATE OF SERVICE

I, Lee Drone, hereby certify that on this 17th day of June 2025, I served a true and correct copy of the document titled:

- **OBJECTION TO INFORMAL EMAIL SERVICE AND SUPPLEMENT TO PRESERVED JURISDICTIONAL OBJECTION AND SUPERVISORY WRIT**

upon the following party via **U.S. First-Class Mail**, properly addressed and with postage prepaid:

**Attorney A. Steven Porter**
P.O. Box 7093
Madison, Wisconsin 53707

**Dated:** June 17, 2025

**Respectfully submitted,**

*Lee Drone*

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
**Fax:** (650) 523-9988



# EXHIBIT T

Supervisory Writ Denial

Filed: July 21, 2025



OFFICE OF THE CLERK
# WISCONSIN COURT OF APPEALS
110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN 53701-1688
Telephone (608) 266-1880
TTY: (800) 947-3529
Facsimile (608) 267-0640
Web Site: www.wicourts.gov

## DISTRICT IV

July 21, 2025

*To*:

Hon. Ryan D. Nilsestuen
Circuit Court Judge
Electronic Notice

Jeff Okazaki
Clerk of Circuit Court
Dane County Courthouse
Electronic Notice

Brian Keenan
Electronic Notice

Lee Joseph Drone
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054

You are hereby notified that the Court has entered the following opinion and order:

| | |
|---|---|
| 2025AP1221-W | State of Wisconsin ex rel. Lee Joseph Drone v. Circuit Court for Dane County (L.C. # 2023CV2928) |

Before Kloppenburg, P.J., Blanchard, and Graham, JJ.

Lee Drone has filed a pro se petition for a supervisory writ. Drone requests that this court issue an order staying all proceedings in the circuit court and directing the circuit court to vacate the harassment and restraining order injunction that was issued against him in the injunction proceeding on May 27, 2025. Drone asserts that the circuit court proceedings have been "marred by jurisdictional defects and due process violations." For the reasons below, we deny the petition ex parte. *See* WIS. STAT. RULE 809.51(2).

Although Drone is challenging the injunction issued by the circuit court, he has not provided this court with a copy of the written order granting the injunction or a transcript of the injunction hearing. Circuit court docket entries indicate that, on May 27, 2025, the court held an injunction hearing at which it heard sworn testimony from the petitioner who filed the injunction petition. The docket entry also states that the court addressed pending motions filed by Drone

and heard arguments from Drone. Before adjourning the hearing, the court granted the injunction. The court "denie[d] pending motions filed by [Drone] not found to be moot by the court on the record."

In a writ proceeding, this court does not have access to the circuit court record. It is the appellant's duty to ensure that the record is sufficient to address the issues presented for review. *See State Bank of Hartland v. Arndt*, 129 Wis. 2d 411, 423, 385 N.W.2d 219 (Ct. App. 1986). In the absence of a transcript, this court must assume that every fact essential to sustain the circuit court's exercise of discretion is supported by the record. *See Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 641, 273 N.W.2d 233 (1979).

However, even if Drone had provided this court with a copy of the circuit court's written and oral decisions, we would still deny the writ petition. A petition for a supervisory writ is not a substitute for an appeal. *State ex rel. Dressler v. Circuit Ct. for Racine Cnty., Branch 1*, 163 Wis. 2d 622, 630, 472 N.W.2d 532 (Ct. App. 1991). When, as here, there are other adequate remedies available, a supervisory writ will not issue. *See id.* If Drone wishes to challenge the circuit court order granting an injunction, on jurisdictional grounds or other grounds, his remedy lies in initiating an appeal of that order. *See* WIS. STAT. § 808.03; WIS. STAT. RULE 809.10(1).

Upon the foregoing reasons,

IT IS ORDERED that the petition for a supervisory writ is denied ex parte.

*Samuel A. Christensen*
*Clerk of Court of Appeals*

2

# EXHIBIT U

Dane County Circuit Court Branch 10 Record

Filed: August 18, 2025

## Dane County Circuit Court Branch 10 Case Number 2023CV002928

| Date | Event | Additional Text |
|------|-------|-----------------|
| 2025-08-18 | Verification from Court of Appeals | that the record was filed on 08/18/2025. |
| 2025-08-18 | Transmittal of record to court of appeals | Appeals Document Index: 2025AP001531 sent to Court of Appeals by: Shannon Krueger |
| 2025-08-18 | Certificate of transmittal | |
| 2025-08-04 | Index | Appeals Document Index saved for: 2025AP001531 by: Shannon Krueger |
| 2025-08-04 | Notice of compilation of record | to all parties. File to Court of Appeals on 08/18/2025. |
| 2025-08-04 | Letters/correspondence | to appellant re: transmittal fee. |
| 2025-07-30 | Transcript | 5/27/2025 Injunction Hearing/Motion Hearing Reporter: Steven Bilke |
| 2025-07-25 | Statement on transcript | not necessary. (sent to COA on 07/28/2025) |
| 2025-07-24 | Certificate of service | |
| 2025-07-24 | Docketing Statement | filed by Lee Drone. (sent to COA on 07/28/2025) |
| 2025-07-24 | Notice of appeal | filed by Lee Drone from order entered 05/27/2025. (signed copy) |
| 2025-07-23 | Notes | Exhibits- 1 envelope in room 4107 |
| 2025-07-21 | Order of Court of Appeals | IT IS ORDERED that the petition for a supervisory writ is denied ex parte. |
| 2025-07-10 | Letters/correspondence | from Court of Appeals to Lee Drone. |
| 2025-07-10 | Notice of Docketing of Appeal | a copy of the notice of appeal was filed with the Court of Appeals on 07/10/2025. |
| 2025-07-10 | Notice of appeal transmittal | Electronically |
| 2025-07-10 | Other papers | Court Record |
| 2025-07-09 | Notice of appeal | filed by Lee Drone from order entered 05/27/2025. |
| 2025-07-09 | Docketing Statement | |
| 2025-07-09 | Certificate of service | |
| 2025-06-20 | Decision | Decision on Motions |
| 2025-06-18 | Response/reply | Objection to Informal Email Service and Supplement to Preserved Jurisdictional Objection and Supervisory Writ filed by Lee Drone |
| 2025-06-18 | Certificate of service | |
| 2025-06-16 | Motion | Emergency Motion to Vacate Void Injunction Orders filed by Lee Drone |
| 2025-06-16 | Certificate of service | |
| 2025-06-11 | Certificate of service | |
| 2025-06-11 | Motion | Motion for Judicial Recusal filed by Lee Drone |

1/6

| 2025-06-09 | Certificate of service | |
|---|---|---|
| 2025-06-09 | Other papers | Amended Petition for Supervisory Writ filed with Court of Appeals. |
| 2025-06-04 | Acknowledgment from Court of Appeals | of receipt of Petition for Supervisory Writ from the Court of Appeals regarding appeal case # 25AP1221W. |
| 2025-05-29 | Other papers | Post-Hearing Preservation Statement filed by Lee Drone |
| 2025-05-27 | Injunction granted | |
| 2025-05-27 | Injunction w/out firearm restriction | |
| 2025-05-27 | Exhibit list | Exhibits 2 & 3 (USB) stored in COC Records |
| 2025-05-27 | Motion hearing | Joint hearing on 23CV2927/23CV2928 2:01 PM Petitioner I. G. in court. Petitioner P. G. in court. Attorney A Steven Porter in court for Petitioner. Attorney Peter D. Bear in court for Petitioner. Respondent Lee Joseph Drone in court. Court proceeds with injunction hearing, will address pending motions after injunction. Petitioner I. G. duly sworn and testified. Atty. Porter with direct. Exhibit 1-8 offered and received. Respondent makes statement. Petitioner P. G. duly sworn and testified. Atty. Porter with direct. Respondent waives testimony. Court addresses pending motions filed by respondent. Respondent gives argument. Atty. Porter responds, gives argument on pending motions. Court addresses injunction, makes findings, and grants injunction until 11-27-2027. Court denies pending motions filed by respondent not found to be moot by the court on the record. |
| 2025-05-27 | Notice | Notice of Special Appearance and Objection to Personal Jurisdiction filed by Lee Drone |
| 2025-05-22 | Affidavit | - Affidavit in Support of Motion to Strike for Failure to Serve filed by Lee Drone - Motion to Advance and Calendar Hearings on Pending Motions- Amended filed by Lee Drone |
| 2025-05-22 | Notice | Jurisdictional Clarification Notice filed by Lee Drone |
| 2025-05-22 | Notice | Notice of Reservation of Federal Claims and Supplement to Record filed by Lee Drone |
| 2025-05-22 | Affidavit | Amended Affidavit of Lee Drone filed by Lee Drone |
| 2025-05-22 | Motion | Motion for Clarification and Reconsideration of Personal Jurisdiction Determination- Amended filed by Lee Drone |
| 2025-05-22 | Motion | Defendant's Motion to Strike Filings for Failure to Serve- Amended filed by Lee Drone |
| 2025-05-22 | Motion | - Motion for Protective Order with Firearm Restrictions and Litigation Bar- Amended filed by Lee Drone, - Motion to Vacate Injunction, Ensure Dismissal, |

|  |  | and for Perjury Sanctions- Amended filed by Lee Drone, - Motion to Supplement Record- Amended filed by Lee Drone |
|---|---|---|
| 2025-05-22 | Motion | Supplemental Motion to Consolidate and Enhance Sanctions for Coordinated Perjury and Fraud on the Court in Related Injunction Actions- Amended filed by Lee Drone |
| 2025-05-21 | Request | Request for Zoom Appearance- Atty Bear |
| 2025-05-20 | Order of Court of Appeals | IT IS ORDERED that the motions for temporary relief are denied. IT IS FURTHER ORDERED that the petitions for supervisory writ submitted by facsimile on May 16, 2025, are rejected for filing. |
| 2025-05-20 | Other papers | Petition for Supervisory Writ, filed in Court of Appeals |
| 2025-05-20 | Motion in court of appeals |  |
| 2025-05-16 | Response/reply | Emergency Objection to In-Person Hearing Scheduling and Request for Remote Appearance- Lee Drone (REMOTE APPEARANCE GRANTED) |
| 2025-05-13 | Notice of hearing | Injunction hearing on May 27, 2025 at 02:00 pm. |
| 2025-05-13 | Notice of hearing | Motion hearing on May 27, 2025 at 02:00 pm. |
| 2025-05-12 | Injunction Vacated |  |
| 2025-05-12 | Dismissed |  |
| 2025-05-12 | Motion | Motion for Clarification and Reconsideration of Personal Jurisdiction Determination- Lee Drone |
| 2025-05-12 | Motion | Motion to Advance and Calendar Hearings on Pending Motions- Lee Drone |
| 2025-05-12 | Reopen |  |
| 2025-05-12 | Decision and order | Decision and Order on Motions |
| 2025-05-07 | Motion | Defendant's Motion to Strike Filings for Failure to Serve |
| 2025-05-07 | Affidavit/Declaration in support of motion | Affidavit in Support of Motion to Strike for Failure to Serve- Lee Joseph Drone |
| 2025-04-25 | Order on motion to seal/redact court record |  |
| 2025-04-23 | Motion to seal/redact court record | Filed by Lee Drone |
| 2025-04-22 | Response/reply | Petitioner Paula Goodman's Reply Brief in Support of Her Motion to Reconsider the Decision to Reopen and Dismiss Her Petition for Injunction |
| 2025-04-21 | Motion | Supplemental Motion to Consolidate and Enhance Sanctions for Coordinated Perjury and Fraud on the Court in Related Injunction Cases- Lee Drone |
| 2025-04-18 | Brief of respondent | Reply Brief in Support of Motion to Vacate Injunction- Lee Drone |
| 2025-04-18 | Motion | Motion to Supplement Record- Lee Drone |
| 2025-04-16 | Letters/correspondence | Letter from Lee Drone re: Updated Address |

| 2025-04-16 | Change of address notification | ADDRESS INFO for Lee Joseph Drone Current: 3964 Rivermark Plaza Unit #2514, Santa Clara, CA 95054 United States (Effective: 04-16-2025) Prior: 3700 Casa Verde Street, Apt 2304, San Jose, CA 95134 United States |
|---|---|---|
| 2025-04-16 | Change of address notification | Faxed Address Update for Respondent |
| 2025-04-09 | Letters/correspondence | Request for facsimile notices and address removal from record. |
| 2025-04-04 | Request | Request to Schedule Motion Hearings- Respondent |
| 2025-04-04 | Transcript | 11/27/2023 Injunction Hearing Reporter: Hannah Tyler |
| 2025-04-04 | Transcript | 12/5/2024 Motion Hearing Reporter: Steven Bilke |
| 2025-04-04 | Notice of retainer | Atty Peter Bear for Paula Goodman |
| 2025-04-03 | Stipulation and Order | Stipulation and Order for Substitution of Attorney- Atty Stephen Porter substituted for Atty Joseph Klein |
| 2025-04-02 | Proposed Order | Stipulation and Order for Substitution of Attorney- Atty Stephen Porter for Plaintiff |
| 2025-03-31 | Affidavit/Declaration in support of motion | Affidavit of Lee Drone in Support of Motion to Vacate Injunction, Ensure Dismissal, and for Perjury Sanctions Against Paula Goodman |
| 2025-03-31 | Motion | Motion to Vacate Injunction, Ensure Dismissal, and for Perjury Sanctions Against Paula Goodman- Respondent |
| 2025-03-31 | Affidavit/Declaration in support of motion | Affidavit of Lee Drone in Support of Motion for Protective Order |
| 2025-03-31 | Motion | Motion for Protective Order with Firearm Restrictions and Litigation Bar- Respondent |
| 2025-03-14 | Return of unclaimed/undelivered mail service | Lee Drone's copy of Decision and Order Granting Motion to Reopen and Vacate returned; unable to forward |
| 2025-03-13 | Notice of retainer | Atty. Porter for Petitioner |
| 2025-03-07 | Notice of briefing schedule | on Motion for Reconsideration and to Reopen |
| 2025-02-28 | Affidavit/Declaration of Service | |
| 2025-02-25 | Notice of motion, motion | Notice of Motion and Motion to Reconsider and Reopen- Atty Klein |
| 2025-02-17 | Dismissed | |
| 2025-02-17 | Reopen | |
| 2025-02-17 | Decision and order | To Vacate (emailed to DCSO 2/17/2025 & 2/20/2025) |
| 2025-02-17 | Letters/correspondence | Faxed Letter from Petitioner regarding issues on cases 24CV216, 23CV2927 & 23CV2928. |
| 2025-02-04 | Transcript | 11/13/2023 Injunction Hearing Reporter: Colleen Clark |
| 2025-01-23 | Transcript | 1/21/2025 Motion Hearing Reporter: Steven Bilke |
| 2025-01-21 | Video conferencing | |

| | | |
|---|---|---|
| 2025-01-21 | Motion hearing | 1:06 PM Petitioner appeared by video. Attorney Joseph J. Klein appeared by video for Petitioner. Respondent Lee Joseph Drone appeared by video. Ian Goodman appeared by video. Court addresses motion to reopen and vacate. Atty. Klein states position. Respondent duly sworn and testified. Atty. Klein with cross. Witness Ian Goodman duly sworn and testified. Atty. Klein with direct. Respondent with cross. Atty. Klein gives closing argument. Respondent gives closing argument. Court to issue written decision. |
| 2025-01-02 | Notice of hearing returned | Lee Joseph Drone's copy of 1/21/2025 Motion Hearing Notice returned; unable to forward |
| 2024-12-09 | Notice of hearing returned | Lee Joseph Drone's copy of 12/5/2024 Motion Hearing Notice returned; Lee Drone has not lived at this address for 20 years |
| 2024-12-06 | Change of address notification | ADDRESS INFO for Lee Joseph Drone Current: 3700 Casa Verde Street, Apt 2304, San Jose, CA 95134 United States (Effective: 12-06-2024) Prior: 7220 Inama Rd, Sauk City, WI 53583 United States |
| 2024-12-05 | Notice of hearing | Motion hearing on January 21, 2025 at 01:00 pm. Notice mailed to updated RE's address. |
| 2024-12-05 | Video conferencing | |
| 2024-12-05 | Motion hearing | 2:00 PM Petitioner appeared by video. Attorney Joseph J. Klein appeared by video for Petitioner. Respondent Lee Joseph Drone appeared by video. Respondent gives update, states he is still wishing to proceed on motion to reopen. Atty. Klein responds, requests set over for time to review case. Court grants request, sets motion hearing to 01-21-25 at 1pm. Parties to exchange witness lists and exhibits one week prior to hearing or they will not be permitted for hearing. |
| 2024-12-02 | Notice of retainer | Atty. Klein |
| 2024-11-13 | Notice of hearing | Motion hearing on December 5, 2024 at 02:00 pm. |
| 2024-11-12 | Motion and order for withdrawal of counsel | Atty Sean Griffin and Atty David Pawlowski for Respondent |
| 2024-11-08 | Motion and prop. order for withdrawal of counsel | Atty David Pawlowski and Atty Sean Griffin for Respondent |
| 2024-11-08 | Motion | Motion to Adjourn- Atty Griffin |
| 2024-10-18 | Notice of hearing | Motion hearing on November 19, 2024 at 01:30 pm. |
| 2024-10-17 | Responsible court official changed | |
| 2024-10-16 | Affidavit/Declaration in support of motion | to Reopen and Vacate |
| 2024-10-16 | Motion | to Reopen and Vacate |
| 2024-05-29 | Notice of retainer | filed by Atty David Pawlowski for Defendant, Lee Drone |

| 2024-05-29 | Notice of retainer | filed by Atty Sean Griffin for Defendant, Lee Drone |
|---|---|---|
| 2024-05-15 | Affidavit/Declaration of Service | Injunction served to Lee Joseph Drone on 5-13-24 |
| 2023-11-29 | Certificate of non-service | on Lee Joseph Drone |
| 2023-11-27 | Electronic Filing Notice | |
| 2023-11-27 | Case Converted to Electronic Filing | |
| 2023-11-27 | Proof of publication | Wisconsin State Journal. |
| 2023-11-27 | Injunction granted | |
| 2023-11-27 | Injunction hearing | Joint hearing on 23CV2927/2928. 8:55 AM Petitioners in court. Respondent Lee Joseph Drone not in court. Petitioners offers proof of publication in both cases. Both petitioners duly sworn and testified. Court makes findings, grants injunction for a period of four years. |
| 2023-11-27 | Injunction w/out firearm restriction | |
| 2023-11-13 | Order extending time for hearing | |
| 2023-11-13 | Injunction hearing | 9:03 AM Petitioner in court. RE is not served. Court colloquy with PE regarding service. Court signs order to extend time for hearing for service to be accomplished. Copy of order given to petitioners in court. |
| 2023-11-06 | Respondents Information for Service by Sheriff | |
| 2023-11-06 | Notice of hearing TRO/Injunction-harassment | |
| 2023-11-06 | Confidential Address Info. Dom Abuse/Harass | |
| 2023-11-06 | Fee waiver based on conduct alleged | |
| 2023-11-06 | Temporary restraining order - granted | |
| 2023-11-06 | Petition for TRO/injunction | |