A. Steven Porter
Appearing *pro hoc vice*
Wisconsin State Bar No. 1000195
P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
Fax: (608) 819-6466
(608) 698-9319 (cell)
asp5949@gmail.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LEE DRONE, | * | |
| Plaintiff, | * | |
| -vs- | * | Case No. 25 CV 09580 ekl |
| JUDGE RYAN D. NILSESTUEN (official capacity), RYAN D. NILSESTUEN (individual capacity), PAULA GOODMAN, ATTORNEY JOSEPH J. KLEIN, and ATTORNEY ALLEN S. PORTER, | * * | |
| Defendants. | * | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT**

Defendants Paula Goodman and Allen S. Porter, by their attorney, A. Steven Porter (who is also defendant Allen S. Porter) appearing *pro hoc vice* for Paula Goodman, have moved the Court, pursuant to Rule 12(b)(1) and (2), Federal Rules of Civil Procedure, for an Order dismissing plaintiff Lee Drone's Complaint under the Rooker-Feldman Doctrine for lack of subject matter jurisdiction and for lack of personal jurisdiction over them.

1

In his 220-page Complaint attempts to employ 42 U.S.C. § 1983 to collaterally attack and relitigate in this Court the Order for a four-year Injunction entered by the Hon. Ryan Nilsestuen, State of Wisconsin Circuit Court Judge in the Circuit Court for Dane County, Wisconsin, on May 27, 2025, in *Petitioner v. Drone*, Dane County Case No. 23 CV 2928, in favor of Paula Goodman against plaintiff Drone under Wisconsin's harassment injunction statute, Wis. Stat. § 813.125. (Docket #1, ¶ 90, Exhibit U, p. 2/6.) The acts of harassment against the Goodmans found by Judge Nilsestuen in the harassment action to have been committed by Drone all took place in Wisconsin and stemmed from the dispute between Drone and the Goodmans over rights to jointly-owned real estate located at 1430 Ellen Avenue, Madison, Wisconsin. Drone's appeal of the Order for Injunction to the State of Wisconsin Court of Appeals is currently pending, Case No. 25 AP 1531. (Docket #1, ¶ 91, Exhibit U, p. 1/6.)

As such, under the Rooker-Feldman Doctrine, the Court lacks subject matter jurisdiction over all of plaintiff's claims that challenge the Order of the Wisconsin Circuit Court, *Searle v. Allen*, 148 F.4th 1121, 1130 (9th Cir. 2025)("Rooker-Feldman bars Searle from directly challenging the state court foreclosure judgment in federal court."); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 292 (2005). Plaintiff's Complaint must fail for a multitude of other reasons, but, in the first instance, because this Court does not have personal jurisdiction over defendants Goodman and Porter.

  I.  <u>Under the Rooker-Feldman Doctrine This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint Because It Is Merely an Attempt to Challenge the Order for a</u>

<u>Harassment Injunction Entered Against Him by the State of Wisconsin Circuit Court in Dane County Case No. 23 CV 2928.</u>

Under the Rooker- Feldman doctrine, United States district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005). The rationale for the doctrine is that Congress has empowered federal district courts to exercise only original, not appellate, jurisdiction. *Id*. at 283. "Appellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1 Stat 85, and now by 28 U.S.C. § 1257, exclusively in the U. S. Supreme Court." *Id*. Thus, U.S. district courts lack subject matter jurisdiction over cases filed "in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment …. to overturn [that] injurious state-court judgment." *Id*. at 291-2.

In his Complaint in this case Drone explicitly seeks relief of that nature. Drone's Complaint seeks relief in the form of "[a] declaration that the injunctions [sic] entered against Plaintiff in Dane County Case No. 2023CV002928 were void ab initio" and "constitute an ongoing deprivation of Plaintiffs [sic] liberty, property, and reputational interests under the Fourteenth Amendment" and seeking "[a]n order directing the expungement or permanent sealing of all void injunctions, related docket entries, and collateral records maintained by the Dane County Circuit Court or any associated databases." (Docket #1, ¶¶ A. 1-2, B. 1.)

*3*

Under the Rooker-Feldman Doctrine this Court lacks subject matter jurisdiction to entertain claims for such relief. Plaintiff's Complaint must be dismissed.

II.  Plaintiff Has Not Alleged Facts Sufficient to Establish the Existence of Personal Jurisdiction of the Court over Defendants Goodman and Porter.

According to Rule 4(k), F.R.C.P., serving the summons and complaint on a defendant is effective in establishing personal jurisdiction over the defendant in a federal district court when authorized by federal statute or if, by doing so, the defendant would be subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.  Drone contends that, under F.R.C.P. 4(k)(1)(A) and California's long-arm statute, Cal. Code Civ. Proc. § 410.10, this Court has personal jurisdiction over defendants because they "each committed intentional acts expressly aimed at a known California resident, and the brunt of the resulting harm was felt within this District." (Docket #1, ¶ 11.) The Complaint is devoid of factual allegations sufficient to support either of these contentions.

Drone alleges defendants Goodman and Porter are subject to personal jurisdiction of the Court under California's Long-Arm Statute. Cal. Code Civ. Proc. § 410.10. That statute provides:

> A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.

Under the United States Constitutions' Due Process Clause, a court may assume personal jurisdiction over a nonresident if the nonresident has constitutionally sufficient minimum contacts with the forum state. *Stone v. Texas*, 76 Cal. App. 4th 1043, 1047, 90 Cal. Rptr. 2d 657,

660 (1999). The defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *Id*. General jurisdiction over an out-of-state defendant under the long-arm statute requires "substantial and systematic contacts" in the forum state. *Id*. But, an out-of-state defendant may still be "subject to the specific jurisdiction of the forum, if the defendant has purposefully availed himself or herself of forum benefits, and the controversy is related to or arises out of a defendant's contacts with the forum." *Id*. at 1047-8 (Internal quotes and cites removed). The burden is on the plaintiff to show facts justifying the exercise of jurisdiction. *Id*. at 1048.

Drone's Complaint alleges no facts that would support a reasonable inference that defendants Goodman or Porter committed any acts that unlawfully injured Drone or anyone else in the State of California. All of the alleged wrongful actions by Goodman and Porter were taken in relation to Goodman's lawsuit in Wisconsin seeking a harassment injunction against Drone. None were directed at Drone because of the fact that he resides in California and none of the alleged actions were intended or had the effect of injuring anyone in California. The Complaint does not contain any allegations identifying any specific individual or entity, other than Drone, himself, who received or was affected by any of defendants' actions. For this Court to exercise personal jurisdiction over Goodman and Porter the Complaint would have to allege facts showing that they had "substantial and systematic contacts in the forum sufficient to establish general jurisdiction." *Stone v. Texas*, 76 Cal. App. 4th at 1047, 90 Cal. Rptr. 2d at 660 (1999). To satisfy that criterion, defendants' contacts with California and their activities in that forum would have to be so "continuous and systematic" that the defendants may in fact be said

to already have a presence in California unrelated to causes of action in this case. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d at 539-40.

    Drone claims that defendants Goodman and Porter specifically and purposefully directed their conduct toward him so as to cause harm in California and, thereby, availed themselves of the forum in California. In *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004), the court explained that the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984), provided the criteria for evaluating whether a complaint sufficiently alleged that an out-of-state defendant had voluntarily submitted to the personal jurisdiction of the forum state by the 'purposeful direction' of a foreign act having effect in the forum state. *Id*. *Calder* devised a three-part "effects" test to evaluate the alleged purposeful direction. *Id*. The *Calder* "effects" test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id*.

    Drone's Complaint does not meet the *Calder* effects test. His Complaint does not allege any facts that would establish or support the inference that defendants Goodman or Porter expressly aimed any of their alleged acts at the state of California, *per se*. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 806 ("Schwarzenegger must also show that Fred Martin "expressly aimed" its intentional act -- the placement of the Advertisement -- at California.") Drone has alleged only that defendants directed certain acts at him personally. He has not alleged acts that would support the inference that defendants intended to cause any effect in or related specifically to California. In fact, the only facts alleged indicate that defendants only purpose was specifically to effect events, circumstances, rights or relationships concerning real property and lawsuits pertaining to it and pertaining to harassment

injunction actions in Wisconsin. *Id*. at 807 ("Here, Fred Martin's intentional act -- the creation and publication of the Advertisement -- was expressly aimed at Ohio rather than California.")

And, Drone has alleged no facts to support an inference that defendants intended by their acts to cause harm that they knew was likely to be suffered in the forum state. Drone makes vague and conclusory allegations that the "brunt of the resulting harm" from defendants' actions in litigation against Drone in Wisconsin "was felt within this District." (Docket #1, ¶ 11.) But, Drone makes no specific allegation of fact to support an inference that defendants took any action to influence anyone in California either directly or indirectly.

Plaintiff's Complaint must be dismissed for lack of personal jurisdiction over defendants Goodman and Porter.

Dated this 11th day of December, 2025.

                                                                             /s/ A. Steven Porter
                                                                             A. Steven Porter
                                                                             Appearing *pro hoc vice*
                                                                             Wisconsin State Bar No. 1000195
                                                                             Attorney for Defendants
                                                                             Paula Goodman and himself,
                                                                             Allen Steven Porter

P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
Fax: (608) 819-6466
(608) 698-9319 (cell)
asp5949@gmail.com