UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

JAN 08 2026 

Case No.: 5:25-CV-09580-EKL

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

**LEE DRONE**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff*

v.

**JUDGE RYAN D. NILSESTUEN** *(official capacity)*;
**RYAN D. NILSESTUEN** *(individual capacity)*;
**PAULA GOODMAN**;
**ATTORNEY JOSEPH J. KLEIN; AND**
**ATTORNEY ALLEN S. PORTER.**
*Defendants*

---

### PLAINTIFF'S OPPOSITION TO DEFENDANT KLEIN'S MOTION TO DISMISS

---

**I. Preliminary Statement and Jurisdictional Posture**

1. Defendant Klein moves to dismiss the Complaint under Rule 12(b)(1) and Rule 12(b)(2). This opposition is confined to those jurisdictional grounds. To the extent the Motion or supporting Brief includes narrative characterizations, procedural history, or merits-adjacent assertions that are not pleaded as operative facts in the Complaint, Plaintiff does not respond to such material and does not waive any argument by declining to do so. At this stage, the Court's inquiry is limited to whether the Complaint, as pleaded, establishes subject-matter jurisdiction and personal jurisdiction.

2. Klein expressly invokes Rule 12(b)(1) and Rule 12(b)(2) as the bases for dismissal. At the pleading stage, both inquiries are governed by the allegations in the Complaint. The Court must accept those allegations as true and draw reasonable inferences in Plaintiff's

favor. Jurisdiction cannot be defeated by competing characterizations of the pleadings or by factual assertions not alleged in the Complaint.

## II. The Rooker–Feldman Doctrine Does Not Deprive This Court of Subject-Matter Jurisdiction

3. Klein characterizes the Complaint as a collateral attack on state-court proceedings for purposes of invoking the Rooker–Feldman doctrine. The Complaint does not plead injuries caused by a state-court judgment itself. Rather, it alleges independent federal injuries arising from Defendants' conduct, as pleaded, and invokes this Court's original jurisdiction on that basis. At the Rule 12(b)(1) stage, the source of the alleged injury controls the analysis, not a defendant's reframing of the Complaint's theory.

4. Klein further asserts that his alleged conduct was confined to proceedings in Wisconsin. That assertion is not a jurisdictional fact pleaded in the Complaint, but a competing characterization of the allegations. The Complaint alleges conduct attributable to Klein and alleges resulting injuries forming the basis of Plaintiff's federal claims. On a Rule 12 motion, the Court must evaluate jurisdiction based on the allegations as pleaded, not on a defendant's narrowing description of where or how the alleged conduct occurred.

5. Relying on those characterizations, Klein concludes that this Court lacks subject-matter jurisdiction. That conclusion does not follow from the pleadings. The Complaint invokes original federal jurisdiction and alleges injuries traceable to Defendants' conduct, rather than injuries caused by the mere existence of a state-court judgment. Accepting the allegations as true, as required at this stage, dismissal under Rule 12(b)(1) is not warranted.

6. Klein formally invokes the Rooker–Feldman doctrine as a basis for dismissal under Rule 12(b)(1). Invocation of that doctrine, however, does not itself resolve the jurisdictional inquiry. Whether Rooker–Feldman applies depends on the allegations in the Complaint and, in particular, on whether the injuries alleged are caused by a state-court judgment itself. At the pleading stage, the Court must assess that question based on the Complaint as pleaded, not on the mere assertion that the doctrine applies.

7. Klein recites the general formulation of the Rooker–Feldman doctrine drawn from controlling authority. Plaintiff does not dispute the abstract statement of the doctrine as quoted. The dispute concerns its application. Under the standard Klein invokes, dismissal is appropriate only where the Complaint alleges injuries caused by a state-court judgment and seeks review or rejection of that judgment. The existence of a state-court proceeding, standing alone, does not satisfy that requirement.

8. Klein further emphasizes that appellate review of state-court judgments lies exclusively with the United States Supreme Court. That principle is not contested. It does not, however, convert every federal action touching on matters previously addressed in state court into a forbidden appeal. Where, as pleaded, a complaint alleges independent federal injuries arising from Defendants' conduct and invokes original federal jurisdiction, the principle of appellate exclusivity does not deprive this Court of subject-matter jurisdiction at the Rule 12(b)(1) stage.

9. Klein also relies on the proposition that Rooker–Feldman applies to federal actions filed after state proceedings have concluded. Even accepting that temporal framing, timing alone is not dispositive. The controlling inquiry remains the source of the alleged injury. As pleaded, the Complaint alleges injuries attributable to Defendants' conduct rather than

injuries caused by the existence of a state-court judgment. The sequence of filings does not, by itself, transform the Complaint into a de facto appeal.

10. Klein argues that the relief requested in the Complaint demonstrates an effort to nullify or overturn a state-court judgment. That argument conflates the form of relief with the source of the alleged injury. The applicability of Rooker–Feldman turns on whether the alleged injury is caused by a state-court judgment itself, not on whether the Complaint seeks declaratory or injunctive relief. As pleaded, the Complaint seeks relief for alleged federal violations arising from Defendants' conduct, and the nature of the relief requested does not independently establish a jurisdictional bar at this stage.

11. Klein next points to specific allegations concerning his conduct and asserts that those matters were addressed in state-court proceedings. That assertion does not resolve the jurisdictional inquiry. The Complaint alleges conduct attributable to Klein and alleges resulting injuries forming the basis of Plaintiff's federal claims. Whether similar allegations were raised elsewhere, how they were characterized, or how they were resolved are not jurisdictional facts pleaded in the Complaint and are not determinative under Rule 12(b)(1).

12. Klein further asserts that all allegations concerning his conduct were decided against Plaintiff in state court. That assertion again reflects Klein's characterization of prior proceedings rather than the jurisdictional allegations pleaded here. Rooker–Feldman does not bar jurisdiction simply because issues were previously litigated or adjudicated. The doctrine applies only where the alleged injury is caused by a state-court judgment itself. As pleaded, the Complaint alleges injuries arising from Defendants' conduct, not from the judgment as such.

13. Based on those assertions, Klein concludes that the Complaint must be dismissed for lack of subject-matter jurisdiction. That conclusion does not follow from the pleadings. Accepting the Complaint's allegations as true, as required at the Rule 12 stage, the Complaint invokes original federal jurisdiction and does not seek appellate review of a state-court judgment. Dismissal under Rule 12(b)(1) is therefore not warranted on the face of the Complaint.

### III. Legal Standard Governing Personal Jurisdiction at the Pleading Stage

14. Klein next turns to personal jurisdiction and argues that the Complaint fails to establish jurisdiction over him under Rule 12(b)(2). As with subject-matter jurisdiction, the personal jurisdiction inquiry at this stage is confined to the allegations in the Complaint. The Court must accept the Complaint's jurisdictional allegations as true and resolve reasonable inferences in Plaintiff's favor. Competing factual narratives or characterizations offered by Klein do not control the analysis on a motion to dismiss.

15. Klein invokes Rule 4(k) as the framework governing personal jurisdiction in this Court. Plaintiff does not dispute that personal jurisdiction must be assessed in accordance with that rule and the applicable constitutional standards. The dispositive question under Rule 12(b)(2) is whether the Complaint, as pleaded, alleges facts sufficient to support personal jurisdiction. At this stage, dismissal is improper where the Complaint plausibly alleges a jurisdictional basis, regardless of Klein's competing characterization of those allegations.

## IV. The Complaint Plausibly Alleges a Basis for Specific Personal Jurisdiction

16. Klein summarizes Plaintiff's jurisdictional theory as one based on alleged intentional acts directed at a California resident and resulting harm felt in this forum. That summary reflects the jurisdictional allegations pleaded in the Complaint. At the Rule 12(b)(2) stage, the question is not whether Klein agrees with that theory, but whether the Complaint alleges facts which, if accepted as true, are sufficient to support personal jurisdiction. The Court's analysis must begin and end with the allegations as pleaded.

17. Klein asserts that the Complaint is devoid of factual allegations sufficient to support personal jurisdiction. That assertion is a legal conclusion based on Klein's interpretation of the pleadings, not a jurisdictional fact. The Complaint includes allegations concerning Klein and alleges resulting effects forming the basis of Plaintiff's claims. At this stage, the Court must accept those allegations as true and may not dismiss for lack of personal jurisdiction based on Klein's competing characterization of their sufficiency.

18. Klein next invokes California's long-arm statute and notes that it extends jurisdiction to the full limits of due process. Plaintiff does not dispute that framework. Where, as here, the long-arm statute is coextensive with constitutional limits, the jurisdictional inquiry collapses into a single due process analysis based on the allegations in the Complaint. The statute itself does not impose any additional pleading burden beyond what due process requires.

19. Klein recites the general principle that due process requires constitutionally sufficient minimum contacts with the forum such that a defendant could reasonably anticipate being haled into court there. Plaintiff does not contest that standard. The dispute concerns its application to the allegations pleaded. At the Rule 12 stage, the Court must determine

whether the Complaint plausibly alleges forum-related contacts giving rise to the claims asserted, not whether Klein's alternative account of his contacts is more persuasive.

20. Klein distinguishes between general and specific jurisdiction and asserts that Plaintiff bears the burden of establishing jurisdiction. Plaintiff proceeds solely on a theory of specific jurisdiction. At the pleading stage, that burden is satisfied where the Complaint alleges facts which, if true, support the exercise of specific jurisdiction. The Complaint's allegations must be credited, and reasonable inferences drawn in Plaintiff's favor. Klein's reliance on generalized statements about jurisdiction does not resolve whether the specific jurisdiction alleged here is plausibly pleaded.

---

## V. The Complaint Satisfies the Calder Effects Test

21. Klein argues that the Complaint alleges no conduct directed toward California and asserts that all relevant actions occurred elsewhere. That assertion reflects Klein's factual characterization rather than the jurisdictional allegations pleaded. The Complaint alleges conduct attributed to Klein and alleges resulting effects forming the basis of Plaintiff's claims. At the Rule 12(b)(2) stage, the Court must credit those allegations and may not resolve competing factual inferences regarding where the alleged conduct "really" occurred.

22. Klein next addresses general jurisdiction and asserts that the Complaint fails to allege substantial or systematic contacts sufficient to support it. Plaintiff does not rely on a theory of general jurisdiction. Because Plaintiff proceeds solely on a theory of specific jurisdiction, Klein's discussion of general jurisdiction does not provide a basis for

dismissal where the Complaint plausibly alleges forum-directed conduct giving rise to the claims asserted.

23. Klein invokes the Calder "effects" test as the framework for evaluating specific jurisdiction. Plaintiff does not dispute that Calder provides the applicable analytical structure where specific jurisdiction is premised on intentional, forum-directed conduct. The relevant inquiry under that framework is whether the Complaint plausibly alleges purposeful direction toward the forum, assessed at the pleading stage based on the allegations as pleaded.

24. Under the first prong of Calder, Klein asserts that a defendant must have committed an intentional act. The Complaint includes allegations of intentional conduct attributed to Klein forming the basis of Plaintiff's claims. At this stage, the Court's task is not to weigh competing descriptions of that conduct, but to determine whether the Complaint plausibly alleges intentional acts. Accepting the allegations as true, the Complaint satisfies that requirement.

25. Klein contends that the Complaint fails to allege conduct expressly aimed at California. That contention again rests on Klein's characterization of the allegations rather than on the pleadings themselves. The Complaint alleges conduct directed toward Plaintiff while he resided in California and alleges resulting effects and injury suffered in this forum. At the pleading stage, those allegations must be credited, and disputes over characterization or intent cannot be resolved on a motion to dismiss.

## VI. The Complaint Adequately Alleges Forum Harm and Establishes Personal Jurisdiction

26. Klein next argues that the Complaint fails to allege harm that he knew would be suffered in California. That argument reframes the jurisdictional allegations pleaded. The Complaint alleges conduct giving rise to Plaintiff's claims and pleads resulting injuries suffered while Plaintiff resided in California. At the Rule 12(b)(2) stage, those allegations are sufficient to address the forum-harm component of the Calder analysis, and disputes over knowledge or intent cannot be resolved on a motion to dismiss.

27. Klein applies the Calder framework and concludes that the Complaint fails to plead express aiming at the forum. That conclusion rests on Klein's characterization of the allegations rather than on the allegations themselves. The Complaint alleges forum-directed conduct giving rise to Plaintiff's claims and pleads resulting injuries suffered in California. At this stage, the Court must accept those allegations as true and may not dismiss based on Klein's alternative interpretation of their significance.

28. Klein further contends that the Complaint alleges only conclusory assertions of harm in California. That contention again disputes the sufficiency of the allegations rather than identifying a jurisdictional defect on the face of the pleadings. The Complaint alleges injuries arising from the conduct attributed to Klein and alleges that those injuries were suffered by Plaintiff while he resided in California. At the pleading stage, those allegations must be credited for purposes of personal jurisdiction.

29. Based on those arguments, Klein concludes that the Court lacks personal jurisdiction over him. That conclusion does not follow from the pleadings. Accepting the Complaint's jurisdictional allegations as true and drawing reasonable inferences in Plaintiff's favor,

the Complaint plausibly alleges a basis for specific personal jurisdiction. Dismissal under Rule 12(b)(2) is therefore not warranted at this stage.

## VII. Conclusion

30. Klein requests dismissal of the Complaint in its entirety based on the asserted jurisdictional grounds. For the reasons set forth above and based solely on the allegations pleaded in the Complaint, those grounds do not support dismissal under Rule 12(b)(1) or Rule 12(b)(2). Klein's request for global dismissal rests on reframing the allegations and resolving factual disputes that cannot be decided on a Rule 12 motion. Accordingly, the Motion to Dismiss should be denied.

Dated: January 4, 2026

Respectfully submitted,

*[signature]*

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff, Pro Se*

