A. Steven Porter
Appearing *pro hoc vice*
Wisconsin State Bar #100195
P.O. Box 7093
Madison, Wisconsin 53707
(608) 698-9319
(608) 819-6466 (fax)
asp5949@gmail.com

Dan Roth (CA 270569)
LAW OFFICE OF DAN ROTH
803 Hearst Avenue
Berkeley, CA 94710
Phone: (510) 849-1389
E-mail: dan@drothlaw.com

*Attorneys for Defendant Joseph J. Klein.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| LEE DRONE,<br><br>              Plaintiff,<br><br>vs.<br><br>JUDGE RYAN D. NILSESTUEN (official capacity), RYAN D. NILSESTUEN (individual capacity), PAULA GOODMAN, ATTORNEY JOSEPH J. KLEIN, and ATTORNEY ALLEN S. PORTER,<br><br>              Defendants. | Case No.: 25 CV 09580 ekl<br><br><br>**REPLY BRIEF OF DEFENDANT KLEIN IN SUPPORT OF HIS MOTION TO DISMISS** |

<u>TABLE OF CONTENTS</u>

ARGUMENT ……………………………………………………………… 2

    <u>I.</u>    <u>Plaintiff's Response to Defendant Klein's Motion to Dismiss Does Not Overcome the Fact That This Court Cannot Grant the Relief He Requests in His Complaint Against Defedants Without Relitigating and Invalidating</u>

the Order for Injunction in the Wisconsin Case of <u>Petitioner v. Drone,</u>
<u>Dane County Circuit Court Case No. 23 CV 2928.</u> …………………………... 2

<u>II.</u>    <u>Drone's Response to Defendant Klein's Motion to Dismiss for Lack of Personal</u>
<u>Jurisdiction Fails to Meet Plaintiff's Burder to Show that His Complaint Specifically</u>
<u>Alleges Facts Supporting the Exercise of Personal Jurisdiction Over Defendants.</u> …..... 5


CONCLUSION ……………………………………………………………...……… 6


## TABLE OF AUTHORITY

### CASES

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ………………………………… 6

*Calder v. Jones*, 465 U.S. 783 (1984) …………………………………………………… 6

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) ……………….. 5

*Stone v. Texas*, 76 Cal. App. 4th 1043 90 Cal. Rptr. 2d 657 (1999) ……………..……… 5

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) …………………….. 6


## RULES AND STATUTES

### *Statutes*

42 U.S.C. § 1983 ………………………………………………………………………… 6

## ARGUMENT

I.      <u>Plaintiff's Response to Defendant Klein's Motion to Dismiss Does Not Overcome the</u>

<u>Fact That This Court Cannot Grant the Relief He Requests in His Complaint Against</u>

<u>Defendants Without Relitigating and Invalidating the Order for Injunction in the</u>

<u>Wisconsin Case of Petitioner v. Drone, Dane County Circuit Court Case No. 23 CV</u>

<u>2928.</u>

Without citing to any legal authority, plaintiff Drone argues that his Complaint is not really a collateral attack upon Judge Nilsestuen's final Order for Injunction entered on May 27, 2025, in the Wisconsin Circuit Court for Dane County, Petitioner v. Drone, Case No. 23 CV 2928. This is despite the fact that Drone's Complaint explicitly seeks relief in the form of 1) "[a] declaration that the injunctions [sic] entered against Plaintiff in Dane County Case No. 2023CV002928 were void ab initio" and "constitute an ongoing deprivation of Plaintiffs [sic] liberty, property, and reputational interests under the Fourteenth Amendment" and 2) "[a]n order directing the expungement or permanent sealing of all void injunctions, related docket entries, and collateral records maintained by the Dane County Circuit Court or any associated databases." (Docket #1, ¶¶ A. 1-2, B. 1.)

To get around the obvious, Drone employs casuistry to argue that his "Complaint does not plead injuries caused by a state-court judgment itself," but "[r]ather, it alleges independent federal injuries arising from Defendants' conduct…." (P Brief, Dkt #24, p. 2, ¶ 3.) He asserts, again without citing to any legal authority, that "Rooker-Feldman does not bar jurisdiction simply because issues were previously litigated or adjudicated. The doctrine applies only where the alleged injury is caused by a state-court judgment itself." (Id at p. 4, ¶ 12.) He argues that, "As pleaded, the Complaint alleges injuries arising from Defendants' conduct, not from the judgment as such." (Id.)

But, the fact is the allegations in the Complaint refer only to actions defendant Klein took in the course of litigating Goodman's petition for a harassment injunction against Drone in a court in Wisconsin. The Complaint alleges that that petition was ultimately granted in the Dane County, Wisconsin case and an Order for Injunction entered. Moreover, the Complaint expressly alleges that Drone raised all of the allegations against Klein in this case in motions he filed in the

3

Wisconsin case. And, the allegations in the Complaint detail how the Wisconsin Court denied all of those objections and motions. What's more, the Complaint alleges that the injuries plaintiff suffered due to defendant's actions only occurred as effects of the Wisconsin Court's Order for Injunction in Paula Goodman's harassment case against him. Defendant Klein's actions as alleged in the Complaint would not have caused any "harm" to plaintiff on their own; the "harm" occurred only because the Wisconsin Court entered the Order for Injunction against Drone.

Klein pointed out in his brief in support of his motion to dismiss, (Dkt. #21, pp. 3, 5-6), the Complaint itself demonstrates that the claims lodged here were all raised by Drone in the Wisconsin case and decided in the course of the litigation ending in an Order for Injunction being issued. (Dkt. #1, ¶¶ 20, 99, 133-5, 145, Exs. C, E, G, I, H, J-1and U.) Klein's brief in support of his motion to dismiss specifically addressed all of the allegations in the Complaint pertaining to Klein and also showed specifically where the Complaint expressly alleged facts showing that Drone had raised the same allegations in motions he filed in the injunction action in Wisconsin that were addressed and decided by the court in Wisconsin in the course of rendering it's order for a harassment injunction against Drone. (Id.)

Drone's brief in response does not respond to any of this with any specificity. Drone does not point to any specific allegations in his Complaint to show how they specifically support his conclusory arguments. Nor does his brief in response cite any legal authority to support those arguments.

Thus, the plain allegations of the Complaint demonstrate that the success of each of Drone's claims against defendant Klein in this case depends entirely upon this Court negating or invalidating Judge Nilsestuen's Order for Injunction and the orders subsumed under it in the

Wisconsin case denying Drone's motions challenging defendant's very same acts complained of in this case.

Drone cannot prevail against defendant Klein in this case without this Court setting itself up as a court of appeals relitigating and invalidating the judgments and rulings made by Judge Nilsestuen in the Wisconsin case. Under the Rooker-Feldman doctrine, this Court does not have subject matter jurisdiction to do that. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005).

II.    <u>Drone's Response to Defendant Klein's Motion to Dismiss for Lack of Personal Jurisdiction Fails to Meet Plaintiff's Burder to Show that His Complaint Specifically Alleges Facts Supporting the Exercise of Personal Jurisdiction Over Klein.</u>

The burden is on the plaintiff to show facts justifying the exercise of personal jurisdiction over defendants. *Stone v. Texas*, 76 Cal. App. 4th 1043, 1048, 90 Cal. Rptr. 2d 657, 660 (1999). Plaintiff's response to defendant Klein's challenge to personal jurisdiction in this case points to no specific allegations in the Complaint that would support the exercise of personal jurisdiction and cites to no legal authority in support any of its arguments.

In the end, plaintiff's argument consists solely of the assertions that he resides in California and that defendant should have known that his actions in Wisconsin would somehow result in injury to plaintiff in California. But, as pointed out in Klein's brief in support of his motion to dismiss, even if Drone's Complaint alleges facts from which it could be inferred that defendant Klein could have foreseen that his actions in the litigation in Wisconsin might somehow have a negative impact upon Drone's circumstances in California, that does not qualify

his actions as attempts to directly avail himself of the auspices of the California forum sufficient to establish personal jurisdiction over him. *Calder v. Jones*, 465 U.S. 783, 789 (1984) ("The mere fact that [defendants] can 'foresee' that the [allegedly libelous] article will be circulated and have an effect in [the forum state] is not sufficient for an assertion of [specific personal] jurisdiction."); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) ("Although it has been argued that foreseeability of causing injury in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction." (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)) (footnote omitted)).

The Complaint must be dismissed for lack of personal jurisdiction over defendant Klein.

CONCLUSION

Plaintiff's response to Klein's motion to dismiss fails to meet plaintiff's burden of pointing to specific facts justifying the exercise of subject matter jurisdiction over the cause of action and personal jurisdiction over Klein in California. Plaintiff has pointed to no specific allegations in his complaint, and, he has cited no legal authority to support this Court's exercise of subject matter or personal jurisdiction.

The four corners of the Complaint and the exhibits attached to it compel the conclusion that, under the Rooker-Feldman Doctrine, this Court lacks subject matter jurisdiction over plaintiff's claims under 42 U.S.C. § 1983, and, it lacks any facts that would support the exercise of personal jurisdiction over defendant Klein.

Respectfully submitted this 20th day of January, 2026.


_/s/ A. Steven Porter_____
A. Steven Porter
Appearing *pro hoc vice*
Wisconsin State Bar No. 1000195
Attorney for Defendant
Joseph J. Klein

P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
Fax: (608) 819-6466
(608) 698-9319 (cell)
asp5949@gmail.com


Dan Roth (CA 270569)
LAW OFFICE OF DAN ROTH

803 Hearst Avenue
Berkeley, CA 94710
Phone: (510) 849-1389
E-mail: dan@drothlaw.com