UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

**FEB 13 2026**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

**LEE DRONE**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff*

v.

Case No. 5:25-CV-09580-EKL

**JUDGE RYAN D. NILSESTUEN** *(official capacity)*;
**RYAN D. NILSESTUEN** *(individual capacity)*;
**PAULA GOODMAN**;
**ATTORNEY JOSEPH J. KLEIN; AND**
**ATTORNEY ALLEN S. PORTER.**
*Defendants*

## CONSOLIDATED MOTION TO WITHDRAW DEFAULT-RELATED FILINGS AND TO EXTEND TIME TO EFFECT PROPER SERVICE

### I. INTRODUCTION

1. Plaintiff respectfully moves to withdraw the previously filed Request for Clerk's Entry of Default and Notice of Non-Appearance as to Defendant Ryan D. Nilsestuen, and to extend the time to effect proper service pursuant to Federal Rule of Civil Procedure 4(m).

2. This motion is made to ensure full compliance with applicable service requirements and to maintain an orderly procedural posture in this action.

### II. BACKGROUND

3. Plaintiff arranged for service of the Summons and Complaint through the Sheriff's Office in Wisconsin.

4. On November 24, 2025, service was executed upon the Clerk's Office associated with Defendant Ryan D. Nilsestuen, as reflected in the filed proof of service.

5. At the time service was executed, Plaintiff reasonably believed that such service constituted effective service upon Defendant.

6. Upon further review of Federal Rule of Civil Procedure 4 and applicable Wisconsin service requirements, Plaintiff learned that personal service upon Defendant is required for individual-capacity claims and that service upon the Wisconsin Attorney General is required in connection with official-capacity claims against a state judicial officer.

7. Plaintiff thereafter contacted the Wisconsin Attorney General's Office to confirm whether service had been received and was informed that the Office has no record of service in this matter.

8. Upon recognizing that prior service may not have complied with all applicable requirements, Plaintiff promptly reevaluated the procedural posture of this action and now seeks to cure any potential defect.

---

## III. WITHDRAWAL OF DEFAULT-RELATED FILINGS

9. After no responsive pleading was filed within the time Plaintiff believed applicable under Federal Rule of Civil Procedure 12(a), Plaintiff filed a Request for Entry of Default pursuant to Rule 55(a) as to Defendant Ryan D. Nilsestuen in his individual capacity.

10. Plaintiff did not seek default judgment under Rule 55(b), nor did Plaintiff request any adjudication on the merits by default.

11. Plaintiff also filed a Notice of Non-Appearance with respect to Defendant Ryan D. Nilsestuen in his official capacity, solely to reflect the procedural posture of the docket at that time and without requesting substantive relief.

12. In light of the potential service deficiency described above, Plaintiff respectfully withdraws, without prejudice, both the previously filed Request for Clerk's Entry of Default (Individual Capacity) and the Notice of Non-Appearance (Official Capacity).

13. This withdrawal is made in good faith and in the interest of ensuring procedural clarity and full compliance with applicable service requirements.

---

## IV. MOTION TO EXTEND TIME TO EFFECT SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)

14. Federal Rule of Civil Procedure 4(m) authorizes the Court to extend the time for service upon a showing of good cause and further permits the Court, in its discretion, to allow additional time even absent strict good cause.

15. Plaintiff attempted service in good faith through the Wisconsin Sheriff's Office, an official law enforcement agency.

16. Any defect in service was inadvertent and resulted from a misunderstanding of the specific requirements governing service upon a state judicial officer in both individual and official capacities.

17. Upon discovering the potential deficiency, Plaintiff acted promptly to reevaluate the issue and to seek corrective relief from the Court.

18. Allowing a brief extension will not prejudice Defendant and will ensure that this matter proceeds on a proper procedural foundation.

19. Courts favor resolving actions on their merits rather than on technical service defects, particularly where a plaintiff has made a good-faith effort to comply with service requirements.

## V. REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

A. Permit withdrawal of the previously filed Request for Clerk's Entry of Default as to Defendant Ryan D. Nilsestuen in his individual capacity;

B. Permit withdrawal of the previously filed Notice of Non-Appearance as to Defendant Ryan D. Nilsestuen in his official capacity; and

C. Grant Plaintiff a thirty (30) day extension pursuant to Federal Rule of Civil Procedure 4(m) to effect proper service upon Defendant Ryan D. Nilsestuen personally and upon the Wisconsin Attorney General with respect to the official-capacity claims.

**Dated:** February 13, 2026

Respectfully submitted,

_____
**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff, Pro Se*



| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | **FILED**<br>FEB 13 2026<br>CLERK, U.S. DISTRICT COURT<br>NORTH DISTRICT OF CALIFORNIA<br>SAN JOSE OFFICE |

**LEE DRONE**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff*

v.   Case No. 5:25-CV-09580-EKL

**JUDGE RYAN D. NILSESTUEN** *(official capacity)*;
**RYAN D. NILSESTUEN** *(individual capacity)*;
**PAULA GOODMAN**;
**ATTORNEY JOSEPH J. KLEIN**; AND
**ATTORNEY ALLEN S. PORTER.**
*Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on **February 13, 2026**, I served a true and correct copy of the following document:

1. **CONSOLIDATED MOTION TO WITHDRAW DEFAULT-RELATED FILINGS AND TO EXTEND TIME TO EFFECT PROPER SERVICE**

by depositing the same in the United States mail, first-class postage prepaid, addressed as follows:

**A. Steven Porter**
Attorney for Defendants Allen S. Porter, Joseph J. Klein, and Paula Goodman
P.O. Box 7093
Madison, WI 53707

**Dan Roth**
Attorney for Defendant Paula Goodman
Law Office of Dan Roth
803 Hearst Avenue
Berkeley, CA 94710

Page 1 of 2

**Ryan D. Nilsestuen**
Defendant (not yet appeared)
Dane County Circuit Court – Branch 10
215 S. Hamilton Street, Room 8107
Madison, WI 53703

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**Dated:** February 13, 2026

Respectfully submitted,

*[signature]*

**Lee Drone**
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff, Pro Se*

Page 2 of 2