ELLEN V. LEONIDA (State Bar No. 184194)
E-Mail:    *eleonida@sideman.com*
ANDRE FONTANA (State Bar No. 324801)
E-Mail:    *afontana@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827

Attorneys for Nonparty Josh Kaul, Attorney
General for the State of Wisconsin

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LEE DRONE,<br><br>       Plaintiff,<br><br>   v.<br><br>JUDGE RYAN D. NILSESTUEN ET AL.,<br><br>       Defendants. | Case No. 5:25-cv-09580-EKL<br><br>**NOTICE OF MOTION AND MOTION OF NONPARTY JOSH KAUL, ATTORNEY GENERAL FOR THE STATE OF WISCONSIN TO QUASH SERVICE OF PROCESS OR IN THE ALTERNATIVE TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:   Hon. Eumi K. Lee<br>Date:    April 29, 2026<br>Time:   10:30 a.m.<br>Crtrm.:  7<br><br>Honorable Eumi K. Lee |

WISCONSIN ATTORNEY GENERAL'S MOTION TO QUASH OR TO DISMISS

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 29, 2026, at 10:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Eumi K. Lee, located in the United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, Nonparty Josh Kaul, Attorney General for the State of Wisconsin (the "Wisconsin Attorney General") will and hereby does move this Court to quash service of summons or, in the alternative, to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(6). This Motion is made upon the following grounds:

The Wisconsin Attorney General is not named as a party in this suit. Service of process on him was therefore improper. Furthermore, the Complaint is devoid of allegations concerning the Wisconsin Attorney General. It therefore states no claim against him.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  March 25, 2026                    SIDEMAN & BANCROFT LLP

By: _____
Andre Fontana
Attorneys for Nonparty Josh Kaul, Attorney
General for the State of Wisconsin

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## I.    INTRODUCTION

Plaintiff Lee Drone, upon being enjoined from harassing Wisconsin residents about the sale of a Wisconsin property, files this "Complaint for Declaratory, Injunctive, and Monetary Relief" against those same residents, their attorneys, and the Wisconsin judge who entered the injunction. Notably, however, it does not name—let alone make any allegation about—the Attorney General for the State of Wisconsin. Despite that, Plaintiff issued a summons on the Wisconsin Attorney General.

Because the Wisconsin Attorney General is not a party to this suit, and because the Complaint is completely devoid of any claim against, allegation about, or even reference to the Wisconsin Attorney General, the Complaint must be dismissed. In the alternative, the Court may quash service of process on the Wisconsin Attorney General.

## II.    RELEVANT BACKGROUND

### A.    Factual Allegations

Plaintiff Lee Drone once held interest in certain property with in Madison, Wisconsin with other Wisconsin residents. (Compl. ¶¶ 27.) In November 2023, those residents sought a restraining order and injunctive relief arising from Plaintiff's harassment. (Compl. ¶¶ 18, 24, 172.) The Wisconsin Circuit Court granted temporary restraining orders and later injunctions against Plaintiff. (Compl. ¶ 87.) The Complaint thereafter alleges a series of injuries arising from this alleged procedural defect. (*See* Compl. ¶ 8.) The Complaint does not allege any conduct by the Wisconsin Attorney General. Indeed, he is not mentioned once in the Complaint.

### B.    Procedural History

On November 6, 2025, Plaintiff filed a complaint in this Court (the "Complaint"). (ECF No. 1.) The Complaint is entirely devoid of reference to the Wisconsin Attorney General. Despite that, a summons directed to the Wisconsin Attorney General, as well as a copy of the Complaint, was served on March 4, 2026. (ECF No. 32) The Wisconsin Attorney General now moves to quash service of summons or to dismiss.

## III.    LEGAL STANDARD

Rule 4(a)(1) controls what constitutes a proper summons. Among other requirements,

WISCONSIN ATTORNEY GENERAL'S MOTION TO QUASH OR TO DISMISS

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

proper summonses are to "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). Once a complaint is filed, the plaintiff may prepare and present a summons to the clerk; only those "properly completed" may be issued for service; thereafter, those named defendants must be served. *Id.* 4(b). Summonses that do not comply with Rule 4(b) may be challenged under Rule 12(b)(4). *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006).

Furthermore, under Federal Rule of Civil Procedure 8(a)(2), a complaint must state some claim "showing that the pleader is entitled to relief." To do this, the complaint must contain sufficient allegations to provide fair notice of the claim being asserted and the grounds upon which it rests, and must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "Plausibility" requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not meet these requirements. *Twombly*, 550 U.S. at 555.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) therefore "tests the legal sufficiency" of a complaint's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal, the complaint must allege facts that state a "facially plausible" claim for relief. *Shroyer v. New Cingular Wireless Srvs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Iqbal*, 556 U.S. at 677). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

## IV.    ARGUMENT

### A.    The Wisconsin Attorney General Is Not A Party to This Action.

Dismissal under Rule 12(b)(4) is proper where, as here, a summons was issued to an entity that was not named as a party to the complaint. *Wasson*, 237 F.R.D. at 424. In *Wasson*, the plaintiff served a school district with a summons and a complaint for a lawsuit in which the school district was not named. *Id.* The court concluded that dismissal under Rule 12(b)(4) was proper because "the Clerk of Court could not, and did not, issue a summons to School District since plaintiffs have not named School District as a defendant in their complaint." *Id.*

Here, the Wisconsin Attorney General is not named as a party to the Complaint. Nevertheless, Plaintiff served a summons directed to the Wisconsin Attorney General, as well as a copy of the Complaint, on the Wisconsin Attorney General. (*See* ECF No. 32.) Accordingly, issuance of the summons did not comply with Rule 4(b). Dismissal is warranted under Rule 12(b)(4).

In the alternative, the Court has discretion to quash service of process on an unnamed party, and may do so here under these circumstances. *Wasson*, 237 F.R.D. at 424–25.

### B.    The Complaint States No Claim Against the Wisconsin Attorney General.

Even if the Complaint named the Wisconsin Attorney General as a defendant, it asserts no cause of action against him. The Complaint fails to state even one allegation regarding the Wisconsin Attorney General. Thus, even when viewed in a light most favorable to Plaintiff, the Complaint fails to state a claim against the Wisconsin Attorney General. The Complaint must therefore be dismissed as to him. *See Ciling v. Cnty of Riverside*, No. ED CV 19-1184-DMG (PLA), 2019 WL 6255912, at *3 (C.D. Cal. Sep. 24, 2019) (finding that "plaintiff's Complaint completely fails to state any factual allegations against BofA and is subject to dismissal as to defendant BofA").

## V.    CONCLUSION

Accordingly, the Wisconsin Attorney General respectfully requests the Motion be granted.

DATED:  March 25, 2026

SIDEMAN & BANCROFT LLP

By: _____
Andre Fontana
Attorneys for Nonparty Josh Kaul, Attorney
General for the State of Wisconsin

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

WISCONSIN ATTORNEY GENERAL'S MOTION TO QUASH OR TO DISMISS