Lee Drone
3964 Rivermark Plaza #2514
Santa Clara, CA 95054
Phone Number: (408) 510-8639
Fax Number: (650) 523-9988
Email: lee.drone@gmail.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

LEE DRONE

     Plaintiff,

  vs.

RYAN D. NILSESTUEN ET AL.,

     Defendant(s).

)
) Case No.: 5:25-cv-09580-EKL
)
) **PLAINTIFF'S OPPOSITION TO**
) **DEFENDANT NILSESTUEN'S MOTION**
) **TO DISMISS PURSUANT TO FEDERAL**
) **RULES OF CIVIL PROCEDURE 12(B)(1)**
) **AND 12(B)(2)**
)
) DATE: 04-29-2026
) TIME: 10:30 AM
) DEPT: Court Room 7
) JUDGE: Hon. Eumi K. Lee
)
)
)

## I. INTRODUCTION

Defendant's motion to dismiss rests on a mischaracterization of the Complaint and governing law. Plaintiff brings claims under 42 U.S.C. § 1983 and the Fourteenth Amendment arising from actions taken under color of state law, which independently confer subject-matter jurisdiction on this Court. Rather than addressing those claims, Defendant attempts to collapse jurisdiction and judicial immunity into a single inquiry and recast the allegations as involving only routine judicial acts.

This case begins where the state-court proceeding legally ended. It arises from conduct occurring after the state court determined it lacked personal jurisdiction and dismissed the case, and from the continued maintenance and effect of an injunction that was not vacated.

That is not what the Complaint alleges. The Complaint alleges that the court determined it lacked personal jurisdiction, dismissed the case, and that the injunction was not vacated and continued to impose legal and reputational effects on Plaintiff. As alleged, the claims are not based on error

PLAINTIFF'S OPPOSITION TO DEFENDANT NILSESTUEN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(2)

within an ongoing proceeding, but on conduct occurring after dismissal in a matter alleged to be void, together with the continued maintenance and effect of the injunction.

To the extent Defendant characterizes the record differently, such characterizations do not reflect the Complaint as pleaded. The Complaint alleges that although the case was dismissed for lack of jurisdiction, the injunction remained in place and continued to impose harm. As alleged, the continued existence and enforcement of the injunction arising from a proceeding determined to lack jurisdiction forms the basis of Plaintiff's claims. Defendant's attempt to recast these allegations as routine judicial activity within a valid proceeding cannot support dismissal at the Rule 12 stage. The Complaint does not seek to relitigate the merits of the underlying state-court proceeding or challenge factual findings made therein. Instead, it alleges independent federal constitutional violations arising from conduct occurring after dismissal for lack of jurisdiction and from the continued effects of the injunction that was not vacated. As pleaded, these claims are distinct from any appeal of the underlying judgment and do not depend on the outcome of any state-court proceedings.

Plaintiff further clarifies that any related state appellate proceedings remain ongoing and have not resulted in a final adjudication. The claims asserted here arise independently under federal law and are not contingent on the outcome of any such proceedings.

To the extent Defendant's motion references underlying property-related matters, those issues are not at issue in this action. The Complaint does not seek to adjudicate property rights or ownership interests, and any such references do not form the basis of Plaintiff's claims. This action is limited to federal constitutional violations arising from the conduct alleged following dismissal for lack of jurisdiction.

At the pleading stage, these allegations must be accepted as true. See Walden v. Fiore, 571 U.S. 277, 283–84 (2014). Walden does not preclude jurisdiction where, as alleged, a defendant intentionally directs conduct at a known forum resident and the resulting harm is suffered in the forum. When properly viewed, Defendant's arguments fail under Rules 12(b)(1) and 12(b)(2), and

PLAINTIFF'S OPPOSITION TO DEFENDANT NILSESTUEN'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(2)

the motion should be denied. This action is limited to the conduct arising from Wisconsin Case No. 2023CV002928 and does not rely on or incorporate claims from any related action.

As alleged, this action does not constitute a collateral attack on a state-court judgment, but instead asserts independent federal constitutional claims arising from post-dismissal conduct and the continued effects of the injunction.

To the extent Defendant characterizes this action as a collateral attack or attempt to relitigate state-court proceedings, such characterization does not reflect the allegations as pleaded, which are limited to independent constitutional violations arising from conduct occurring outside the scope of any valid proceeding.

## II. SUBJECT-MATTER JURISDICTION (Rule 12(b)(1))

Defendant's assertion that this Court lacks subject-matter jurisdiction because the challenged conduct involves "judicial acts" misstates the law and improperly conflates immunity with jurisdiction. Judicial immunity is not a jurisdictional doctrine and therefore cannot support dismissal under Rule 12(b)(1). Plaintiff brings claims under 42 U.S.C. § 1983 and the Fourteenth Amendment, which independently confer federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343, as expressly pleaded in the Complaint. Judicial immunity, even if applicable, is an affirmative defense and does not divest a federal court of subject-matter jurisdiction.

Defendant's argument also improperly reframes the Complaint as alleging only errors in personal jurisdiction within an ongoing proceeding. That is not what is pleaded. The Complaint alleges that the state court itself determined it lacked personal jurisdiction and dismissed the case, and that the injunction was not vacated and continued to impose legal and reputational effects on Plaintiff. As alleged, the absence of vacatur is central: the continued existence and enforcement of the injunction following dismissal is what gives rise to the ongoing constitutional injury. The Complaint therefore alleges not procedural error within a valid proceeding, but actions taken after dismissal in a matter alleged to be void, together with the continued effects of the injunction.

The Complaint further alleges that, following dismissal for lack of jurisdiction, no case remained pending before the court and therefore no judicial authority existed to take further action. It does not allege error within a continuing action, but conduct occurring after dismissal where no valid proceeding remained pending, as alleged. At the Rule 12 stage, these allegations must be accepted as true and are sufficient to distinguish this case from challenges to routine judicial acts within a continuing proceeding.

The sequence of events alleged in the Complaint supports this distinction. The Complaint alleges that the case was dismissed for lack of personal jurisdiction on February 17, 2025, and that subsequent filings occurred after that dismissal, with Plaintiff's later filings directed at preserving and contesting jurisdiction. As pleaded, this sequence reflects that further proceedings occurred after the case had already been dismissed for lack of jurisdiction, rather than within a continuing valid action.

Defendant's reliance on distinctions between personal jurisdiction and subject-matter jurisdiction does not resolve the issue at the pleading stage. Where, as alleged, no case remained pending, the inquiry is not whether jurisdictional defects occurred within a proceeding, but whether any lawful authority existed at all once the case had been dismissed. Defendant's argument assumes the continued existence of a valid proceeding in which jurisdictional defects could be treated as error. The Complaint alleges the opposite, and those allegations must be accepted as true at this stage. Moreover, the Complaint alleges that Judge Nilsestuen acted in the absence of jurisdiction, including reopening a case after dismissal for lack of personal jurisdiction and issuing orders in a proceeding alleged to be void. These allegations, accepted as true, are sufficient to preclude dismissal under Rule 12(b)(1). Whether immunity ultimately applies is a merits inquiry that cannot be resolved on the pleadings where the Complaint alleges conduct outside lawful authority, as alleged.

Accordingly, because Plaintiff asserts claims arising under federal law, this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 as a matter of law. Judicial immunity, even if

PLAINTIFF'S OPPOSITION TO DEFENDANT NILSESTUEN'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(2)

ultimately applicable, does not divest the Court of jurisdiction and therefore cannot support dismissal under Rule 12(b)(1).

---

**III. JUDICIAL IMMUNITY DOES NOT BAR CLAIMS AS PLEADED**

Defendant's assertion that judicial immunity bars all claims mischaracterizes the allegations in the Complaint. Plaintiff does not challenge routine judicial acts within a valid proceeding, but alleges conduct occurring after dismissal where, as pleaded, no proceeding remained pending. Rather, the Complaint alleges that Defendant continued to act after determining, as alleged, that personal jurisdiction was lacking, including reopening a dismissed case, conducting proceedings in a matter alleged to be void, and issuing orders in the absence of lawful authority, as alleged. The Complaint therefore alleges conduct not merely judicial in form, but taken in the absence of any pending case or authority, as alleged. Judicial immunity does not apply where a judge acts in the clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356–57 (1978).

The Complaint further alleges that Plaintiff did not consent to jurisdiction and appeared solely to contest it. As alleged, all appearances were expressly limited to jurisdictional objections and those objections were consistently preserved. Participation solely for the purpose of challenging jurisdiction, as alleged, does not constitute waiver or consent.

Defendant's argument assumes the continued existence of a valid proceeding in which judicial authority remained intact. The Complaint alleges the opposite. It alleges that the case was dismissed for lack of jurisdiction, that the injunction was not vacated, and that Defendant thereafter acted in a matter where no valid proceeding remained pending, as alleged. Where, as alleged, no proceeding remained pending, the issue is not procedural error within a valid action, but whether any lawful authority existed to act at all.

The absence of vacatur is central to the claims. As alleged in the Complaint, the continued maintenance and effect of the injunction following dismissal imposed ongoing reputational, professional, and legal harm on Plaintiff. Had the matter been properly vacated upon dismissal for lack of jurisdiction, no proceeding or order would have remained upon which further action could

PLAINTIFF'S OPPOSITION TO DEFENDANT NILSESTUEN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(2)

be taken. The Complaint therefore alleges continuing constitutional injury arising from the persistence of the injunction issued in a proceeding determined to lack jurisdiction. Defendant's characterization of these allegations as mere "procedural errors" fails at the pleading stage. The Complaint alleges that the state court itself determined it lacked personal jurisdiction and dismissed the case, yet thereafter reopened and proceeded in a matter alleged to be void. These allegations describe conduct occurring after the court had determined it lacked authority to act. Accepted as true, they are sufficient to invoke the "clear absence of all jurisdiction" exception to judicial immunity.

Defendant's reliance on authority holding that judicial immunity is not defeated by defects in personal jurisdiction is misplaced. Those cases address acts taken within an ongoing proceeding in which the court retained general authority to act. Here, by contrast, the Complaint alleges that no proceeding remained pending after dismissal for lack of jurisdiction, and that subsequent actions were taken without lawful authority, as alleged. At the pleading stage, this distinction is dispositive. To the extent Defendant disputes these allegations or characterizes the conduct differently, such disputes go to the merits and cannot be resolved on a motion to dismiss. At this stage, the Court must accept the Complaint's allegations as true.

Defendant's authorities assume the existence of an ongoing proceeding. The Complaint alleges the opposite: that the case had already been dismissed for lack of jurisdiction and no proceeding remained pending.

## IV. DECLARATORY AND EQUITABLE RELIEF NOT BARRED

Defendant's assertion that judicial immunity categorically bars all forms of relief, including declaratory and injunctive relief, misstates the law and the allegations in the Complaint. Plaintiff seeks prospective and declaratory relief addressing ongoing alleged constitutional violations arising from the continued effect of the injunction issued in a proceeding alleged to be void. These claims are forward-looking and seek to address ongoing harm, not to revisit past rulings.

PLAINTIFF'S OPPOSITION TO DEFENDANT NILSESTUEN'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(2)

As alleged, the challenged conduct is ongoing and involves the continued maintenance and effect of the injunction following dismissal for lack of jurisdiction. At the pleading stage, such allegations are sufficient to permit claims for prospective and declaratory relief to proceed.

Judicial immunity does not categorically bar prospective relief addressing ongoing alleged constitutional violations, particularly where the Complaint alleges conduct occurring outside lawful authority, as alleged. At a minimum, these claims cannot be dismissed at the pleading stage where the Complaint alleges continuing effects of the injunction issued in a proceeding that, as pleaded, was void.

## V. PERSONAL JURISDICTION (Rule 12(b)(2))

### A. Purposeful Direction and Forum Effects

Defendant's personal-jurisdiction argument improperly reduces the allegations to Plaintiff's residence alone. That is not what the Complaint alleges. The Complaint alleges that Defendant acted with knowledge of Plaintiff's California residence and imposed, maintained, and enforced legal restraints, including issuing orders and continuing the effect of an injunction, that operated upon Plaintiff in California, producing ongoing reputational, professional, and economic harm in this District. As alleged, the conduct was not passive or incidental, but was directed at Plaintiff with knowledge that its effects would be experienced in California.

These allegations do not describe unilateral activity by Plaintiff. Rather, as alleged, Defendant's conduct involved the continued maintenance and enforcement of the injunction, including the issuance and preservation of orders affecting Plaintiff, with knowledge of Plaintiff's California residence and the resulting effects in this forum. At the pleading stage, such allegations are sufficient to establish purposeful direction and forum-related conduct. See Walden v. Fiore, 571 U.S. 277, 283–84 (2014). The Complaint further alleges that the resulting harm was suffered in California and continues to be experienced in this District.

Defendant's characterization of Plaintiff's appellate efforts as "unsuccessful" does not reflect the procedural posture alleged in the Complaint. The Complaint alleges that the supervisory writ was

PLAINTIFF'S OPPOSITION TO DEFENDANT NILSESTUEN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(2)

denied ex parte on procedural grounds and that further appellate activity remained ongoing. At this stage, those allegations must be accepted as true.

As alleged, the effects in California were not the result of Plaintiff's unilateral activity, but flowed directly from Defendant's conduct and the continued maintenance of legal restraints imposed with knowledge of Plaintiff's residence.

Defendant's argument improperly isolates Plaintiff's residence while ignoring the alleged conduct directed at Plaintiff with knowledge of that residence and the resulting forum-based effects.

**B. Claims Arise from Forum-Directed Conduct**

Defendant's argument that Plaintiff's claims do not arise from forum-related conduct ignores the allegations in the Complaint. As alleged, the injuries giving rise to this action were suffered in California and resulted directly from Defendant's conduct, including the continued maintenance and effect of legal restraints imposed on Plaintiff. At the pleading stage, these allegations are sufficient to satisfy the "arising out of" requirement.

**C. Reasonableness**

Defendant's conclusory assertion that the exercise of jurisdiction would be unreasonable is unsupported. Where, as alleged, a defendant intentionally directs conduct at a forum resident and causes harm there, the exercise of jurisdiction is presumed reasonable absent a compelling showing to the contrary. Defendant identifies no such factors.

**D. Rejection of Defendant's Core Framing**

Defendant's reliance on his status as a Wisconsin judge and the location of the underlying proceedings does not defeat jurisdiction where the Complaint alleges intentional conduct directed at a California resident. As alleged, Defendant acted with knowledge of Plaintiff's California residence and imposed legal restraints that operated upon Plaintiff in California, where the resulting injuries were suffered.

Defendant's argument that the Complaint relies on generalized allegations against "Defendants" is not supported by the allegations, which describe Defendant's specific actions, including reopening proceedings, conducting hearings, and issuing orders affecting Plaintiff.

PLAINTIFF'S OPPOSITION TO DEFENDANT NILSESTUEN'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(2)

To the extent Defendant contends the allegations are insufficient, such arguments go to evidentiary weight rather than pleading sufficiency. At this stage, Plaintiff has alleged facts sufficient to establish a prima facie basis for jurisdiction, and those allegations must be accepted as true.

## VI. SUFFICIENCY OF THE PLEADINGS

Defendant's assertion that the Complaint contains only "conclusory allegations" is not supported by the factual allegations pleaded. The Complaint sets forth specific facts regarding jurisdiction, Defendant's conduct, and the resulting harm, including a detailed and chronological sequence of events arising from the dismissal for lack of jurisdiction and the actions that followed. These are factual allegations, not legal conclusions, and must be accepted as true at the Rule 12 stage. Defendant's description of Plaintiff as having "once held interest" in the property is not material to the claims asserted in this action and does not bear on the jurisdictional or constitutional issues presented here. As alleged, this case does not seek to adjudicate property rights or ownership interests, and any such references do not form the basis of Plaintiff's claims.

At this stage, Plaintiff is not required to prove his claims, but only to allege sufficient facts to state a plausible claim for relief. The Complaint alleges such facts. Defendant's arguments improperly attempt to recharacterize detailed factual allegations as conclusory and to resolve factual disputes that cannot be decided on a motion to dismiss.

To the extent Defendant disputes the truth or characterization of those allegations, such disputes go to the merits and cannot be resolved at this stage. They must be addressed, if at all, on a developed factual record, not on the pleadings.

## VII. LEAVE TO AMEND

Defendant's request for dismissal without leave to amend is unwarranted. Leave to amend should be freely granted under Rule 15, particularly at the pleading stage.

PLAINTIFF'S OPPOSITION TO DEFENDANT NILSESTUEN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(2)

The Complaint pleads detailed jurisdictional and constitutional allegations. Defendant's arguments do not identify incurable legal defects, but instead challenge the sufficiency and characterization of those allegations. Such arguments do not justify dismissal with prejudice.

To the extent the Court finds any deficiency, Plaintiff can amend to further clarify jurisdictional facts and the basis for relief. Where, as alleged, the issues are fact-dependent and jurisdictional facts are disputed, dismissal with prejudice is improper.

Moreover, where personal jurisdiction is contested, courts routinely permit jurisdictional discovery. Given Defendant's challenge and the nature of the allegations, Plaintiff is entitled, at a minimum, to an opportunity to develop the record before any determination that amendment would be futile. Accordingly, dismissal without leave to amend would be improper.

**VIII. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss should be denied in its entirety. Plaintiff has adequately alleged subject-matter jurisdiction, the inapplicability of judicial immunity as pleaded, and a prima facie basis for the exercise of personal jurisdiction. At this stage, those allegations must be accepted as true.

At a minimum, any perceived deficiencies would warrant leave to amend rather than dismissal with prejudice. Accordingly, dismissal under Rules 12(b)(1) and 12(b)(2) should be denied.

Dated: April 8, 2026

Respectfully submitted,

_____

Lee Drone
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
*Plaintiff, Pro Se*

PLAINTIFF'S OPPOSITION TO DEFENDANT NILSESTUEN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(2)