ELLEN V. LEONIDA (State Bar No. 184194)
E-Mail:        *eleonida@sideman.com*
ANDRE FONTANA (State Bar No. 324801)
E-Mail:        *afontana@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:     (415) 392-1960
Facsimile:     (415) 392-0827

Attorneys for Defendant Hon. Ryan D. Nilsestuen

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LEE DRONE,<br><br>           Plaintiff,<br><br>     v.<br><br>PETER D. BEAR ET AL.,<br><br>           Defendants. | Case No. 5:25-cv-09580-EKL<br><br>**REPLY IN SUPPORT OF DEFENDANT HON. RYAN D. NILSESTUEN'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR LACK OF PERSONAL JURISDICTION**<br><br>Judge:   Hon. Eumi K. Lee<br>Date:    April 22, 2026<br>Time:    10:00 a.m.<br>Crtrm.:  7 |

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## I.    INTRODUCTION

Plaintiff's Opposition (ECF No. 41) confirms that his claims against Defendant Ryan D. Nilsestuen cannot proceed.

First, judicial immunity applies here. The Opposition does not dispute that Judge Nilsestuen acted with subject matter jurisdiction in the underlying harassment suits. Indeed, all of the claims against Judge Nilsestuen operate on the allegation that he entered orders in the absence of personal jurisdiction, not subject matter jurisdiction. As a result, judicial immunity bars Plaintiff's claims. This includes his claims for declaratory judgment, all of which seek retrospective relief from actions Judge Nilsestuen took in the past.

Second, the Court has no personal jurisdiction over Judge Nilsestuen. The Opposition acknowledges that Judge Nilsestuen's relationship to California arises not from his own forum-related activities, but rather Plaintiff's alleged residence in California. This is insufficient to establish personal jurisdiction here.

Accordingly, the claims against Judge Nilsestuen must be dismissed without leave to amend.

## II.    ARGUMENT

### A.    Judicial Immunity Bars Plaintiff's Claims Against Judge Nilsestuen.

In his Opposition, Plaintiff argues that judicial immunity does not bar his claims against Judge Nilsestuen for two principal reasons. Neither argument succeeds.[1]

*First*, Plaintiff argues that judicial immunity does not apply here because Judge Nilsestuen "continued to act after determining, as alleged, that personal jurisdiction was lacking." (Opp. at 4.) However, he does not address the controlling issue on judicial immunity: where, as here, a judge is "not clearly lacking subject matter jurisdiction," immunity applies. (*See* Mot. at 5 (quoting *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986)).). Under Ninth Circuit precedent, "[a]s long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisidiction [sic], immunity applies." *Ashelman*, 793 F.2d at 1078; *see Bennett v. United States*, Case No.: 23-cv-1140-WQH-BLM, 2024 WL 4005098, at \*17 (S.D. Cal. Aug. 5, 2024) (quoting *Foti v. Cnty. of San Mateo*, 90 Fed. App'x 488, 491 (9th Cir. 2003)) ("There are instances in which the immunity of a judge purporting to perform a judicial act may be pierced when the court

---

[1] As a preliminary matter, judicial immunity is a ground for dismissal under either Rule 12(b)(1) or Rule 12(b)(6). Indeed, this District has dismissed complaints on grounds of judicial immunity under either rule. *Compare Yi Tai Shao v. Tsan-Kuen Wang*, CIV. NO. 3:14-01912 WBS, 2014 WL 12796402, at \*1 (N.D. Cal. Nov. 25, 2014) (dismissing on judicial immunity grounds under Rule 12(b)(1)); *and Giannini v. Dist. Ct. for Dist. N. Calif.*, No. 3:12–cv–04289–DWM, 2013 WL 503081, at \*5 (N.D. Cal. Feb. 8, 2013) (judicial immunity constitutes "sufficient grounds for dismissal with prejudice . . . pursuant to Federal Rule 12(b)(1)"), *with Shuler v. Scott*, Case No. 22-cv-07652-VKD, 2023 WL 8600707, at \*6–7 (N.D. Cal. Dec. 12, 2023) (dismissing on judicial immunity grounds under Rule 12(b)(6)); *cf.* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed.) (while dismissal on grounds of judicial immunity has "been held to be properly raised via Rule 12(b)(6) rather than Rule 12(b)(1) . . . one can find courts not being too particular about the distinction").

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

lacks subject matter jurisdiction, but judicial immunity may not be pierced for lack of personal jurisdiction."). Indeed, Plaintiff's theory—that Judge Nilsestuen acted in "clear absence of all jurisdiction" by "reopen[ing] and proceed[ing] in a matter alleged to be void" for lacking personal jurisdiction  (Opp. at 6)—was directly rejected by *Ashelman*. *See Kamath v. Barmann*, Case No. 1:23-cv-00461 JLT CDB, 2024 WL 2132607, at *5 n.5 (E.D. Cal. May 13, 2024) ("Plaintiff cites *Rankin v. Howard* . . . for the proposition that 'a judge who acts in the clear and complete absence of personal jurisdiction loses his immunity,' but the Ninth Circuit explicitly overruled *Rankin* in *Ashelman*.").

Plaintiff's Opposition does not contend Judge Nilsestuen acted without subject matter jurisdiction. Nor can it. Circuit courts for the State of Wisconsin have subject matter jurisdiction over actions for harassment restraining orders and injunctions, such as the underlying harassment suits here. *See* Wis. Stat. § 813.015 ("In an action filed pursuant to [section] . . . 813.125, the court has jurisdiction of the subject matter . . . ."); *id.* § 813.125 (governing harassment restraining orders and injunctions). Accordingly, judicial immunity applies to bar Plaintiff's claims here.

*Second*, Plaintiff argues that judicial immunity does not apply to "prospective relief addressing ongoing alleged constitutional violations, particularly where the Complaint alleges conduct occurring outside lawful authority[.]" (Opp. at 7.) But this argument also does not overcome dismissal here.

As an initial matter, Plaintiff concedes that his argument applies only to "forward-looking" claims for relief, not those that "revisit past rulings." (Opp. at 6.) Plaintiff is correct to acknowledge that he would be barred from obtaining relief regarding past actions by Judge Nilsestuen. *See Lund v. Cowan*, 5 F.4th 964, 969–70 (9th Cir. 2021) (Eleventh Amendment bars retrospective declaratory relief from state actors, including judges). Despite that, the claims for declaratory relief against Judge Nilsestuen are all retrospective in nature. Plaintiff asserts six such claims:

- Claim 49 seeks a declaration that Judge Nilsestuen granted certain attorneys' motions to withdraw "without providing notice or opportunity to be heard" (Compl. ¶ 149);

- Claim 50 seeks a declaration that Judge Nilsestuen waited too long to schedule a hearing regarding a motion to reopen and vacate (Compl. ¶ 150);

- Claim 51 seeks a declaration that Judge Nilsestuen took too long to render a decision on a motion (Compl. ¶ 151);

- Claim 52 seeks a declaration that Judge Nilsestuen held an evidentiary hearing "even though the sheriff's return and publication record already proved non-service" (Compl. ¶ 152);

- Claim 53 seeks a declaration that Judge Nilsestuen "prolong[ed] a known void injunction" by taking 27 days to enter a dismissal (Compl. ¶ 153); and

- Claim 54 seeks a declaration "that from October 16, 2024, to February 17, 2025, Judge [Nilsestuen] allowed a void injunction to remain in effect for 124 days without timely review" (Compl. ¶ 154).

Each claim amounts to revisiting perceived procedural deficiencies in the underlying harassment suit. "[I]n general, relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred . . . while relief that serves directly to bring an end to a present violation of federal law is not barred." *Lund*, 5 F.4th at 970 (cleaned up). Here, Plaintiff seeks declaratory relief that Judge Nilsestuen committed various constitutional violations in the proceedings of the underlying harassment suit from October 2024 to February 2025. Because these "allegations concern retrospective relief for alleged past conduct that has already occurred," Plaintiff's claims for declaratory relief against Judge Nilsestuen are barred. *Shuler v. Scott*, Case No. 22-cv-07652-VKD, 2023 WL 8600707, at *7 (N.D. Cal. Dec. 12, 2023) (DeMarchi, J.).

Even if these claims could be construed as seeking prospective relief, they still cannot proceed. In *Shuler*, this Court considered allegations against state judges that the underlying proceedings for restraining orders were held without jurisdiction. Facing dismissal of his claims, the plaintiff sought leave to amend his claims to seek prospective relief that would "set aside and vacate void orders," among other actions. This Court, however, dismissed the claims and denied leave to amend, concluding that "[f]ederal district courts . . . lack authority to direct state courts, state judicial officers, or other state officials in the performance of their duties. *See Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (holding federal court cannot direct state court to accept a litigant's filings); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D.Ariz.1981) (federal court

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

cannot direct state court to provide speedy trial), *aff'd* 673 F.2d 1337 (9th Cir. 1982)." *Shuler*, 2023 WL 8600707, at *9. This conclusion applies here. Even if Plaintiff sought prospective relief to correct alleged constitutional violations arising from Judge Nilsestuen's orders on a prospective basis, such relief amounts to this Court's directing the Circuit Court for the State of Wisconsin in its duties, an act for which this Court has no authority. *Id.*

In sum, Plaintiff complains that Judge Nilsestuen entered orders that had an adverse effect on him. But the Complaint simply attributes to Judge Nilsestuen acts—scheduling and holding hearings, making findings of fact and conclusions of law, and entering orders—that are judicial in nature (Mot. at 4) and were with subject-matter jurisdiction. (Mot. at 5.) Accordingly, judicial immunity bars Plaintiff's claims, including his retrospective claims for declaratory judgment.

### B.    The Court Lacks Personal Jurisdiction over Judge Nilsestuen.

Plaintiff further fails to justify the Court's personal jurisdiction over Judge Nilsestuen. According to him, personal jurisdiction is proper because Judge Nilsestuen issued orders that affected Plaintiff and did so allegedly with knowledge of Plaintiff's California residence. (Opp. at 7–8.) Thus, the Opposition confirms that Judge Nilsestuen's contacts with the forum state are entirely predicated on Plaintiff's residence in California; Judge Nilsestuen has no independent contacts otherwise. (Mot. at 8.)

Plaintiff's assertion of personal jurisdiction here, then, rests not on Judge Nilsestuen's own direct activities with California. Rather, it is based on Plaintiff's own alleged residence in California. Because Judge Nilsestuen's alleged contacts with California all depend on the fortuitous presence of Plaintiff in California, the Complaint falls well short of justifying assertion of personal jurisdiction here. (Mot. at 8 (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).) *See also Pyle v. Hatley*, 239 F. Supp. 2d 970, 981 (C.D. Cal. 2002) ("Issuance of an order by a Nevada judge to a party who appeared before the judge is not sufficient to create personal jurisdiction in this Court over the judge[.]") (collecting cases); *Schroll v. Plunkett*, 760 F. Supp. 1385, 1388–89 (D. Or. 1991) (defendant judge did not purposefully avail himself of forum state by issuing order, even if order had an effect in forum state).

Accordingly, this Court has no personal jurisdiction over Judge Nilsestuen. Because the Complaint's only basis for personal jurisdiction over Judge Nilsestuen is Plaintiff's alleged fortuitous residence in California, amendment would be futile.

## III.    CONCLUSION

For the foregoing reasons, Judge Nilsestuen respectfully requests that Plaintiff's claims as to him be dismissed without leave to amend.

DATED:  April 15, 2026                                SIDEMAN & BANCROFT LLP

By: _____
    Andre Fontana
    Attorneys for Defendant Hon. Ryan D. Nilsestuen

REPLY ISO JUDGE NILSESTUEN'S MOTION TO DISMISS

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711