Lee Drone
3964 Rivermark Plaza #2514
Santa Clara, CA 95054
Phone Number: (408) 510-8639
Fax Number: (650) 523-9988
Email:  lee.drone@gmail.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| LEE DRONE<br>                    Plaintiff(s),<br><br>      vs.<br><br>RYAN D. NILSESTUEN ET AL.,<br>                    Defendant(s). | )  Case No.: 5:25-cv-09580-EKL<br>)<br>)  **PLAINTIFF'S SUPPLEMENTAL BRIEF**<br>)  **REGARDING TRANSFER UNDER 28**<br>)  **U.S.C. § 1404(a)**<br>)<br>)  JUDGE:   Hon. Eumi K. Lee<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I. INTRODUCTION

Plaintiff respectfully submits this supplemental brief in response to the Court's order regarding whether this action should be transferred to the Western District of Wisconsin under 28 U.S.C. § 1404(a). The Court permitted supplemental briefing on that issue, not to exceed four pages. Section 1404(a) permits transfer only "[f]or the convenience of parties and witnesses, in the interest of justice." The Ninth Circuit applies an individualized, case-specific analysis that considers the plaintiff's choice of forum, the parties' contacts with the forum, contacts relating to the claims, litigation costs, witness convenience, and access to sources of proof. *See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000).*

Transfer is not warranted. Plaintiff filed this action in his home forum, where he has been domiciled since 2019, resides in this District, where relevant evidence and sources of proof are located, and where the alleged constitutional injuries were suffered. The record includes documentary evidence and California-based sources of proof concerning Plaintiff's alleged injuries, including professional, economic, and reputational harm. The Complaint further alleges that Defendants undertook intentional acts directed at a known California resident and that **all** of the resulting harm was felt in this District. On balance, transfer would not promote convenience or the interests of justice.

## II. PLAINTIFF'S HOME FORUM WEIGHS STRONGLY AGAINST TRANSFER

Plaintiff's home forum is entitled to substantial weight, particularly where, as here, Plaintiff has been domiciled in California since 2019, resides in this District, and alleges that he suffered reputational, professional, and economic injuries here. See *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (plaintiff's choice of forum entitled to deference). This forum is not incidental to the case. The alleged constitutional injuries were suffered in California, and **the effects of Defendants' conduct were suffered in this forum.**

Under these circumstances, where the forum has a direct and substantial connection to both Plaintiff and the alleged injuries, the forum is entitled to significant deference and weighs strongly against transfer.

**III. TRANSFER WOULD SHIFT, NOT REDUCE, THE BURDEN ON THE PARTIES**

The convenience of the parties does not favor transfer. Plaintiff resides in California, while Defendants are based in or connected to Wisconsin. Transferring the case would not eliminate inconvenience; it would shift that burden from Defendants to Plaintiff.

That is especially true because modern electronic-discovery tools and remote-deposition technology substantially reduce any burden on out-of-state litigants. *See, e.g., Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1361 (N.D. Cal. 2007). Section 1404(a) is intended to promote convenience, not to reallocate hardship. Where transfer would merely shift inconvenience between parties, this factor weighs against transfer.

**IV. WITNESS CONVENIENCE DOES NOT SUPPORT TRANSFER**

This factor does not support transfer. This case is primarily based on documentary evidence and the legal effect of Defendants' conduct, rather than on extensive live testimony from non-party witnesses.

To the extent witness location is relevant, Plaintiff and **individuals with knowledge of the alleged injuries** are located in California. Defendants may point to Wisconsin because the underlying proceedings occurred there, but the relevant inquiry is not limited to that location.

There is no identified concentration of non-party witnesses in Wisconsin whose testimony would make that forum materially more convenient than this District. Accordingly, this factor weighs against transfer.

**V. DEFENDANTS' CONDUCT WAS EXPRESSLY DIRECTED TOWARD CALIFORNIA**

Although certain underlying proceedings occurred in Wisconsin, the conduct at issue is not confined to that forum. Defendants are alleged to have committed intentional acts expressly aimed at a known California resident, with **all of the resulting harm felt within this District.** Plaintiff's California residence was known and documented, and the service materials acknowledged Plaintiff's current California employer. The alleged conduct therefore included actions directed toward California and injuries suffered in this forum.

Under these circumstances, the location of the underlying proceedings does not outweigh the connection between this dispute and California, and this factor does not support transfer.

## VI. THE LOCATION OF EVIDENCE FACTOR WEIGHS AGAINST TRANSFER

The relevant evidence is primarily documentary, including service materials, filings, communications, court records, and materials concerning Plaintiff's alleged injuries. Plaintiff's evidentiary materials, including **personal, economic, and professional records**, are located in California.

To the extent other records are located in Wisconsin, they consist of court filings and electronic materials that are readily accessible remotely. In modern litigation, access to documentary evidence does not depend on physical location, and this case is based on materials that can be accessed in either forum.

Accordingly, access to sources of proof does not justify transfer and, if anything, weighs against it.

## VII. BOTH FORUMS ARE EQUALLY CAPABLE OF APPLYING THE GOVERNING LAW

Plaintiff's claims arise under 42 U.S.C. § 1983 and the United States Constitution, giving rise to federal-question jurisdiction under 28 U.S.C. § 1331 and civil-rights jurisdiction under 28 U.S.C. § 1343(a)(3)-(4).

Because the claims arise under federal law, both this Court and the Western District of Wisconsin are equally capable of applying it. This factor is therefore neutral.

## VIII. CALIFORNIA HAS A DIRECT INTEREST IN THE CONTROVERSY

California has a direct interest in this dispute because it involves alleged constitutional injuries to a California domiciliary who resides in this District, including reputational, professional, and economic harm suffered here.

Although Wisconsin has a connection because the underlying proceedings occurred there, this is not a purely local Wisconsin controversy. The alleged conduct involves interstate actions directed at a California resident and injuries suffered in this forum.

Under these circumstances, the local-interest factor **weighs against transfer.**

## IX. TRANSFER WOULD NOT SERVE THE INTERESTS OF JUSTICE

The interests of justice weigh against transfer. The relevant factors—including Plaintiff's location, the connection of the alleged injuries to this District, and the absence of any meaningful efficiency gains—favor maintaining this action in this forum.

The record does not show that transfer would materially reduce costs, improve access to sources of proof, or promote a more efficient resolution of the case. This action concerns federal civil-rights claims, electronically accessible records, and alleged injuries suffered in California. Under these circumstances, transfer would displace Plaintiff's home forum without any corresponding benefit.

## X. CONCLUSION

The § 1404(a) factors weigh against transfer or are, at most, neutral. Plaintiff filed this action in his home forum, where he has been domiciled since 2019, resides in this District, and where the alleged constitutional injuries were suffered. Transfer would merely shift inconvenience and would not serve the interests of justice.

For these reasons, the Court should deny transfer of this action to the Western District of Wisconsin.

Dated: May 4, 2026

Respectfully submitted,

3964 Rivermark Plaza
Unit 2514
Santa Clara, CA 95054
*Plaintiff Pro Se*



**Lee Drone**