UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE DRONE,<br><br>                    Plaintiff,<br><br>          v.<br><br>RYAN D. NILSESTUEN, et al.,<br><br>                    Defendants. | Case No.  25-cv-09580-EKL<br><br>**ORDER DISMISSING-IN-PART AND TRANSFERRING-IN-PART FOR FORUM NON CONVENIENS**<br><br>Re: Dkt. No. 11, 13, 22, 36 |

On April 20, 2026, the Court issued a *sua sponte* order for supplemental briefs from the parties regarding whether to transfer this lawsuit to the U.S. District Court for the Western District of Wisconsin under 28 U.S.C. § 1404(a).  Plaintiff Lee Drone and Defendant Hon. Ryan D. Nilsestuen filed briefs on whether transfer is appropriate.  *See* ECF Nos. 51-52.  Defendants Paula Goodman, Joseph J. Klein, and Allen S. Porter did not file briefs on this issue.[1]  The Court DISMISSES-IN-PART the claims for damages against Judge Nilsestuen because transfer would be futile.  The Court TRANSFERS the remaining claims because a related case by Drone against many of the same Defendants is pending in the Western District of Wisconsin.  This Order assumes the reader's familiarity with the facts, applicable legal standard, and arguments made by the parties.

***Change of Venue:***  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In deciding whether transfer is in the interest of justice, courts consider:  "(1) plaintiff['s] choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the

---

[1] In its discretion, the Court finds this matter suitable for resolution without oral argument.  Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

United States District Court
Northern District of California

applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). Additionally, courts may consider whether "transfer would be futile because the case would be dismissed even after transfer." *Nelson-Devlin v. Eli Lilly & Co.*, No. 14-cv-02811-KJM–EFB, 2015 WL 5436700, at *4 (E.D. Cal. Sep. 15, 2015).

As an initial matter, the Court finds that the case might have been brought in the Western District of Wisconsin. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Goodman resides in Madison, Wisconsin. Compl. ¶ 18. Porter and Klein are attorneys with principal offices in Madison, Wisconsin, indicating that each resides in the state. *Id.* ¶¶ 19-20. And Judge Nilsestuen serves on the Dane County Circuit Court, indicating that he, too, resides in Wisconsin. *Id.* ¶ 17. Because each Defendant is a resident of Wisconsin, and at least Goodman resides in Madison, Wisconsin, which is in the Western District, venue is proper in the Western District of Wisconsin under Section 1391(b)(1) and the case might have been brought there.

Next, the Court considers whether transfer is in the interest of justice. The first factor (Plaintiff's choice of forum) at most weighs only slightly against transfer. "Although Plaintiff's choice of forum is generally given deference, '[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.'" *O'Keefe v. Pick Five Imports*, No. 17-cv-08452-SVW-AFM, 2018 WL 4944997, at *4 (C.D. Cal. June 20, 2018) (quoting *Pac. Car & Foundry Co.*, 403 F.2d 949, 954 (9th Cir. 1968)). Here, the operative facts occurred exclusively in Wisconsin, not California. *See* Compl. ¶¶ 24-91. However, the Northern District of California retains a limited interest because Drone, one of the parties, resides within the District. *Id.* ¶ 16; *see also* Pl.'s Suppl. Br. at 1, ECF No. 52 ("Drone Br.").

The second (convenience of the parties), third (convenience of the witnesses), fourth (ease of access to the evidence), and fifth (familiarity of each forum with the applicable law) factors are each neutral. *See* Drone Br. at 2-3 (acknowledging that the second and fifth factors are neutral).

2

United States District Court
Northern District of California

Drone argues that the third and fourth factors weigh against transfer because individuals with knowledge of his alleged injuries and documentary evidence in his possession are in California. *See id*. But because the events giving rise to this lawsuit concern Wisconsin state court proceedings, witnesses and evidence are located in Wisconsin too. Thus, the third and fourth factors are neutral.

The sixth factor (feasibility of consolidation with other claims) weighs strongly in favor of transfer. "The feasibility of consolidation is a significant factor in a transfer decision[] . . . [and] even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A. J. Indus., Inc. v. U.S. Dist. Ct.*, 503 F.2d 384, 389 (9th Cir. 1974). The Court recently transferred *Drone v. Bear*, No. 25-cv-09583, to the Western District of Wisconsin because venue was improper in this District. *Drone v. Bear*, No. 25-cv-09583, 2026 WL 1531740 (N.D. Cal. June 1, 2026) ("*Bear* action"). The *Bear* action is a related case that involves the same plaintiff, many of the same Defendants, and the same real property, and alleges similar claims for constitutional violations based on a state court action overseen by Judge Nilsestuen. *See* ECF No. 16 (relating cases). Contrary to Drone's assertion that there would be no "meaningful efficiency gains" from transferring the case, Drone Br. at 4, the court in the Western District of Wisconsin would "have the ability to relate and coordinate the two cases, thereby streamlining the litigation," *Bite Tech, Inc. v. X2 Impact, Inc.*, No. C-12-5888 EMC, 2013 WL 871926, at *6 (N.D. Cal. Mar. 7, 2013); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013) (transferring case "due to the possible consolidation of discovery and the conservation of time, energy and money, and the avoidance of the possibility of inconsistent judgments"). Thus, because the *Bear* action is pending in the Western District of Wisconsin, this factor "weighs strongly in favor of transfer." *Bite Tech, Inc.*, 2013 WL 871926, at *6; *see also Ecological Rts. Found. v. EPA*, No. 19-cv-04242-RS, 2019 WL 5295124, at *3 (N.D. Cal. Oct. 18, 2019) (transferring case when "the factual and legal overlap between the cases [was] significant" even though the "cases d[id] not make exactly the same claims or allege exactly the same facts"); *Mayer v. Aetna, Inc.*, No. CV 14-08266-AB (MRWx), 2015 WL 13934867, at *4-5 (C.D. Cal. Apr. 10, 2015) (transferring case

based on similarities between the parties, claims, theories of liability, and relief being sought); *ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, No. CV-18-02980-PHX-DWL, 2021 WL 3290532, at \*6 (D. Ariz. Aug. 2, 2021) ("In general, cases should be transferred to districts where related actions are pending." (citation modified)).

The seventh factor (local interest in the controversy) also weighs in favor of transfer. The complaint alleges that a Wisconsin state judge and litigants in Wisconsin state court violated Drone's constitutional rights. *See* Compl.; *see also* Drone Br. at 4 (acknowledging that "Wisconsin has a connection because the underlying proceedings occurred there"). It does not, however, allege that any acts occurred in California other than that Drone received correspondence and read court orders there. *See* Compl. ¶¶ 16, 45-46, 156. Thus, the Western District of Wisconsin has a "stronger [interest] because the events at issue took place there." *Vu*, 602 F. Supp. 2d at 1157. Drone disagrees, arguing that "California has a direct interest in this dispute because it involves alleged constitutional injuries to a California domiciliary." Drone Br. at 3. But the location of the injury, even assuming it is in California, does not outweigh the localized interest in adjudicating whether wrongdoing occurred in Wisconsin state court. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1109-10 (N.D. Cal. 2001) (finding that the venue where "the alleged wrong occurred" had a greater interest than the venue where the parties resided); *Hawkins*, 924 F. Supp. 2d at 1216-17 (finding that this factor favored transfer to the venue where the "crux" of the underlying events occurred).

Finally, there is no evidence before the Court concerning the eighth factor (relative congestion in each court), so it is neutral. Thus, overall, the balance of the factors favor transfer because the sixth factor weighs heavily toward transfer, the seventh factor favors transfer, and no other factor or combination of factors offsets them.

***Futility of Transferring Claims Barred by Judicial Immunity:*** The entire case, however, is not suitable for transfer because Judge Nilsestuen is immune from suit for damages. *See Harris v. U.S. Att'y Gen.*, No. 19-cv-01397-AG-JDE, 2019 WL 4180015, at \*6 (C.D. Cal. June 21, 2019) (finding that it is not "in the interest of justice to transfer . . . claims against . . . defendants who are immune from suit"); *see also* Def.'s Suppl. Br. at 3-4, ECF No. 51. "Judges are immune from

damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). This immunity is "overcome in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). First, a "judge lacks immunity where he acts in the clear absence of all jurisdiction." *Ashelman*, 793 F.2d at 1075 (citation modified). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Here, it is undisputed that Judge Nilsestuen had subject matter jurisdiction. Instead, the complaint alleges that Judge Nilsestuen "proceeded without lawful service," which challenges personal jurisdiction over Drone. Compl. ¶ 95; *see also* Opp. at 3, ECF No. 41. This allegation is not a basis for setting aside judicial immunity.

Second, a judge lacks immunity if he "performs an act that is not 'judicial' in nature." *Ashelman*, 793 F.2d at 1075 (citation modified). To determine whether an act is judicial in nature, courts consider "whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* at 1075-76; *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Drone alleges that Judge Nilsestuen engaged in "[s]pecific acts demonstrating the absence of jurisdiction and the non-judicial character of the conduct," but each act of alleged wrongdoing was a normal judicial function that occurred in the course of presiding over a state civil harassment lawsuit. *See* Compl. ¶ 96 (alleging that reopening a case that had been dismissed for lack of personal jurisdiction, issuing hearing notices, deciding whether service was adequate, finding waiver of personal jurisdiction, researching case law, and issuing orders were non-judicial acts). Thus, because the acts in question were all judicial in nature, they are subject to judicial immunity. Accordingly, transferring the claims for damages against Judge Nilsestuen would be futile because they are barred by judicial immunity.[2]

---

[2] Because judicial immunity bars only suits for damages, *see Ashelman*, 793 F.2d at 1075, the claims against Judge Nilsestuen for declaratory relief are transferred rather than dismissed, *see* Compl. ¶¶ 149-154. Accordingly, this Order is not dispositive as to Judge Nilsestuen.

In sum, the claims for damages against Judge Nilsestuen are DISMISSED without leave to amend. The Court TRANSFERS the rest of the claims to the U.S. District Court for the Western District of Wisconsin. The pending motions to dismiss (ECF Nos. 11, 13, 22) are terminated as moot without prejudice to refiling in the Western District of Wisconsin. The Clerk is instructed to transfer and close the case.

**IT IS SO ORDERED.**

Dated: June 5, 2026

_____
Eumi K. Lee
United States District Judge